IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO
**Judge Nina Y. Wang**

Civil Action No. 22-cv-02680-NYW

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
CRAIG WRIGHT,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

      Plaintiffs,

v.

TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendants.

---

**ORDER APPROVING STIPULATION FOR ENTRY OF ORDER STAYING CERTAIN
PROVISIONS OF CERTAIN ORDINANCES**

---

This action is before the Court on the Stipulation for Entry of Order Staying Certain

Provisions of Certain Ordinances (the "Stipulation"). [Doc. 6, filed October 12, 2022]. In the

operative Complaint, Plaintiffs assert a single cause of action against Defendants under the

Second Amendment, seeking a declaratory judgment finding that ordinances enacted by

Defendants are unlawful. [Doc. 1 at ¶¶ 50–55]. The ordinances at issue "regulat[e] certain

weapons and accessories." [*Id.* at ¶ 15].

In the instant Stipulation, the Parties purport to "stipulate to the entry of an order staying

certain provisions of certain ordinances," as identified below. [Doc. 6 at 1]. Based on the

representations in the Stipulation and the proposed order attached thereto, [Doc. 6-1], **IT IS**

**HEREBY ORDERED** that:

1. For purposes of this Order,

    a. SUPERIOR, COLO., CODE ch. 10, art. IX (as adopted Jun. 7, 2022 in Ord. No. O-9, § 1) shall be referred to as the "Superior Ordinance."

    b. LOUISVILLE, COLO., CODE title 9, ch. VIII (as adopted Jun. 7, 2022 in Ord. No. 1831-2022) shall be referred to as the "Louisville Ordinance."

    c. BOULDER, COLO., REV. CODE title 5, ch. 8 (as adopted Jun. 7, 2022 in Ord. Nos. 8494, 8525-29) shall be referred to as the "Boulder Ordinance."

    d. BOULDER COUNTY, COLO., ORDINANCE, Ord. No. 2022-5 (as adopted Aug. 2, 2022) shall be referred to as the "County Ordinance."

2. Defendant Town of Superior agrees to stay enforcement of Sections 10-9-40 and 10-9-240 of the Superior Ordinance as they apply to "assault weapons" and "large capacity magazines." Defendant Town of Superior shall continue to enforce Superior Municipal Code, Article 9, section 10-9-40, as to any rapid-fire trigger activator, blackjack, gas gun, metallic knuckles, gravity knife, or switchblade knife as defined in Superior Municipal Code, Article 9, Section 10-9-20(g).

3. Defendant City of Louisville agrees to stay enforcement of the following sections of City Ordinance No. 1831 Series 2022: Section 3, codified as Louisville Municipal Code Section 9.84.010 (Possession and sale of illegal weapons), and Section 4, codified as Louisville Municipal Code Section 9.86.010 (Assault weapons), as such apply to "assault weapons" and "large capacity magazines." Defendant City of Louisville shall continue to enforce the portion of the Louisville Ordinance related to "rapid-fire trigger activator, blackjack, gas gun, metallic

knuckles, gravity knife or switchblade knife" as set out in Ordinance 1831, nor does it apply to the provisions of Section 2, codified as Louisville Municipal Code Section 9.82.130.

      4.    Defendant City of Boulder agrees to stay enforcement of the following sections of City Ordinance No. 8494: Section 5, codified as Boulder Revised Code Section 5-8-10 (Possession and sale of illegal weapons) and Section 8, codified as Boulder Revised Code Section 5-8-28 as such apply to "assault weapons" and "large capacity magazines." The City of Boulder shall continue to enforce the portions of the Boulder Ordinance related to "rapid-fire trigger activator, blackjack, gas gun, metallic knuckles, gravity knife or switchblade knife" as set out in Ordinance 8494.

      5.    Defendant Board of County Commissioners of Boulder County agrees to stay enforcement of the portion of the County Ordinance regarding "assault weapons" and "large-capacity magazines." Defendant Board of County Commissioners of Boulder County shall continue to enforce the portion of the County Ordinance related to rapid-fire trigger activators.

      6.    Security as provided for by Fed. R. Civ. P. 65(c) is not required in this matter.

      7.    If Plaintiffs file a motion for preliminary injunction within 14 days of this Order, this Order shall remain in effect until the Court rules on that motion. If Plaintiffs do not file a motion for preliminary injunction within 14 days of the date of this Order, this Order shall be dissolved on the 15th day after this Order.

DATED: October 24, 2022

BY THE COURT:

Nina Y. Wang
United States District Judge