IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:22-cv-02680-NYW-SKC**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
CRAIG WRIGHT,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

    Plaintiffs,

v.

THE TOWN OF SUPERIOR,
THE CITY OF BOULDER,
THE CITY OF LOUISVILLE, and
THE BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is set for January 19, 2023.

The parties' counsel are:

*Plaintiffs' Counsel*

Eric Paul Apjoke
Shaun Pearman
Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge, CO 80033
303-991-7600
eric@pearmanlawfirm.com
shaun@pearmanlawfirm.com

Barry Kevin Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, CO 80033
303-205-7870
barry@arringtonpc.com

*Defendants' Counsel*

Gordon Lamar Vaughan
Vaughan & DeMuro
111 South Tejon Street, Suite 545
Colorado Springs, CO 80903
719-578-5500
gvaughan@vaughandemuro.com
*Counsel for the Town of Superior and the City of Louisville*

Luis Angel Toro
Teresa Taylor Tate
Boulder City Attorney's Office
P.O. Box 791
1777 Broadway
Boulder, CO 80306
303-441-3020
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
*Counsel for the City of Boulder*

David Evan Hughes
Catherine R. Ruhland
Boulder County Attorney's Office
P.O. Box 471
Boulder, CO 80306
303-441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org
*Counsel for the Board of County Commissioners of Boulder County*

Antonio J. Perez-Marques
Christopher Lynch
David B. Toscano
James H.R. Windels
Hendrik J. van Hemmen
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017-3904
212-450-4000
antonio.perez@davispolk.com
christopher.lynch@davispolk.com
david.toscano@davispolk.com
james.windels@davispolk.com
hendrik.vanhemmen@davispolk.com
*Counsel for All Defendants*

Carey R. Dunne
Free and Fair Litigation Group
114 East 95th Street
New York, NY 10128
917-499-2279
carey@freeandfairlitigation.org
*Counsel for All Defendants*

William J. Taylor, Jr.
Everytown Law
450 Lexington Avenue, #4184
New York, NY 10017
(646) 324-8215
wtaylor@everytown.org
*Counsel for All Defendants*

## 2. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction of Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331.  Defendants reserve the right, based on discovery to be taken, to contest Plaintiffs' standing to bring the claims.

2

### 3. STATEMENT OF CLAIMS AND DEFENSES

    a.    Plaintiffs:

The Defendants are all political subdivisions of the State of Colorado. Each Defendant passed separate but substantially similar ordinances regulating certain weapons and accessories, all of which became effective between July 7, 2022 and August 2, 2022. The Second Amendment protects the right of law-abiding citizens to own weapons in common use by law-abiding citizens for lawful purposes. *D.C. v. Heller*, 554 U.S. 570, 627 (2008); *cf. New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

In *Bruen*, the Supreme Court unambiguously placed on the government a substantial burden of demonstrating that any law seeking to regulate firearms is consistent with this Nation's historical tradition of firearm regulation. Specifically, the Court stated:

> "To support that [its claim that its regulation is permitted by the Second Amendment], the burden falls on [the government] to show that New York's proper-cause requirement is consistent with this Nation's historical tradition of firearm regulation. Only if respondents carry that burden can they show that the pre-existing right codified in the Second Amendment, and made applicable to the States through the Fourteenth, does not protect petitioners' proposed course of conduct."

*Bruen*, 142 S. Ct. at 2135.

In this case, the Second Amendment's plain text covers Plaintiffs' conduct in seeking to acquire and bear bearable arms. *Bruen*, 142 S. Ct. at 2132 ("the Second Amendment extends, prima facie, to all instruments that constitute bearable arms"). Accordingly, Plaintiff's conduct is **presumptively** protected by the Second Amendment. *Bruen*, 142 S. Ct. at 2126 ("when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct"). Defendants

3

may attempt to rebut that presumption by demonstrating that their ordinances are consistent with this Nation's historical tradition of firearm regulation, but they cannot do so because there is no such historical tradition. Accordingly, the ordinances are unconstitutional.

    b.    Defendants:

In response to multiple mass shootings and other gun violence taking thousands of lives, many of them children, and injuring and terrorizing even more, Defendants fulfilled their duty to protect their residents by passing ordinances restricting the possession, sale, and/or transfer of assault weapons and large-capacity magazines. The ordinances are codified at SUPERIOR, COLO. CODE ch. 10, art. IX; LOUISVILLE, COLO., CODE title 9, ch. VIII BOULDER COLO., REV. CODE title 5, ch. 8; BOULDER COUNTY, COLO., ORDINANCES, Ord. No. 2022-5.

