IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-2680**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
CRAIG WRIGHT, and
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

   Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

   Defendants.

---

### PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE ORDER
---

Plaintiffs submit the following Objection to Magistrate Judge Order.

### I. Jurisdiction to Review Magistrate Judge Order

Fed. R. Civ. P. 72(a) states:

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections

1

and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

## II. Order to Which This Objection Applies

Plaintiffs object to the Scheduling Order entered in this matter on January 19, 2023 [Doc. 49]. Plaintiffs preserved this error by submitting to the Magistrate Judge alternative language and by objecting to the order at the scheduling conference.

## III. Argument

**A.   Provision of the Scheduling Order to Which Plaintiffs Object**

Plaintiffs object to Section 8(a)[1] of the Scheduling Order, which states:

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

Twenty-five (25) requests for production per side.  Twenty-five (25) requests for admission per side. Should any party seek discovery from another party related to this case through subpoena or Colorado Open Records Act (CORA) request, such request shall count against the requesting party's available requests for production of documents as set out in this Order and shall be construed as a request for production. Should the subpoena or CORA request seek multiple discrete subject areas of documents, each discrete subject area shall count as one request for production. As such, a single subpoena or CORA request may count against multiple available requests for production. Should Defendants receive a CORA request from a Plaintiff that requests documents related to this case they will immediately notify counsel for Plaintiffs before responding to the same to determine if the requesting party wishes to withdraw the request. Subpoenas or CORA requests made prior to the filing of this lawsuit are not subject to this provision. Counsel shall inform their clients of this provision of this order.

**B.   Plaintiffs Have a Statutory Right to Obtain Records Relevant to This Action Through CORA**

All of the Defendants are municipalities subject to the Colorado Open Records Act, C.R.S. §§ 24-72-200.1 to -205.5 ("CORA"). In *Roane v. Archuleta*, 2022 COA 143, the

---

[1] On its face the Scheduling Order states "Plaintiffs' Position" and "Defendants' Position." At the scheduling conference, however, the Magistrate Judge stated that he was adopting Defendants' position in whole and rejecting Plaintiffs' position. It was an oversight to leave "Plaintiffs' Position" in the written order.

2

Colorado Court of Appeals considered the issue of whether an individual who is litigating against a public entity has the right during the pendency of the litigation to obtain documents relevant to the litigation from the public entity through a records request under CORA. In resolving this question, the Court noted that in *Martinelli v. Dist. Ct. In & For City & Cnty. of Denver*, 612 P.2d 1083 (1980), the Colorado Supreme Court held that the right to inspection of public records granted in CORA is independent of the right to obtain discovery under the rules of civil procedure. *Id*., ¶ 17. Therefore, CORA does **not** bar production of documents that are also subject to production in civil litigation (*id*., ¶ 21), and a party may obtain documents under CORA even if he has litigation pending against the government entity.

**C.     The Magistrate Judge Erred in Entering the Scheduling Order**

Under *Roane*, *supra*, there can be no reasonable dispute that Plaintiffs are entitled to employ CORA requests independently of the discovery process in this action to obtain public records from these municipal defendants. That is not, however, the ground for Plaintiffs' objection, because the Magistrate Judge did not rule otherwise. Instead, the Magistrate Judge ruled that if any of the individual Plaintiffs makes a request seeking public information under CORA, that request will count against the 25 document requests that the eight Plaintiffs may collectively propound in this action. Thus, the issue is whether Plaintiffs can be penalized, as it were, in this action by exercising their right under CORA to obtain information from the government.

Plaintiffs understand the Scheduling Order provision to apply only if a CORA request seeks information "related to this case." In other words, Plaintiffs understand that CORA requests seeking information unrelated to this case will not count as a request for production in

3

this case. It is, nevertheless, unfair to penalize all of the Plaintiffs for one Plaintiffs' CORA request for four reasons:

1. The order applies to CORA requests made by individual plaintiffs. If an individual Plaintiff for his personal reasons seeks information through CORA that could be considered related to this case, it would be unfair to penalize the other seven Plaintiffs by reducing the number of requests for production they may collectively propound in this action. Plaintiffs should not be placed in this situation.

2. The order is ambiguous, because the meaning of the phrase "related to this case" is unclear. Suppose, for example, an individual Plaintiff seeks information about the amount of money the Town of Superior (for instance) has spent defending this action. Is that "related to this case"? It is impossible to know with any certainty. In one sense the CORA request could be considered to be "related" to the case because it seeks information about funds spent defending the case. In another sense it would not be related to the case because it is not seeking information relevant to the merits of the case. Plaintiffs should not have to guess about whether their CORA requests are going to count as requests for production or not.

