IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02680-NYW-SKC

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
CRAIG WRIGHT,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

       Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

       Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO THE
SCHEDULING ORDER**

_____

Defendants THE TOWN OF SUPERIOR, CITY OF LOUISVILLE, COLORADO, CITY

OF BOULDER, COLORADO, and BOARD OF COUNTY COMMISSIONERS OF BOULDER

COUNTY hereby submit this response to Plaintiffs' objection to the Scheduling Order.

## <u>NATURE OF THE OBJECTION</u>

Magistrate Judge S. Kato Crews, following a Scheduling Conference, entered the

Scheduling Order in this matter on January 19, 2023 (Doc. 49). Plaintiffs object to that part of the

Scheduling Order directed to limitations on Fed. R. Civ. P. 35 requests for production.  More particularly, while Plaintiffs do not object to the limitation of 25 requests for production per side, they do object to Judge Crews' determination that:

> Should any party seek discovery [following entry of the Scheduling Order][1] from another party related to this case through subpoena or Colorado Open Records Act (CORA) request, such request shall count against the requesting party's available requests for production of documents as set out in this Order and shall be construed as a request for production.

*Id.* at p. 10.  On this issue, the Scheduling Order directed that counsel for Defendants would provide notice to counsel for Plaintiffs of any CORA requests submitted by a Plaintiff prior to responding to the same and permit the requesting Plaintiff an opportunity to withdraw the CORA request rather than the request being counted as a request for production. *Id.*[2]

## STANDARD OF REVIEW

A scheduling order is on a non-dispositive pretrial matter. *Matter of DISH Network Corp.*, Nos. 1:22-mc-0014-WJM-SKC, 1:22-mc-0015-WJM-SKC, 1:22-mc-0016-WJM-SKC, 1:22-mc-0017-WJM-SKC, 2022 WL 17832667, at *2 (D. Colo. Dec. 21, 2022) (unpublished) (citing *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  Rule 72(a) of the Federal Rules of Civil Procedure provides that a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the decision is found to be "clearly erroneous or contrary to law."  *See*

---

[1]	Judge Crews provided in the Scheduling Order that "[s]ubpoenas or CORA requests made prior to the filing of this lawsuit are not subject to this provision." (Doc. 49 at p. 10.)

[2]	 It is, based on conferral with counsel for Plaintiffs, undisputed that the Scheduling Order sets the limit of requests for production at 25 per side and that the CORA language proposed by Defendants was adopted by the Court.  *See* relevant portions of the transcript of the January 19, 2023, Scheduling Conference, attached hereto as **EXHIBIT A**.

*also* 28 U.S.C. § 636(b)(1)(A).  Under the clearly erroneous standard of review, the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently.  *Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 573 (1985).  "[B]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive ... disputes, the court will overrule the magistrate judge's determination only if his discretion is abused."  *Matter of DISH Network Corp.*, 2022 WL 17832667 at *2 (quoting *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  *See also Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) ("Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will generally grant the magistrate great deference and overrule the magistrate's determination only if this discretion is clearly abused.").

## APPLICABLE LAW

Rule 16 of the Federal Rules of Civil Procedure provides for early management of civil litigation through a pretrial conference and scheduling order.  Pursuant to Rule 16(b)(3)(B)(ii), the court may in such scheduling order "modify the extent of discovery."  Rule 26(c)(1) allows courts to "issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Moreover, "[s]tate law is of very little relevance to discovery in a federal action."  Wright & Miller, 8 Fed. Prac. & Proc. Civ. § 2005 (3d ed., April 2022 update).  Save for Rule 69 and its provision that state law may be looked to in aid of execution and that state law may affect questions of privilege, "it is wholly settled that discovery in a federal court is governed only by [federal] rules and that state discovery practices are irrelevant." *Id.  See also Everitt v. Brezzel*, 750 F. Supp. 1063, 1065-1066 (D. Colo. 1990) (Federal Rules of Civil Procedure, rather than Colorado case law interpreting CORA, governed discovery of police files in civil rights action

3

against police department and officer.).[3]

Because federal, rather than state, law governs discovery in federal courts, Colorado decisions provide limited persuasive value, although they may assist in informing the debate. One such Colorado state case, cited by Plaintiffs, is *Roane v. Archuleta*, No. 22CA0204, 2022 WL 17684764, at *6 (Colo. App. 2022) (*petition for cert. filed*), in which the Colorado Court of Appeals, applying state law, found that "CORA does not prevent a litigant from employing CORA to obtain public records for use in a pending suit against the producing entity – it only prevents that party from recovering attorney fees and costs if the party could also have obtained the subject documents through discovery." Significantly in *Roane*, even applying state law, the Colorado Court of Appeals declined to find that a court could not count CORA requests against a party's permitted number of requests for production, observing:

> Even if we were to determine that a CORA request would count as a request for production of documents, we do not find any Rule of Civil Procedure that bars the request. Under the simplified procedural rules that governed the underlying case, Roane was entitled to propound five requests for production of documents. C.R.C.P. 16.1(k)(4)(B). Even if we assume that the request was a request for production of documents under C.R.C.P. 16.1(k)(4)(B), which we are not deciding, Roane did not exceed the five-request limit.

*Id.* at *10.

In *Roane*, the court further observed that, while not binding authority, the Colorado

---

[3]     While the announced public policy underpinning CORA is that public records are to be "open for inspection by any person at reasonable times," the statute provides for a number of specific exceptions set out in C.R.S. § 24-72-204 "or as otherwise specifically provided by law." C.R.S. § 24-72-201. Included within the specific exceptions of § 24-72-204 is that record inspection may be denied where "[s]uch inspection would be contrary to any federal statute or regulation issued thereunder having the force and effect of law" or where "[s]uch inspection is prohibited by rules promulgated by the supreme court or by the order of any court."

Attorney General had weighed in through a Formal Opinion on the interaction of CORA on

pending civil cases where discovery was available. *Id.* at \*7. That Formal Opinion, Colo. Op.

Att'y Gen. No. 01-1 (July 5, 2001),[4] in relevant part, states:

> What is the interaction between the Colorado Open Records Act and the rules of discovery in state or federal court?
>
> When people become parties to a civil lawsuit, they can get information from other parties to the lawsuit by using the "discovery" rules that apply in the particular court in which the lawsuit has been filed. Only parties to a lawsuit may use the discovery rules to get information. In this situation, they may get information from government agency parties and private parties alike. In contrast, anyone can use the Open Records Act to get information from government agencies, not just parties in a lawsuit.
>
> The interaction between the Open Records Act rules and the rules of discovery can be complicated and uncertain. There may be times when parties to a civil lawsuit can use the Open Records Act to obtain information concerning their lawsuit from governments in Colorado, whether or not the government involved is a party to the lawsuit. *But there may also be times when parties to a civil lawsuit cannot use the Open Records Act to obtain information. That can happen in cases where a request for records under the Open Records Act violates a limit on discovery imposed by the court or under the rules of civil procedure or otherwise interferes with the judicial process.*

Colo. Op. Att'y Gen. No. 01-1 at 5 (footnote omitted, emphasis added).

Also cited by the *Roane* court, and by Plaintiffs, is the unpublished opinion of *City of Ft.*

*Collins v. Open Int'l, LLC*, No. 21-cv-02063-CNS-MEH, 2022 WL 7582436, at \*6 (D. Colo. Aug.

16, 2022). *City of Ft. Collins* addressed the question of whether a party to a federal suit violated

a protective order "which prohibit[ed] the use of documents designated as confidential outside of

th[e] litigation" by using knowledge of protected documents to fashion a CORA request. *Id.* at \*3.

---

[4]     The Formal Opinion is available at https://coag.gov/app/uploads/2021/04/ AG-Opinion-7_5_01-Colorado-Open-Records-Act.pdf.

Finding that the term "use" was not defined in the protective order, and considering cases related to defining the term, the court determined that the party had not violated the protective order. In so doing the court observed, in dicta, that while "mindful that CORA provides a statutory right to request public records, independent of the discovery procedures set forth in the Federal Rules of Civil Procedure," it "would be inappropriate to enter a protective order prohibiting [a party] from gathering information through a means which is independent from the discovery devices employed in this case." *Id.* at *6 (internal quotation marks and citations omitted). Significant to the question here, the court went on to state that "those litigating against the government may not use open-records requests 'to circumvent limitations placed on discovery.'" *Id.*

A recent federal district court case of interest is *Hartman v. City of Sherwood, Ark.*, No. 4:21-cv-00974 KGB, 2022 WL 4126338, at *1 (E.D. Ark. Sept. 9, 2022). There, counsel for plaintiff served on counsel for the City of Sherwood requests for production. On the same day, counsel for plaintiff submitted a letter requesting production of the same documents from the Sherwood Police Chief under the Arkansas Freedom of Information Act ("FOIA"), Arkansas Code Annotated § 25-19-101, *et seq.* In correspondence with counsel for plaintiff, counsel for the City offered to treat plaintiff's state FOIA request as a discovery request under the Federal Rules of Civil Procedure. Counsel for plaintiff rejected the offer and threatened to file a lawsuit in state court if counsel did not produce the documents requested under the state FOIA in the time required by the statute. The City filed a motion for protective order with the federal district court, asking the court to exercise its discretion under Fed. R. Civ. P. 26(c) to prevent plaintiff from using the state FOIA to conduct discovery in the case because it "unfairly advantages her during the discovery process because of the burden it places on defendant to respond to discovery requests in

6

three days rather than the 30 days allowed to respond to discovery" and because of the potential penalties that flow from a failure to respond to a state FOIA request under Arkansas law. *Id.* at *1.

The federal district court judge began her consideration of the motion for protective order, observing that Rule 26(c) permitted the court, for good cause, to:

> issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . [and to] (1) forbid discovery; (2) specify the terms of discovery, including when and where it is conducted, and who pays for it; (3) proscribe a discovery method other than the one offered by the party seeking discovery; and (4) limit the scope of discovery in certain matters.

*Id.* (internal quotation marks omitted).  The district court also noted that the Arkansas FOIA provided a disclosure exception for documents that were "protected from disclosure by order or rule of court." *Id.* The district court went on to note prior authority from the United States Supreme Court and the Eighth Circuit, writing:

> [C]ourts have held in some instances that FOIA responses may constitute discovery subject to the Court's authority.  *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153 (1989) (in deciding whether an exemption from production applies for records or information compiled for law enforcement purposes "a court must be mindful of this Court's observations that the FOIA was not intended to supplement or displace rules of discovery."); *Parton v. United States Department of Justice*, 727 F.2d 777 (8th Cir. 1984) ("Due to the circumstances present in this suit, it is also well to note that it is not the purpose of the [Freedom of Information] Act to benefit private litigants by serving as a supplement to the rules of civil discovery.").

*Id.* at *2.

The district court ultimately did not issue a complete bar to plaintiff's use of the state FOIA statute but did provide that, as to the subject FOIA request, plaintiff's request would be responded to "as required by the Federal Rules of Civil Procedure" and that, under the circumstances presented,  requiring the City to respond under the state FOIA provisions would give her "an unfair advantage in discovery." *Id.*

## **ARGUMENT**

I.    **THE SCHEDULING ORDER IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW**

Plaintiffs wisely concede that they do not challenge Judge Crews' Scheduling Order that counts CORA requests against Plaintiffs' permitted requests for production on the basis that it restricts Plaintiffs from "employ[ing] CORA requests independently of the discovery process." (Doc. 50 at p. 3.)  Plaintiffs' concession recognizes that Judge Crews' order leaves intact Plaintiffs' rights to submit CORA requests.  Plaintiffs argue, however, that "[i]t is, nevertheless, *unfair* to penalize" Plaintiffs for one or more of Plaintiffs exercising their right to make a CORA request. *Id.* at p. 4 (emphasis added).  While listing four reasons that Judge Crews' Scheduling Order is "unfair," such reasons fall into two general categories: (1) that it is unclear what CORA requests are "related to" the case as provided in the Scheduling Order, and (2) that one Plaintiff may penalize other Plaintiffs by making a CORA request. *Id.* at pp. 3-4.

Defendants will address each of these "unfairness" arguments, but first observe that a challenge on the basis of *fairness* is not a challenge that the Scheduling Order is *contrary to law* but, rather, challenges Judge Crews' exercise of his discretion in balancing fairness considerations. A district court should be particularly reluctant to overturn a challenge to a magistrate judge's non-dispositive decision based on discretionary balancing of fairness (or equitable) considerations. *See, e.g., Standard Steam Trust LLC v. Windfall Minerals., LLC*, No. 11-cv-00447-WJM-CBS, 2012 WL 13206395, at *3 (D. Colo. Aug. 7, 2012) (unpublished) (Regarding magistrate judge's determination that certain email was privileged, the district court held that the judge "considered the particular circumstances of this case, including prejudice to the parties, the nature of the . . .

8

email, and its potential impact on these proceedings, and found that fairness dictated that the privilege be protected.  In so doing, it appears that he followed Congress's directive in the advisory committee notes to Rule 502 that fairness should 'inform application of the standard in all aspects as appropriate in particular cases.' Accordingly, the Court finds that Defendant has failed to show that Magistrate Judge . . . rulings regarding the . . . email were clearly erroneous or contrary to the law" (internal citations omitted).).  Because Plaintiffs' "fairness" challenge is not a challenge that Judge Crews' order is contrary to law, the challenge is to be considered under the clearly erroneous / abuse of discretion standard.

Additionally, in considering issues of fairness, Plaintiffs fail to acknowledge the unfair advantage that Plaintiffs would enjoy in having available both federal discovery and CORA (and its attendant short time frame for a response) to plumb for documents on issues related to this civil action. *See City of Sherwood*, 2022 WL 4126338 at *1-2.  Judge Crews' order seeks, without prohibiting Plaintiffs' use of CORA, to even the discovery playing field.[5]

Plaintiffs' argument that it is unclear what CORA requests may be "related to" the case is easily rebutted. The common meaning of "related to" is that it is "connect[ed] to someone or

---

[5]    Judge Crews expressly discussed his attempt to balance these fairness considerations at the Scheduling Conference, stating:

> I did take a look at a couple of cases. One, that was a recent Colorado Court of Appeals decision authored by Judge Lipinsky, and the other was a recent order issued by my colleague Magistrate Judge Hegarty, all which stand for the proposition that parties cannot use Open Records Act requests to circumvent limitation on discovery; however, parties also cannot be precluded from utilizing and availing themselves of Open Records Acts. So I think that in order to achieve both purposes, this proposed language accomplishes that.

Ex. A, specifically 4:13-22.

something." Merriam-Webster.com Dictionary (https://www.merriam-webster.com/dictionary/relate to) (accessed January 27, 2023). "Related to" also implies that the CORA request be one that may reasonably lead to relevant evidence in the civil action. This common meaning is sufficiently clear for purposes of the context used in the Scheduling Order.

Also, a scheduling order should not be held to the same word precision standards as statutes. And, to the extent that there is potential ambiguity in the subject phrase (which Defendants do not concede), experienced counsel as are involved in this case should, through good faith conferral, have little difficulty in parsing whether a CORA request is reasonably related to the case. Finally, should counsel be unable to resolve the issue through good faith conferral, any dispute as to whether the CORA request is reasonably related to the case may be addressed through the discovery dispute provisions of the Scheduling Order. (Doc. 49 at p. 13.)[6]

Plaintiffs' argument that the Scheduling Order might penalize those Plaintiffs not making the request is, at best, speculative. Presumably, counsel for Plaintiffs will communicate with his clients that CORA requests related to the case should be coordinated with counsel. Even if such coordination does not occur, the Scheduling Order mitigates the potential for prejudice to Plaintiffs as counsel for Defendants are required to alert counsel for Plaintiffs of any Plaintiff-tendered CORA request prior to responding to permit counsel to confer with his client on whether to withdraw the request. Management of such discovery needs and limitations is not dissimilar to the management that counsel for Defendants is required to undertake in balancing the discovery needs and limitations between the various Defendants. Moreover, prejudice, if any, to Plaintiffs

---

[6] Any party could also seek additional requests for production beyond the limit of 25 through a motion to amend the Scheduling Order and on a showing of good cause.

is to be balanced against the prejudice to Defendants and Plaintiffs do not argue that the Court's balance of these considerations was clearly erroneous or an abuse of discretion.

While Plaintiffs do not challenge the Scheduling Order as contrary to law, it is evident that such challenge would fail. As set out in the legal considerations detailed herein, federal procedural rules grant broad authority to federal district courts to control discovery, and state law has limited impact on such federal discovery considerations. Here, Judge Crews exercised that broad authority in entering an order that balanced both the ability of the Court to control discovery and Plaintiffs' rights under state open records procedure. In *Roane*, the Colorado Court of Appeals expressly did not find, even applying Colorado discovery rules and CORA, that the remedy fashioned by Judge Crews would be improper. And *City of Ft. Collins* and *Hartman* persuasively endorse a trial court's broad authority to fashion such discovery remedy. So too, the office of the Colorado Attorney General has expressly opined that the discovery order here would, even in state court, be proper.

## CONCLUSION

Plaintiffs provide no compelling argument that Judge Crews' order on this issue is clearly erroneous or an abuse of discretion. Further, while Plaintiffs do not challenge the order as contrary to law, federal rules, the provisions of CORA, and available case authority support Judge Crews' Scheduling Order as procedurally sound.

For these reasons, and those set out in this response, Defendants request that Plaintiffs' objection to the Scheduling Order be denied.

Respectfully submitted this 6th day of February, 2023.

s/ Gordon L. Vaughan
Gordon L. Vaughan
      VAUGHAN & DeMURO
      111 South Tejon, Suite 545
      Colorado Springs, CO 80903
      (719) 578-5500 (phone)
      gvaughan@vaughandemuro.com
ATTORNEY FOR DEFENDANTS
THE TOWN OF SUPERIOR and
CITY OF LOUISVILLE, COLORADO

s/ Luis A. Toro
Luis A. Toro, Senior Attorney
Teresa Taylor Tate, City Attorney
      BOULDER CITY ATTORNEY'S OFFCE
      1777 Broadway
      Boulder, CO 80302
      (303) 441-3020 (phone)
      torol@bouldercolorado.gov
      tatet@bouldercolorado.gov
ATTORNEY FOR DEFENDANT
CITY OF BOULDER, COLORADO

s/ David Hughes
David Hughes, Deputy County Attorney
Catherine R. Ruhland, Deputy County Attorney
      BOULDER COUNTY ATTORNEY
      P.O. Box 471
      Boulder, CO 80306
      (303) 441-3190 (phone)
      dhughes@bouldercounty.org
      truhland@bouldercounty.org
ATTORNEY FOR DEFENDANT
BOARD OF COUNTY COMMISSIONERS
OF BOULDER COUNTY

s/ Antonio J. Perez-Marques
Antonio J. Perez-Marques
David Toscano
Christopher Lynch
James Windels
Hendrik van Hemmen
      DAVIS POLK & WARDWELL LLP

12

450 Lexington Avenue
New York, NY 10017
(212) 450-4000 (phone)
antonio.perez@davispolk.com
david.toscano@davispolk.com
christopher.lynch@davispolk.com
james.windels@davispolk.com
hendrik.vanhemmen@davispolk.com
ATTORNEYS FOR DEFENDANTS


s/ Carey R. Dunne
Carey R. Dunne
      FREE AND FAIR LITIGATION GROUP
      114 East 95th Street
      New York, NY 10128
      (917) 499-2279 (phone)
      carey@freeandfairlitigation.org
ATTORNEY FOR DEFENDANTS


s/ William J. Taylor, Jr.
William J. Taylor, Jr.
      EVERYTOWN LAW
      450 Lexington Avenue, #4184
      New York, NY 10017
      (646) 324-8215 (phone)
      wtaylor@everytown.org
ATTORNEY FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

s/ Gordon L. Vaughan
Gordon L. Vaughan