**EXHIBIT A**

**EXHIBIT A**

                                                                   1

```
1            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLORADO
2
     Case No. 22-cv-02680-NYW-SKC
3    _____

4    ROCKY MOUNTAIN GUN OWNERS, et al.,

5        Plaintiffs,

6    vs.

7    THE TOWN OF SUPERIOR, et al.,

8        Defendants.
     _____
9

10           Proceedings before S. KATO CREWS, United States

11   Magistrate Judge, United States District Court for the

12   District of Colorado, commencing at 11:03 a.m., January 19,

13   2023, in the United States Courthouse, Denver, Colorado.

14   _____

15           WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17   _____

18                            APPEARANCES

19           BARRY ARRINGTON, Attorney at Law, appearing

20   for the Plaintiff.

21           ANTONIO PEREZ-MARQUEZ, GORDON VAUGHAN, CAREY DUNNE

22   and JAMES WINDELS, Attorneys at Law, appearing for the

23   Defendants.

24   _____

25               RULE 16(B) SCHEDULING CONFERENCE
```

2

1           P R O C E E D I N G S

2           (Whereupon, the within electronically recorded

3   proceedings are herein transcribed, pursuant to order of

4   counsel.)

5           THE COURT:  All right, good morning.  This is

6   Magistrate Judge Crews.  We'll go on the record in

7   22-cv-2680, Rocky Mountain Gun Owners, et al, vs. the Town

8   of Superior, et al.  I understand I may have multiple

9   lawyers on the line for each party, so I'll take the

10  appearance of counsel of the primary attorney handling the

11  scheduling conference.  If you want to tell me who is with

12  you, that's fine, but I would only like one lawyer to speak

13  on behalf of each party.

14          So I'll first take the appearance of counsel for

15  the plaintiffs.

16          MR. ARRINGTON:  Good morning, Your Honor.  This is

17  Barry Arrington appearing for plaintiff.  I do not believe

18  there are any other lawyers appearing for plaintiff,

19  although Mr. Walker who is a party is present.

20          THE COURT:  All right, thank you.  And counsel for

21  the Town of Superior.

22          MR. DUNNE:  Your Honor, this is Carey Dunne

23  appearing on behalf of all four defendants.  I'm with the

24  firm of the Free and Fair Litigation Group.  I'm here with

25  co-counsel from Davis Polk in the form of Mr. Tony Perez,

3

1    Mr. Jim Windels, and other counsel on the phone for the four
2    defendants as well.
3              THE COURT:  Okay.  All right, thank you.
4              MR. VAUGHAN:  Your Honor, this is Gordon Vaughan.
5    I am also local counsel for the Town of Superior and the
6    City of Louisville, and I will be addressing at least one
7    issue in the scheduling order, so that's why specifically I
8    introduced myself, Your Honor.
9              THE COURT:  Okay.  All right, thank you.  Just
10   give me one second to pull something up here.
11             All right, Counsel.  We're here for a scheduling
12   conference.  I have reviewed your proposed scheduling order,
13   and you indicate that the parties will exchange disclosures
14   on or before February 15.
15             Mr. Arrington, are you still on track for that
16   deadline?
17             MR. ARRINGTON:  Yes, Your Honor.
18             THE COURT:  All right.  Mr. Dunne, are your
19   clients still on track for that deadline?
20             MR. DUNNE:  Yes, Your Honor.
21             THE COURT:  Okay.
22             MR. ARRINGTON:  We do not anticipate that this
23   will be a huge document case.
24             THE COURT:  Okay.  All right, great.
25             We can jump to section 8 on page 9, your discovery

```
 1   limitations.  In (a), you're proposing 12 fact depositions
 2   per side and 25 interrogatories per side, including discrete
 3   subparts, and that's fine.
 4            In (b), which carries over to page 10, you're
 5   proposing fact and expert designations not exceed one day of
 6   seven hours, that's fine.
 7            In (c), you agree, and therefore, the Court will
 8   impose 25 requests for production per side and 25 requests
 9   for admission per side.  I am going to, with respect to
10   Colorado Open Records Act request, include this language
11   here.  What I was trying to pull up is I had -- my notes
12   from my Chambers computer haven't synced over here to my
13   Bench computer, but I did take a look at a couple of cases.
14   One, that was a recent Colorado Court of Appeals decision
15   authored by Judge Lipinsky, and the other was a recent order
16   issued by my colleague Magistrate Judge Hegarty, all which
17   stand for the proposition that parties cannot use Open
18   Records Act requests to circumvent limitation on discovery;
19   however, parties also cannot be precluded from utilizing and
20   availing themselves of Open Records Acts.  So I think that
21   in order to achieve both purposes, this proposed language
22   accomplishes that.
23            What I'm not clear on from the defendants'
24   proposal, though, is the subpoenas to a party.  I get that
25   the plaintiffs, or anyone may be able to do Open Records Act
```

```
 1   requests to defendants and addressing that in this fashion,
 2   but how would subpoenas also factor in?  Is it the
 3   defendants' experience that parties also issue subpoenas to
 4   another party when we're dealing with towns like we are in
 5   this case?
 6             MR. VAUGHAN:  Your Honor -- I'm sorry.
 7             MR. DUNNE:  (Indiscernible) Mr. Vaughan would like
 8   to address that.
 9             THE COURT:  Okay.
10             MR. VAUGHAN:  Thank you.  Your Honor, Gordon
11   Vaughan.
12             This language is language that I had mostly
13   authored.  I frankly included the subpoena in there out of a
14   sense of fairness to plaintiffs because, you know, we do
15   have the subpoena power, and I wanted to -- to be somewhat
16   evenhanded that we weren't going to try and, you know, use
17   the subpoena power abusively to circumvent the number of
18   requests for production.  So that's the only reason that I
19   put subpoenas in.
20             THE COURT:  Okay, understood.
21             So Mr. Arrington, I'll let you make a record, but
22   the Court is going to limit the parties, as I said, to 25
23   requests for production, 25 requests for admission, and
24   should any party seek discovery from another party related
25   to this case through subpoena or Colorado Open Records Act
```

6

 1   request, such request shall count against the requesting
 2   party's available request for production of documents that
 3   are set forth in this order.
 4              And Mr. Arrington, I'll let you make whatever
 5   record you want to make on that issue.
 6              MR. ARRINGTON:  Your Honor, first for
 7   clarification:  Is the order prospective or retroactive?
 8   Because there have been some CORA requests made already.
 9   Are those CORA requests going to be counted against our
10   request for production?
11              THE COURT:  No.  It's prospective.
12              MR. ARRINGTON:  Okay.  So I will make a record.
13   The case the Court has already cited involving
14   (indiscernible) vs. Archuleta, I presume --
15              THE COURT:  Yes, that's right.
16              MR. ARRINGTON:   which is an opinion authored by
17   Judge Lipinsky, did state that CORA requests cannot be
18   limited by the fact that there is pending litigation.
19   That's one side of it which the Judge -- the Court has
20   correctly stated.
21              The other side of it is whether that counts
22   against the request for production that could be made under
23   the rules.  Obviously, that was a State Court case and
24   doesn't have any direct applicability to the Federal Court
25   out of Colorado's Court of Federal Rules jurisdiction.  The

1  Court specifically did not decide that in that case and
2  so that is still an open question.
3         The reason I believe that this is not a correct
4  interpretation of the rules is that parties have the right
5  to go to, you know, the cities and counties in which they
6  live and independently employ CORA for their own purposes.
7  For example, there have been a number of CORA requests
8  entered by a particular party in this case for that party's
9  own purposes that I would not have made as a request for
10 production of documents in this case.
11        And it seems anomalous that a party employing CORA
12 for their own purposes would count against -- you know, in
13 this case there are multiple plaintiffs -- when those other
14 plaintiffs would not make those CORA requests -- or request
15 for production.  And in fact, I haven't seen the responses
16 to those requests, those CORA requests.
17        So I think that that does impose hardships on the
18 attorneys and the other parties in the case, Your Honor, and
19 I would submit that it's -- that CORA and the rules of
20 procedure just simply completely separate as magisterial as
21 it were that don't -- that don't intersect at all.  And so
22 that would be the record that I would make on that issue.
23        THE COURT:  Okay, thank you.  Understood.
24        All right.  Then that brings us to (d) on page 10:
25 Your deadline for service of all written discovery will be

                                                                15

1                        TRANSCRIBER'S CERTIFICATE

2             I certify that the foregoing is a correct

3    transcript, to the best of my knowledge and belief (pursuant

4    to the quality of the recording) from the record of

5    proceedings in the above-entitled matter.

6

7    /s/Dyann Labo                        February 2, 2023

8    Signature of Transcriber             Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25