1

```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO

Case No. 22-cv-02680-NYW-SKC
_____

ROCKY MOUNTAIN GUN OWNERS, et al.,

    Plaintiffs,

vs.

THE TOWN OF SUPERIOR, et al.,

    Defendants.
_____

        Proceedings before S. KATO CREWS, United States
Magistrate Judge, United States District Court for the
District of Colorado, commencing at 11:03 a.m., January 19,
2023, in the United States Courthouse, Denver, Colorado.
_____

        WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .
_____

                          APPEARANCES
        BARRY ARRINGTON, Attorney at Law, appearing
for the Plaintiff.
        ANTONIO PEREZ-MARQUEZ, GORDON VAUGHAN, CAREY DUNNE
and JAMES WINDELS, Attorneys at Law, appearing for the
Defendants.
_____
              RULE 16(B) SCHEDULING CONFERENCE
```

```
 1                    P R O C E E D I N G S
 2              (Whereupon, the within electronically recorded
 3   proceedings are herein transcribed, pursuant to order of
 4   counsel.)
 5              THE COURT:  All right, good morning.  This is
 6   Magistrate Judge Crews.  We'll go on the record in
 7   22-cv-2680, Rocky Mountain Gun Owners, et al, vs. the Town
 8   of Superior, et al.  I understand I may have multiple
 9   lawyers on the line for each party, so I'll take the
10   appearance of counsel of the primary attorney handling the
11   scheduling conference.  If you want to tell me who is with
12   you, that's fine, but I would only like one lawyer to speak
13   on behalf of each party.
14              So I'll first take the appearance of counsel for
15   the plaintiffs.
16              MR. ARRINGTON:  Good morning, Your Honor.  This is
17   Barry Arrington appearing for plaintiff.  I do not believe
18   there are any other lawyers appearing for plaintiff,
19   although Mr. Walker who is a party is present.
20              THE COURT:  All right, thank you.  And counsel for
21   the Town of Superior.
22              MR. DUNNE:  Your Honor, this is Carey Dunne
23   appearing on behalf of all four defendants.  I'm with the
24   firm of the Free and Fair Litigation Group.  I'm here with
25   co-counsel from Davis Polk in the form of Mr. Tony Perez,
```

3

1  Mr. Jim Windels, and other counsel on the phone for the four
2  defendants as well.
3            THE COURT:  Okay.  All right, thank you.
4            MR. VAUGHAN:  Your Honor, this is Gordon Vaughan.
5  I am also local counsel for the Town of Superior and the
6  City of Louisville, and I will be addressing at least one
7  issue in the scheduling order, so that's why specifically I
8  introduced myself, Your Honor.
9            THE COURT:  Okay.  All right, thank you.  Just
10 give me one second to pull something up here.
11           All right, Counsel.  We're here for a scheduling
12 conference.  I have reviewed your proposed scheduling order,
13 and you indicate that the parties will exchange disclosures
14 on or before February 15.
15           Mr. Arrington, are you still on track for that
16 deadline?
17           MR. ARRINGTON:  Yes, Your Honor.
18           THE COURT:  All right.  Mr. Dunne, are your
19 clients still on track for that deadline?
20           MR. DUNNE:  Yes, Your Honor.
21           THE COURT:  Okay.
22           MR. ARRINGTON:  We do not anticipate that this
23 will be a huge document case.
24           THE COURT:  Okay.  All right, great.
25           We can jump to section 8 on page 9, your discovery

1  limitations.  In (a), you're proposing 12 fact depositions
2  per side and 25 interrogatories per side, including discrete
3  subparts, and that's fine.
4           In (b), which carries over to page 10, you're
5  proposing fact and expert designations not exceed one day of
6  seven hours, that's fine.
7           In (c), you agree, and therefore, the Court will
8  impose 25 requests for production per side and 25 requests
9  for admission per side.  I am going to, with respect to
10 Colorado Open Records Act request, include this language
11 here.  What I was trying to pull up is I had -- my notes
12 from my Chambers computer haven't synced over here to my
13 Bench computer, but I did take a look at a couple of cases.
14 One, that was a recent Colorado Court of Appeals decision
15 authored by Judge Lipinsky, and the other was a recent order
16 issued by my colleague Magistrate Judge Hegarty, all which
17 stand for the proposition that parties cannot use Open
18 Records Act requests to circumvent limitation on discovery;
19 however, parties also cannot be precluded from utilizing and
20 availing themselves of Open Records Acts.  So I think that
21 in order to achieve both purposes, this proposed language
22 accomplishes that.
23          What I'm not clear on from the defendants'
24 proposal, though, is the subpoenas to a party.  I get that
25 the plaintiffs, or anyone may be able to do Open Records Act

1  requests to defendants and addressing that in this fashion,
2  but how would subpoenas also factor in?  Is it the
3  defendants' experience that parties also issue subpoenas to
4  another party when we're dealing with towns like we are in
5  this case?
6          MR. VAUGHAN:  Your Honor -- I'm sorry.
7          MR. DUNNE:  (Indiscernible) Mr. Vaughan would like
8  to address that.
9          THE COURT:  Okay.
10         MR. VAUGHAN:  Thank you.  Your Honor, Gordon
11 Vaughan.
12         This language is language that I had mostly
13 authored.  I frankly included the subpoena in there out of a
14 sense of fairness to plaintiffs because, you know, we do
15 have the subpoena power, and I wanted to -- to be somewhat
16 evenhanded that we weren't going to try and, you know, use
17 the subpoena power abusively to circumvent the number of
18 requests for production.  So that's the only reason that I
19 put subpoenas in.
20         THE COURT:  Okay, understood.
21         So Mr. Arrington, I'll let you make a record, but
22 the Court is going to limit the parties, as I said, to 25
23 requests for production, 25 requests for admission, and
24 should any party seek discovery from another party related
25 to this case through subpoena or Colorado Open Records Act

```
 1   request, such request shall count against the requesting
 2   party's available request for production of documents that
 3   are set forth in this order.
 4            And Mr. Arrington, I'll let you make whatever
 5   record you want to make on that issue.
 6            MR. ARRINGTON:  Your Honor, first for
 7   clarification:  Is the order prospective or retroactive?
 8   Because there have been some CORA requests made already.
 9   Are those CORA requests going to be counted against our
10   request for production?
11            THE COURT:  No.  It's prospective.
12            MR. ARRINGTON:  Okay.  So I will make a record.
13   The case the Court has already cited involving
14   (indiscernible) vs. Archuleta, I presume --
15            THE COURT:  Yes, that's right.
16            MR. ARRINGTON:   which is an opinion authored by
17   Judge Lipinsky, did state that CORA requests cannot be
18   limited by the fact that there is pending litigation.
19   That's one side of it which the Judge -- the Court has
20   correctly stated.
21            The other side of it is whether that counts
22   against the request for production that could be made under
23   the rules.  Obviously, that was a State Court case and
24   doesn't have any direct applicability to the Federal Court
25   out of Colorado's Court of Federal Rules jurisdiction.  The
```

7

1  Court specifically did not decide that in that case and
2  so that is still an open question.
3          The reason I believe that this is not a correct
4  interpretation of the rules is that parties have the right
5  to go to, you know, the cities and counties in which they
6  live and independently employ CORA for their own purposes.
7  For example, there have been a number of CORA requests
8  entered by a particular party in this case for that party's
9  own purposes that I would not have made as a request for
10 production of documents in this case.
11         And it seems anomalous that a party employing CORA
12 for their own purposes would count against -- you know, in
13 this case there are multiple plaintiffs -- when those other
14 plaintiffs would not make those CORA requests -- or request
15 for production.  And in fact, I haven't seen the responses
16 to those requests, those CORA requests.
17         So I think that that does impose hardships on the
18 attorneys and the other parties in the case, Your Honor, and
19 I would submit that it's -- that CORA and the rules of
20 procedure just simply completely separate as magisterial as
21 it were that don't -- that don't intersect at all.  And so
22 that would be the record that I would make on that issue.
23         THE COURT:  Okay, thank you.  Understood.
24         All right.  Then that brings us to (d) on page 10:
25 Your deadline for service of all written discovery will be

8

1  June 23, 2023.

2           Moving on to section 9, your case plan and

3  schedule.  I'm fine with your proposed dates, so your

4  deadline for joinder of parties and amendment of pleadings

5  of February 28, 2023 is fine.

6           MR. ARRINGTON:  Your Honor, I thought we had moved

7  that to March.

8           THE COURT:  What I'm looking at here says February

9  28, (a).

10          MR. ARRINGTON:  Hold on for just a second, Your

11 Honor.  I do believe that we had an agreement -- the one

12 that I'm looking at, deadline for -- oh, I'm sorry, the

13 deadline for answer is moved to March 31, yes, and that keys

14 off February 28.  I'm sorry, Your Honor, those are correct.

15          THE COURT:  Okay.  All right.  So the deadline for

16 joinder of parties and amendment of pleadings of February

17 28, 2023 is fine.  Paragraph B proposed a deadline for

18 defendants to answer, move or respond to the complaint of

19 March 31, 2023, that's fine.

20          In (c), you proposed July 28, 2023 as the deadline

21 for all fact and expert discovery, that's fine.

22          And in (d), your deadline of September 15, 2023

23 for dispositive motions is also fine.

24          And in (e)(2), at the bottom of page 11 carries

25 over to page 12, I will limit the parties to no more than

9

```
 1   one expert witness per issue.
 2              Paragraphs 3 and 4 on page 12, these dates are
 3   fine as well.  So the parties shall designate all experts on
 4   or before May 5, 2023 and all rebuttal experts on or before
 5   June 8, 2023.
 6              On to section 10(a) --
 7              MR. DUNNE:  Your Honor, sorry to interrupt.  May
 8   we be heard on the issue of the limitation of one expert per
 9   issue if that's the ruling?
10              THE COURT:  Go ahead.
11              (Mr. Dunne's audio was poor, resulting in
12   "indiscernibles.")
13              MR. DUNNE:  On behalf of defense, Your Honor, I
14   think from our perspective, the characterization of the
15   (indiscernible) case and the issues presented by, frankly,
16   the Bruling (ph) decision by the plaintiff is much more
17   specific than we think is the case and as reflected in our
18   statement of defense.
19              We think there are multiple expert issues as
20   listed in the (1) here, you know, the five bullets that we
21   list.  We think that each bullet is necessary to our
22   explanation for the defense and that within each bullet
23   there are (indiscernible) multiple, perhaps, depending on
24   how the evidence comes out, different issues that need to be
25   addressed by differing expert witnesses, and that's why we
```

 1  think that limiting ourselves to one potential expert for

 2  each of these bullets at this time is frankly a bit

 3  arbitrary and premature.

 4          I think what our position is that we should await

 5  the (indiscernible) discovery and address the complexity and

 6  number of experts who down the road who have a better

 7  opportunity to understand, you know, where this case is

 8  headed and what the experts are saying.

 9          So we think there should be no limitation at this

10  time and that we should be in a position to judge that and,

11  if necessary, to litigate it sometime later this spring.

12          THE COURT:  So do you not -- are you concerned

13  with these bullet points these are not -- these are all

14  raising the same issue?  If you have one expert per issue --

15  I haven't put a limit on the number, so you theoretically

16  have an unlimited number of experts to testify as to

17  different issues.  So --

18          MR. DUNNE:  If that's the case, Your Honor, then I

19  withdraw my concern.

20          To put it differently, if you look at Bullet

21  Number 1 about this evidence with gun violence over time or

22  the weapons in question that are used, again, these are the

23  bullets you can imagine would require us to put on an expert

24  historian to discuss consistent with Bruling, what the

25  (indiscernible) looks like at the time of the framing of the

1  Second Amendment or perhaps during the reconstruction period
2  as required.
3          At the same time, the same bullet might require us
4  to bring in an expert to talk about the technologies and not
5  just the history and the legislation at the time, but the
6  technologies that were available in terms of what firearms
7  looked like and how they compared with firearms today.
8          And as to the other issues like that,
9  (indiscernible) bullet was my point.  So if Your Honor's
10 ruling is that we are -- we have at this point at least no
11 limitation on the number of experts that we can bring to
12 bear in a particular bullet or issue, then that's what we're
13 asking for.  I just may have misunderstood your initial --
14 your initial language that you articulated describing
15 whatever comments you might have on expert.
16         THE COURT:  Yeah.  There might be a difference --
17 so normally, I guess typically when I impose the limitation
18 in this fashion, usually I frame it in terms of no more than
19 one expert witness per area of expertise or per subject
20 matter, something to that effect.  Perhaps there is a
21 distinction between that and a per issue limitation.
22         If I said it as --
23         MR. DUNNE:  That's exactly what we're asking.
24 Yes, that's exactly what we're asking for, Your Honor, is
25 that we're identifying these bullets each have issues to be

12

1  addressed, but with any issue there are areas of expertise
2  which might have to be addressed by more than one expert.
3       THE COURT:  All right.  So Mr. Arrington, this was
4  your proposal.  As I said, normally I set that as one expert
5  per area of expertise.  Does that change anything in your
6  mind from what you had proposed?
7       MR. ARRINGTON:  So, Your Honor, I believe that one
8  expert per issue is sufficient, and I do anticipate that I'm
9  going to  based upon the conversations that we've had
10 already, that would be moving to strike a lot of the experts
11 that are going to be designated because -- for example,
12 evidence regarding number of rounds fired and effectiveness
13 of various types of weapons, the second bullet, et cetera,
14 those are clearly precluded by Bruling (ph).  It's just
15 totally irrelevant under the text history and tradition,
16 tests that are set forth in Bruling, which also at the same
17 time precludes this sort of cost benefit analysis that
18 plaintiff -- or defendant -- the defendants apparently
19 intend to persist in pursuing.
20      And so I do anticipate that they will designate
21 numerous experts on issues that are irrelevant to the
22 litigation, and I don't think that they should be able to
23 designate multiple issues -- experts on issues that are
24 relevant to the litigation.
25      MR. DUNNE:  Your Honor, these are exactly the

13

1   issues that we look forward to litigating down the road.
2              THE COURT:  All right.  So I'm going to -- you've
3   each made your record.  I'm going to -- I think it's a
4   clearer distinction to limit the parties to no more than one
5   expert per area of expertise, so that will be your
6   limitation.
7              And -- all right, so I think I was on section
8   10(a), or was heading there.  Your joint status report will
9   be due April 14, 2023.  And as indicated here, please refer
10  to my Practice Standards for the required content of that
11  report.
12             With respect to your final pretrial conference,
13  Judge Wang is your presiding judge.  She does her own
14  pretrial conference.  She has set that for January 16, 2024
15  at 10 a.m.  We inquired of her Chambers regarding the
16  defendants' proposal to hold that final pretrial conference
17  at the same time as the other.  She's declined to do so, but
18  indicated you all can file a motion if you want to make that
19  request.  She'll consider it upon a motion.
20             All right.  You have a disagreement on the length
21  of trial, but you can take that up with Judge Wang at your
22  final pretrial conference.
23             Please be familiar with Judge Wang's Practice
24  Standards, and please also be familiar with mine, primarily
25  concerning how we will address discovery disputes, should

14

1  you have any.

2          My courtroom deputy will issue a scheduling order

3  that reflects the particulars that we've just gone over.

4  And with that, that's all I needed to cover with you for

5  purposes of this conference.

6          Mr. Arrington, do you have any questions or do you

7  need to make a record on any other issues we've discussed?

8          MR. ARRINGTON:  No, Your Honor.  Thank you.

9          THE COURT:  All right.  Mr. Dunne or Mr. Vaughan,

10 any questions or any additional record for either of you?

11         MR. VAUGHAN:  No, Your Honor.

12         THE COURT:  Okay.  All right, thank you, Counsel.

13 I appreciate your time and I appreciate your patience.

14 We'll adjourn.  Thank you.

15         (Whereupon, the within audio concluded at 11:22

16 a.m.)

17

18

19

20

21

22

23

24

25

15

```
1                     TRANSCRIBER'S CERTIFICATE
2             I certify that the foregoing is a correct
3    transcript, to the best of my knowledge and belief (pursuant
4    to the quality of the recording) from the record of
5    proceedings in the above-entitled matter.
6
7    /s/Dyann Labo                         February 2, 2023
8    Signature of Transcriber              Date
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```