UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

---

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
CRAIG WRIGHT,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF
BOULDER COUNTY,

Defendants.

1:22-cv-02680-NYW-SKC

**ANSWER OF DEFENDANTS**

---

Defendants The Town of Superior ("Superior"), City of Louisville, Colorado ("Louisville"), City of Boulder, Colorado ("Boulder"), and Board of County Commissioners of Boulder County ("Boulder County") (together, "Defendants"), by and through their undersigned attorneys, as set forth below, hereby respond to the Complaint, dated October 12, 2022, as follows:

**SPECIFIC RESPONSES**

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis deny same.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis deny same.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis deny same.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis deny same.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis deny same.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis deny same.

7. Superior admits the allegations in Paragraph 7.  Louisville, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Boulder admits the allegations in Paragraph 8.  Superior, Louisville, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Boulder County admits the allegations in Paragraph 9.  Superior, Louisville, and Boulder deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Louisville admits the allegations in Paragraph 10.  Superior, Boulder and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. The allegations in Paragraph 11 are legal contentions to which no response is required.  To the extent a response is required, Defendants admit they were acting under the color of state law.

12. Defendants admit that the Court has subject matter jurisdiction over Plaintiffs'

federal claims pursuant to 28 U.S.C. § 1331.  Defendants reserve the right to contest Plaintiffs' standing to bring the claims.  The remaining allegations in Paragraph 12 are legal contentions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

13. The allegations in Paragraph 13 are legal contentions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

14. The allegations in Paragraph 14 are legal contentions to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in the District of Colorado.

15. Defendants admit that they are political subdivisions of the State of Colorado.  To the extent that the allegations in Paragraph 15 purport to describe a particular ordinance, Defendants refer to the cited ordinance for its true and complete content, which speaks for itself.  Defendants otherwise deny the allegations of Paragraph 15.

16. Paragraph 16 sets forth definitions to which no response is required.

17. To the extent that Paragraph 17 sets forth definitions, no response is required. To the extent that the allegations in Paragraph 17 purport to describe a particular ordinance, Defendants refer to the cited ordinance for its true and complete content, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 17.

18. To the extent that Paragraph 18 sets forth definitions, no response is required. To the extent that the allegations in Paragraph 18 purport to describe a particular ordinance, Defendants refer to the cited ordinance for its true and complete

3

content, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 18.

19. Superior denies the allegations in Paragraph 19, except that Superior admits that Section 10-9-20 of the Superior Ordinance defines the term "assault weapon." Superior refers to the Superior Ordinance for its true and complete content, which speaks for itself.  Louisville, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Superior denies the allegations in Paragraph 20 and refers to the Superior Ordinance for its true and complete content, which speaks for itself.  Louisville, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Superior denies the allegations in Paragraph 21, except that Superior admits that Section 10-9-20 of the Superior Ordinance defines the term "large-capacity magazine."  Superior refers to the Superior ordinance for its true and complete content, which speaks for itself.  Louisville, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis deny same.

23. Boulder denies the allegations in Paragraph 23, except that Boulder admits that Section 5-8-2 of the Boulder Ordinance defines the term "assault weapon." Boulder refers to the Boulder Ordinance for its true and complete content, which speaks for itself.  Superior, Louisville, and Boulder County deny knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Boulder denies the allegations in Paragraph 24 and refers to the Boulder Ordinance for its true and complete content, which speaks for itself.  Superior, Louisville, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Boulder denies the allegations in Paragraph 25, except that Section 5-8-2 of the Boulder Ordinance defines the term "large-capacity magazine."  Boulder refers to the Boulder Ordinance for its true and complete content, which speaks for itself.  Superior, Louisville, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis deny same.

27. Boulder County denies the allegations in Paragraph 27, except that Boulder County admits that Section 1(a) of the Boulder County Ordinance defines the term "assault weapon."  Boulder County refers to the Boulder County Ordinance for its true and complete content, which speaks for itself.  Superior, Louisville, and Boulder deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Boulder County denies the allegations in Paragraph 28, except that Boulder County admits that Section 1(c) of the Boulder County Ordinance defines the term "large-capacity magazine."  Boulder County refers to the Boulder County Ordinance for its true and complete content, which speaks for itself.  Superior,

Louisville, and Boulder deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis deny same.

30. Louisville denies the allegations in Paragraph 30, except that Louisville admits that 9.80.010 of the Louisville Ordinance defines the term "assault weapon." Louisville refers to the Louisville Ordinance for its true and complete content, which speaks for itself.  Superior, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Louisville denies the allegations in Paragraph 31 and refers to the Louisville Ordinance for its true and complete content.  Superior, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Louisville denies the allegations in Paragraph 32, except that Louisville admits that 9.80.010 of the Louisville Ordinance defines the term "large-capacity magazine."  Louisville refers to the Louisville Ordinance for its true and complete content, which speaks for itself.  Superior, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny same.

34. Paragraph 34 sets forth definitions to which no response is required.  To the extent a response is required, Defendants refer to the cited ordinances for their

true and complete contents, which speak for themselves.

35. The allegations in Paragraph 35 are legal contentions to which no response is required.

36. The allegations in Paragraph 36 are legal contentions to which no response is required.

37. The allegations in Paragraph 37 are legal contentions to which no response is required.

38. Defendants deny the factual allegations in Paragraph 38.  To the extent that Paragraph 38 sets forth legal contentions, no response is required.  To the extent a response is required, Defendants deny the allegations.

39. Defendants deny the factual allegations in Paragraph 39.  To the extent that Paragraph 39 sets forth legal contentions, no response is required.  To the extent a response is required, Defendants deny the allegations.

40. Defendants deny the factual allegations in Paragraph 40.  To the extent that Paragraph 40 sets forth legal contentions, no response is required.  To the extent a response is required, Defendants deny the allegations.

41. Defendants deny the factual allegations in Paragraph 41.  To the extent that Paragraph 41 sets forth legal contentions, no response is required.  To the extent a response is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 are legal contentions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

43. Defendants deny the factual allegations in Paragraph 43.  To the extent that Paragraph 43 sets forth legal contentions, no response is required.  To the

extent a response is required, Defendants deny the allegations.

44. The allegations in Paragraph 44 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

45. Defendants deny the factual allegations in Paragraph 45. To the extent that Paragraph 45 sets forth legal contentions, no response is required. To the extent a response is required, Defendants deny the allegations.

46. Defendants deny the factual allegations in Paragraph 46. To the extent that Paragraph 46 sets forth legal contentions, no response is required. To the extent a response is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

49. The allegations in Paragraph 49 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## ANSWER TO FIRST CLAIM FOR RELIEF

50. Paragraph 50 reincorporates the allegations of Paragraphs 1-49. Defendants reincorporate all their specific responses to Paragraphs 1-49 above.

51. Paragraph 51 sets forth legal contentions to which no response is required. To

the extent a response is required, Defendants deny the allegations.

52. Paragraph 52 sets forth legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

53. Paragraph 53 sets forth legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

54. Paragraph 54 sets forth legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## ANSWER TO PRAYER FOR RELIEF

55. Defendants deny that Plaintiffs are entitled to the relief they request in Paragraphs 55-59.

## DEFENSES

Defendants assert the following defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of discovery or Defendants' investigation of the case or preparation for trial, it becomes appropriate. By asserting the following defenses, Defendants do not concede or intend to suggest (i) that Defendants bear the burden of proof on such defenses or any element thereof, or (ii) that Plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements of Plaintiffs' prima facie case against Defendants.

## FIRST DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## SECOND DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by lack of standing.

### FOURTH DEFENSE

Defendants' LCM bans are not unconstitutional.

### FIFTH DEFENSE

Defendants' assault weapon bans are not unconstitutional.

Dated: March 31, 2023

        DAVIS POLK & WARDWELL LLP

        By:  _/s/ Antonio J. Perez-Marques_____
        Antonio J. Perez-Marques
        James H.R. Windels
        Christopher P. Lynch
        David B. Toscano
        Hendrik J. van Hemmen
        450 Lexington Avenue
        New York, NY 10017-3904
        (212) 450-4515
        antonio.perez@davispolk.com
        james.windels@davispolk.com
        christopher.lynch@davispolk.com
        david.toscano@davispolk.com
        hendrik.vanhemmen@davispolk.com
        *Counsel for All Defendants*

        FREE AND FAIR LITIGATION GROUP
        Carey R. Dunne
        114 East 95th Street
        New York, NY 10128
        (917) 499-2279
        carey@freeandfairlitigation.org
        *Counsel for All Defendants*

        EVERYTOWN LAW
        William Taylor
        450 Lexington Avenue
        New York, NY 10017
        (646) 324-8365
        wtaylor@everytown.org
        *Counsel for All Defendants*

        VAUGHAN & DEMURO
        Gordon L. Vaughan

111 South Tejon Street
Suite 545
Colorado Springs, CO 80903
(719) 578-5500
gvaughan@vaughandemuro.com
*Counsel for City of Louisville, Colorado and The Town of Superior*

BOULDER CITY ATTORNEY'S OFFICE
Luis A. Toro
Teresa T. Tate
P.O. Box 791
1777 Broadway
Boulder, CO 80306
(303) 441-3020
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
*Counsel for City of Boulder, Colorado*

BOULDER COUNTY ATTORNEY'S OFFICE
David E. Hughes
Catherine R. Ruhland
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org
*Counsel for the Board of County Commissioners of Boulder County*

11

CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

                                                     s/ Antonio J. Perez-Marques
                                                     Antonio J. Perez-Marques