# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02680-NYW-SKC

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
CRAIG WRIGHT,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

    Plaintiffs,

v.

TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

    Defendants.

---

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

    This action is before the Court on Plaintiffs' Objection to Magistrate Judge Order ("Objection") [Doc. 50, filed January 26, 2023]. In the Objection, Plaintiffs Rocky Mountain Gun Owners, National Association for Gun Rights, Charles Bradley Walker, Bryan LaFonte, Craig Wright, Gordon Madonna, James Michael Jones, and Martin Carter Kehoe (collectively, "Plaintiffs") challenge a particular portion of the Scheduling Order entered by the Honorable S. Kato Crews. [*Id.*]. Specifically, on January 19, 2023, Judge Crews entered a Scheduling Order in this matter. [Doc. 49]. As part of the Scheduling Order, Judge Crews ordered that:

> Twenty-five (25) requests for production per side. Twenty-five (25) requests for admission per side. Should any party seek discovery from another party related to this case through subpoena or Colorado Open Records Act (CORA) request, such request shall count against the requesting party's available requests for production of documents as set out in this Order and shall be construed as a request for production. Should the subpoena or CORA request seek multiple discrete subject areas of documents, each discrete subject area shall count as one request for

>   production. As such, a single subpoena or CORA request may count against multiple available requests for production. Should Defendants receive a CORA request from a Plaintiff that requests documents related to this case they will immediately notify counsel for Plaintiffs before responding to the same to determine if the requesting party wishes to withdraw the request. Subpoenas or CORA requests made prior to the filing of this lawsuit are not subject to this provision. Counsel shall inform their clients of this provision of this order.

[*Id.* at 10].[1]

Plaintiffs filed their Objection on January 26, 2023 and contend that Judge Crews erred when he ordered that requests for information made through the Colorado Open Records Act ("CORA") count against the limit of 25 requests for production per side set by the Scheduling Order. [Doc. 50]. Defendants the Town of Superior; City of Louisville; City of Boulder, Colorado; and the Board of County Commissioner of Boulder County (collectively, "Defendants") filed a Response. [Doc. 51, filed February 6, 2023].

The Scheduling Order, and the rulings contained therein, are non-dispositive in nature. *Cf. Chambers v. Mosness,* No. 13-cv-00393-REB-MEH, 2015 WL 682821, at *1 (D. Colo. Feb. 17, 2015) (observing that a magistrate judge's order denying a motion to amend scheduling order was non-dispositive). When considering a timely objection to a non-dispositive ruling by a Magistrate Judge under Rule 72(a), a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard means the district court must affirm the magistrate judge's order unless the district court has the definite and firm conviction from all the evidence that error has occurred." *Resol. Tr. Corp. v. Fid. & Deposit Co. of Maryland*, 885 F. Supp. 228, 229 (D. Kan. 1995) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir.1988)).

A district court has substantial discretion in handling discovery requests under Rule 26(b). *See Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir.1995) ("Generally, control of discovery is entrusted to the sound discretion of the trial courts[.]" (quotation and alteration omitted)). Here, upon review of the record before it, this Court concludes that Judge Crews was neither clearly erroneous nor contrary to law in the exercise of his discretion over discovery. As Plaintiffs acknowledge, nowhere does Judge Crews suggest that Plaintiffs cannot use CORA requests to obtain information to be used in this action. [Doc. 50 at 4–5]. Thus, the Scheduling Order does not run afoul of either *Roane v. Archuleta*, 526 P.3d 220 (Colo. App. 2022), or *Martinelli v. District Court In & For City & County of Denver*, 612 P.2d 1083 (1980). *See* [Doc. 50 at 2–3]. Nor have Plaintiffs established that they are being penalized for exercising their rights under CORA. Instead, this provision of the Scheduling Order appears to be directed at ensuring that discovery proceeds in a fair and efficient manner as required by Rules 1 and 26 of the Federal Rules of Civil Procedure.

---

[1] The entered Scheduling Order reflects both Plaintiffs' position and Defendants' position. [Doc. 49 at 10]. Although not expressly interlineated, the Parties do not dispute that Judge Crews adopted the Defendants' position with respect to the number of requests for production permitted by each side and the manner by which CORA requests would be treated and counted. *See* [Doc. 50; Doc. 51].

2

Plaintiffs contend that CORA requests made by one Plaintiff should not count against all of them. [Doc. 50 at 4, ¶ 1 ("The order applies to CORA requests made by individual plaintiffs. If an individual Plaintiff for his personal reasons seeks information through CORA that could be considered related to this case, it would be unfair to penalize the other seven Plaintiffs by reducing the number of requests for production they may collectively propound in this action. Plaintiffs should not be placed in this situation.")]. To the extent that Plaintiffs reach the limits of discovery requests and find that one, many, or all of them lack sufficient requests (having had CORA requests counted against them or for other reasons), then Plaintiffs may file a motion to amend the Scheduling Order and seek to expand their numeric limit upon a showing of good cause pursuant to Rule 16(b)(4) at that time.

While this Court recognizes Plaintiffs' concerns, at this juncture, any prejudice to Plaintiffs arising from the interplay between CORA requests and the Parties' requests for production in this action is speculative. Accordingly, **IT IS ORDERED** that Plaintiffs' Objection to Magistrate Judge Order [Doc. 50] is respectfully **OVERRULED**.

DATED: May 16, 2023