# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-2680**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
CRAIG WRIGHT,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

    Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

    Defendants.

---

## [PROPOSED] PROTECTIVE ORDER
---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed

1

pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, including, without limitation, Rules 26 and 45.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or statutory privacy or business interests of Plaintiffs, Defendants, and/or third parties from whom confidential information is subpoenaed. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    b. the parties, including their designated representatives and counsel;

    c. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

    d. the Court and its employees ("Court Personnel") and the jury, if any, at trial;

    e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      f.      deponents, witnesses, or potential witnesses;

      g.      anyone as otherwise required by law; and

      h.      other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by any person as CONFIDENTIAL must first be reviewed by the person's attorney who will certify that the designation of CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a person may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL information until the 30-day period has expired.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party, person, or entity designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. If the parties cannot resolve the objection within 10 business days after the time the notice is received, it shall be the obligation of the party, person, or entity designating the information as CONFIDENTIAL to initiate a hearing utilizing this Court's discovery dispute procedures set forth in Magistrate Judge Crews's Civil Practice Standards. If such a hearing is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If the designating party fails to pursue a hearing within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party, person, or entity designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Unless other arrangements are agreed upon in writing by the parties, within 30 days of the final determination of this action, each person or party who has received CONFIDENTIAL information shall be obligated to return the CONFIDENTIAL information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENTIAL information, including any copies, and certify that it has been destroyed. The receiving party, however, need not destroy or return (a) any CONFIDENTIAL information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information.

10. Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. The party, person, or entity seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED:  BY THE COURT:

_____
United States Magistrate Judge