Each of these ordinances fully comports with *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* sets forth a legal test that is "rooted in the Second Amendment's text, as informed by history." *Id.* at 2127. This requires analysis of, first, whether the Second Amendment's plain text covers the conduct at issue. In this case, that means analysis of whether the challenged ordinances regulate "Arms" that are "commonly" deployed for self-defense. If the restricted conduct does implicate such "Arms," *Bruen* looks to history: a law is constitutional so long as it "impose[s] a comparable burden on the right of armed self-defense" as its historical predecessors, and so long as the burdens of the contemporary and historical laws are "comparably justified. *Id*. at 2118, 2131–32. And where, as here, the challenged laws implicate "unprecedented societal concerns or dramatic technological changes," the historical inquiry under *Bruen*

4

may involve "a more nuanced approach." *Id.* at 2132–34.  In these respects and others, the *Bruen* standard requires a searching and substantive analysis of multiple issues in the application of its constitutional framework.

*First*, the party challenging a law under the Second Amendment must demonstrate that the "Second Amendment's plain text covers [that] individual's conduct." *Bruen*, 142 S. Ct. at 2126; *see also id.* at 2129–30.  Second Amendment protections extend only to "Arms."  This is not just a matter of whether a form of weapon is at issue.  The Second Amendment protects only the carrying of "weapons that are 'in common use'" for self-defense.  *See id*. at 2143 (quoting *Heller*, 554 U.S. at 627); *see also id.* at 2132 (holding that "arms" definitionally "covers modern instruments that facilitate armed self-defense"); *id.* at 2119 ("[N]o party disputes that handguns are weapons 'in common use' today for self-defense.").  The Supreme Court has also made clear that the Second Amendment does not protect "dangerous and unusual" weapons.  *Heller*, 554 U.S. at 627; *Bruen*, 142 S. Ct. at 2143; *see also id.* at 2162 (Kavanaugh, J., concurring).

*Second,* even if this Court were to determine that the plain text of the Second Amendment covered a plaintiff's proposed conduct, a challenged law is constitutional if it is "consistent with this Nation's historical tradition of firearm regulation." *Id.*, 142 S. Ct. at 2126.  As *Bruen* makes clear, the Second Amendment does not require governments to identify a "historical *twin*" or "dead ringer" to justify a law. *Id.* at 2133.  And this is especially true here, where the challenged ordinances were adopted primarily in response to "dramatic technological changes," *id.* at 2132—the exponential increase in the lethality of firearms and magazines—and the "unprecedented societal concern[]," *id.*, that followed, namely, an epidemic of mass shootings. Under *Bruen*, a contemporary

5

regulation that "impose[s] a comparable burden on the right of armed self-defense" as its historical predecessors, and which is "comparably justified," will pass constitutional muster. *Id*. at 2118, 2131–32.

Applying *Bruen*'s standard to the challenged ordinances shows that they are constitutional. As a threshold matter, Plaintiffs have not met their burden of showing that assault weapons and large-capacity magazines are covered by the plain text of the Second Amendment. The ordinances do not regulate "Arms." Rather, they regulate only particular firearm features, characteristics or accessories (including large-capacity magazines). Further, the evidence will demonstrate that neither large-capacity magazines nor assault weapons are commonly used for self-defense. These "dangerous and unusual" weapons are outside of the Second Amendment's plain text under *Bruen*, and Plaintiffs cannot meet their burden of proving otherwise.

Defendants' ordinances are also consistent with our nation's history and tradition of firearms regulation. Throughout history, federal, state, and local governments have restricted access to weapons and weapon features that demonstrably threaten public safety but have no legitimate use for self-defense, including Bowie knives, blunt weapons, machine guns, and explosives. The evidence in this case will show that restrictions on assault weapons and large-capacity magazines are of a piece with this well-established historical tradition. Defendants' ordinances protect the public from criminal misuse of weapons that, by their design, enable a single shooter to perpetrate mass-scale civilian killings, and they impose no meaningful burden on the individual right of armed self-defense: Plaintiffs and other civilians may arm themselves with the vast array of firearms that remain commercially available and legal in their jurisdictions.

6

And, as noted, the challenged ordinances implicate both "dramatic technological changes" and "unprecedented societal concerns." *Id.* at 2132. As is demonstrated with tragic regularity by a steady stream of mass shootings throughout this country—including in Colorado—shooters are now able to commit acts of large-scale violence in exceedingly short periods of time when armed with large capacity magazines and "assault weapons." *Bruen* thus instructs "a more nuanced approach" to the historical inquiry here. *Id.*

*Third,* in any event, Plaintiffs lack standing to bring their challenge. Each individual Plaintiff bears the burden of proving that he has standing with respect to each claim asserted and each type of relief sought. *Colo. Outfitters v. Hickenlooper*, 823 F.3d 537, 544, 551 (10th Cir. 2016). The individual Plaintiffs cannot meet this burden, as none has alleged the type of concrete plan to violate the ordinances necessary to establish standing. *Id.* at 547. The organizational Plaintiffs also lack standing because neither has identified a single member with proper individualized standing. *Leo Combat, LLC v. U.S. Dep't of State*, 15-CV-02323-NYW, 2016 WL 6436653, at *10 (D. Colo. Aug. 29, 2016).

## 4.  UNDISPUTED FACTS

The parties stipulate to the following undisputed facts:

1. SUPERIOR, COLO., CODE ch. 10, art. IX was adopted on June 7, 2022 in Ord. No. O-9, § 1.

2. LOUISVILLE, COLO., CODE title 9, ch. VIII was adopted on June 7, 2022 in Ord. No. 1831-2022.

3. BOULDER, COLO., REV. CODE title 5, ch. 8 was adopted on June 7, 2022 in Ord. Nos. 8494, 8525-29.

4. BOULDER COUNTY, COLO., ORDINANCES, Ord. No. 2022-5 was adopted on August 2, 2022.

## 5. COMPUTATION OF DAMAGES

Plaintiffs Rocky Mountain Gun Owners and National Association for Gun Rights do not seek damages on behalf of their members.  The individual Plaintiffs' damages have been mitigated somewhat by the fact that the ordinances were effective for only a few weeks before they were stayed in this action.  However, the individual Plaintiffs reserve the right to assert additional damages if the stays in this matter are lifted.  In addition, at a minimum, the individual Plaintiffs will seek nominal damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

December 22, 2022.

b. Names of each participant and party he/she represented.

For Plaintiffs:

    Barry Kevin Arrington
    Arrington Law Firm

For All Defendants:

    Antonio J. Perez-Marques
    James H.R. Windels
    Hendrik J. van Hemmen
    Davis Polk & Wardwell LLP

    Carey R. Dunne
    Law Office of Carey R. Dunne, PLLC

    William J. Taylor, Jr.
    Everytown Law

For Defendants the City of Louisville and the Town of Superior:

    Gordon Lamar Vaughan
    Vaughan & DeMuro

c. Statement as to when Fed. R. Civ. P. 26(a)(1) disclosures will be made.

February 15, 2023.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e. Statement concerning any agreements to conduct informal discovery:

None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to use a unified exhibit numbering system for deposition exhibits and where otherwise appropriate.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case

Plaintiffs seek to permanently enjoin the continued enforcement of ordinances adopted by the Board of Trustees of the Town of Superior, the City Council of the City of Louisville, the City Council of the City of Boulder, and the Board of County Commissioners of Boulder County. The parties have discussed the possibility of settlement but do not believe that settlement is reasonably possible.

## 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Twelve (12) fact depositions per side. Twenty-five (25) interrogatories per side, including discrete subparts.

b. Limitations which any party proposes on the length of depositions.

9

Fact and expert depositions shall not exceed one day of seven hours. The parties shall meet and confer and may agree without further order of the Court if any deposition should exceed this limit.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

**Plaintiffs' position:** Twenty-five (25) requests for production per side. Twenty-five (25) requests for admission per side.

**Defendants' position:** Twenty-five (25) requests for production per side. Twenty-five (25) requests for admission per side. Should any party seek discovery from another party related to this case through subpoena or Colorado Open Records Act (CORA) request, such request shall count against the requesting party's available requests for production of documents as set out in this Order and shall be construed as a request for production. Should the subpoena or CORA request seek multiple discrete subject areas of documents, each discrete subject area shall count as one request for production. As such, a single subpoena or CORA request may count against multiple available requests for production. Should Defendants receive a CORA request from a Plaintiff that requests documents related to this case they will immediately notify counsel for Plaintiffs before responding to the same to determine if the requesting party wishes to withdraw the request. Subpoenas or CORA requests made prior to the filing of this lawsuit are not subject to this provision. Counsel shall inform their clients of this provision of this order.

If the Court is not inclined to include the limitation regarding CORA, Defendants submit that there should be no limitation on requests for production.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

June 23, 2023.

e. Other Planning or Discovery Orders

None.

### 9.  CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

February 28, 2023.

b. Deadline for Defendants to Answer, Move or Respond to the Complaint:

March 31, 2023.

c. Discovery Cut-Off:

July 28, 2023 for all fact and expert discovery.

d.      Dispositive Motion Deadline:

September 15, 2023.

e.      Expert Witness Disclosure

      1.      The parties shall identify anticipated fields of expert testimony, if any.

The parties disagree regarding the areas of expert testimony relevant to this matter.

Plaintiffs currently anticipate expert testimony regarding the commonality of the firearms and accessories prohibited by the ordinances. Plaintiffs also anticipate submitting rebuttal expert testimony regarding the Nation's historical tradition of firearm regulation.

Defendants currently anticipate expert testimony on the following issues, subject to modification as discovery proceeds:

- Evidence regarding gun violence in this country over time in history, including frequency, lethality, and the number of deaths and injuries in shootings based on type of firearm and weapon accessories used.
- Evidence regarding the use of firearms in self-defense, including the incidence of use for various weapons, number of rounds fired, and effectiveness of various types of weapons.
- History concerning the regulation of firearms and other dangerous weapons and the justifications and burdens of such regulations, including the relationship between regulation and homicide trends over time and the history of ownership and use of such weapons.
- Evidence regarding assault weapons and large capacity magazines, including their technical features, historical development, ownership and use by Americans, and use in criminal activity.
- Evidence regarding the types and gravity of injuries caused by various types of firearms and accessories, and medical capacity to effectively treat such injuries.

      2.      Limitations which the parties propose on the use or number of expert witnesses:

**Plaintiffs' position:** No more than one expert per issue.

**Defendants' position:**  None.  The parties reserve their rights to challenge expert evidence as irrelevant or needlessly cumulative under the Federal Rules of Evidence and other applicable provisions of law.

3.   The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

May 5, 2023.

4.   The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

June 8, 2023.

f.   Identification of Persons to Be Deposed:

Plaintiffs anticipate deposing expert witnesses.

In addition to expert witnesses, Defendants anticipate deposing each individual Plaintiff and one or more representatives of, and/or Fed. R. Civ. P. 30(b)(6) witnesses on behalf of, each organizational Plaintiff.

## 10.   DATES FOR FURTHER CONFERENCES

a.   A joint status report is due on _____, 2023.  Refer to Judge Crews' practice standards for the required content of the report.

b.   A final pretrial conference will be held in this case on _____ at _____ o'clock.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**Plaintiffs' Position:**  Plaintiffs do not agree at this time that this case should be coordinated with *Gates, et al. v. Polis*, Civil Action No. 22-cv-1866-NYW-SKC.

**Defendants' Position:**  Defendants propose scheduling the final pretrial conference on November 13, 2023 (the same date as in the action pending in this Court captioned *Gates, et al. v. Polis*, Civil Action No. 22-cv-1866-NYW-SKC), in the event that coordinated pretrial or trial proceedings between the two actions may be appropriate.

## 11.   OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.      Anticipated length of trial and whether trial is to the court or jury:

The parties disagree as to the necessary length of the trial.

**Plaintiffs' Position:**

Plaintiffs believe that five (5) days of trial will be sufficient. Plaintiffs do not currently demand a jury but reserve the right to demand a jury in connection with any claim for damages.

**Defendants' Position:**

Defendants believe that ten (10) days of trial will be necessary. The State of Colorado, in the pending challenge to the State's ban on large capacity magazines in *Gates, et al. v. Polis,* Civil Action No. 22-cv-1866-NYW-SKC, anticipates a ten-day trial to the Court. Since this case involves a challenge to both large capacity magazines and assault weapons, Defendants submit that a trial of equivalent length is warranted.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2023.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

<table>
<tr><td>

ARRINGTON LAW FIRM

By:   */s/ Barry K. Arrington*
Barry K. Arrington
4195 Wadsworth Boulevard
Wheat Ridge, CO 80033
(303) 205-7870
barry@arringtonpc.com
*Counsel for the Plaintiffs*

</td><td>

DAVIS POLK & WARDWELL LLP

By:   */s/ Antonio J. Perez-Marques*
Antonio J. Perez-Marques
James H. R. Windels
Christopher P. Lynch
David B. Toscano
Hendrik J. van Hemmen
450 Lexington Avenue
New York, NY 10017-3904
(212) 450-4515
antonio.perez@davispolk.com
james.windels@davispolk.com
christopher.lynch@davispolk.com
david.toscano@davispolk.com
hendrik.vanhemmen@davispolk.com
*Counsel for All Defendants*

FREE AND FAIR LITIGATION GROUP
Carey R. Dunne
114 East 95th Street
New York, NY 10128
(917) 499-2279
carey@freeandfairlitigation.org
*Counsel for All Defendants*

EVERYTOWN LAW
William Taylor
450 Lexington Avenue
New York, NY 10017
(646) 324-8365
wtaylor@everytown.org
*Counsel for All Defendants*

VAUGHAN & DEMURO

</td></tr>
</table>

14

Gordon L. Vaughan
111 South Tejon Street
Suite 545
Colorado Springs, CO 80903
(719) 578-5500
gvaughan@vaughandemuro.com
*Counsel for the City of Louisville and the Town of Superior*

BOULDER CITY ATTORNEY'S OFFICE
Luis A. Toro
Teresa T. Tate
P.O. Box 791
1777 Broadway
Boulder, CO 80306
(303) 441-3020
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
*Counsel for the City of Boulder*

BOULDER COUNTY ATTORNEY'S OFFICE
David E. Hughes
Catherine R. Ruhland
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org
*Counsel for the Board of County Commissioners of Boulder County*