3. The order fails to distinguish between the different purpose of CORA and the rules of civil procedure. Suppose again a Plaintiffs seeks to review the legal invoices paid by the Town of Superior. If that were deemed "related to this case," there is no reason it should be counted against Plaintiffs' requests for production, because the CORA request serves a completely different interest than a discovery request would. In other words, a citizen may have different a different interest in obtaining information in his capacity as a citizen of the Town of Superior than he would in his capacity as a party litigating against the Town.  The amount of money the Town spends paying its attorneys to defend an action is not usually relevant to the merits of the

4

action, and therefore a civil litigant would not ordinarily use one of his requests for production seeking the Town's legal invoices. The same person might, however, have a keen interest in his capacity as a taxpayer in knowing how many of his tax dollars are going to fund litigation.

4. The order penalizes Plaintiffs for exercising their rights under a wholly separate statute. The case of *City of Fort Collins v. Open Int'l, LLC*, WL 7582436, at *6 (D. Colo. 2022), is instructive. In that case, the City of Fort Collins claimed the defendant violated a protective order previously entered in the case when it used its knowledge of the protected material as the basis for its CORA request. Magistrate Judge Hegarty disagreed, holding that there is a distinction between the use of knowledge regarding the existence of certain documents versus the use of the confidential content within the documents. *Id.* *5. In a passage relevant to this matter, Magistrate Judge Hegarty stated:

> In making this ruling, the Court is also mindful that CORA provides a statutory right to request public records, independent of the discovery procedures set forth in the Federal Rules of Civil Procedure. *Wick Commc'ns Co. v. Montrose Cnty. Bd. of Cnty. Comm.*, 81 P.3d 360, 364 (Colo. 2003) ('[T]he general purpose of CORA is to provide open government through disclosure of public records.'). '[I]t would be inappropriate to enter a protective order prohibiting [a party] from gathering information through a means which is independent from the discovery devices employed in this case.' *Gulf States Steel of Ala., Inc. v. Sec'y, Dep't of Lab.*, No. CIV.1:94-cv-2760-ODE, 1994 WL 794755, at *1-2 (N.D. Ga. Nov. 16, 1994); *Noland v. City of Albuquerque*, No. CIV-08-0056 JB LFG, 2009 WL 5217998, at *2 (D.N.M. Oct. 27, 2009) ('The Court will not prohibit [plaintiff] from exercising his right under New Mexico law to make valid requests for public records.'); *cf. Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33-34 (1984) ('[J]udicial limitations on a party's ability to disseminate information discovered in advance of trial implicates the First Amendment rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context.'). **While those litigating against the government may not use open-records requests 'to circumvent limitations placed on discovery by, for example, obtaining otherwise privileged material,' those requesting information 'also are not to be denied equal access to government records.'** *Horsehead Indus., Inc. v. E.P.A.*, 999 F. Supp. 59, 67–68 (D.D.C. 1998) (Freedom of Information Act ('FOIA') case); *Guy v. Whitsitt*, 469 P.3d 546, 552 (Colo. App. 2020) ('Though not identical, CORA and FOIA share the same purpose.').

5

*Id*., *6 (emphasis added).

The sentence in bold is particularly relevant. Plaintiffs are entitled to use CORA to seek documents that would otherwise be discoverable in this litigation. *Roane*, *supra*. More importantly for purpose of this objection, they may not be "denied equal access to government records." But Plaintiffs have been denied equal access to government records. Consider two individuals identical in every respect except one is a Plaintiff in this case and one is not. The individual who is not a Plaintiff is free to make CORA requests to the municipal defendants without any limitation whatsoever. But the individual who is a party to this case is limited by the fact that for every CORA request he makes, he has one fewer request for production available to him (not to mention the other seven plaintiffs). This obviously puts Plaintiffs on a different footing from citizens who are not parties and thus denies them equal access under CORA.

Plaintiffs understand that CORA requests can be burdensome to municipalities. But, as the Court in *Roane* noted, their "complaint is with CORA itself," (*id*. ¶ 49) not Plaintiffs. Thus, Defendants' attempt to limit Plaintiffs' use of CORA by having their CORA requests counted against them in this action should not stand.

WHEREFORE, Plaintiffs respectfully object to the Scheduling Order entered in this action [Doc. 49] and request the Court to enter an order substituting "Plaintiffs' Proposal" for "Defendants' Proposal" in Section 8(c) of the Scheduling Order.

Respectfully submitted this 26th day of January 2023

*/s/ Barry K. Arrington*
_____

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Voice:  (303) 205-7870; Fax:  (303) 463-0410
Email:  barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington