"

"

"

"

"

"

"

"

"

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-2680**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
CRAIG WRIGHT, and
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

      Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendants.

---

## PLAINTIFFS' INITIAL DISCLOSURES

---

      Plaintiffs submit the following initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A):

*1. The name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

      1.      Charles Bradley Walker, c/o Plaintiffs' counsel.  Mr. Walker will have information regarding his desire to exercise his Second Amendment rights and how Superior's ordinance infringes on those rights.

1

2. Bryan LaFonte, c/o Plaintiffs' counsel.  Mr. LaFonte will have information regarding his desire to exercise his Second Amendment rights and how Louisville's ordinance infringes on those rights.

3. Craig Wright, c/o Plaintiffs' counsel.  Mr. Wright will have information regarding his desire to exercise his Second Amendment rights and how Louisville's ordinance infringes on those rights.

4. Gordon Madonna, c/o Plaintiffs' counsel.  Mr. Madonna will have information regarding his desire to exercise his Second Amendment rights and how Louisville's ordinance infringes on those rights.

5. James Michael Jones, c/o Plaintiffs' counsel.  Mr. Jones will have information regarding his desire to exercise his Second Amendment rights and how the City of Boulder's ordinance infringes on those rights.

6. Martin Carter Kehoe, c/o Plaintiffs' counsel.  Mr. Kehoe will have information regarding his desire to exercise his Second Amendment rights and how Boulder County's ordinance infringes on those rights.

7. A representative of the Rocky Mountain Gun Owners, c/o Plaintiffs' counsel.  A representative of RMGO will have information regarding its members' desire to exercise their Second Amendment rights and how the municipalities' ordinances infringe on those rights.

8. A representative of the National Association for Gun Rights, Inc., c/o Plaintiffs' counsel.  A representative of NAGR will have information regarding its members' desire to exercise their Second Amendment rights and how the municipalities' ordinances infringe on those rights.

    9.    All persons who submit declarations and/or affidavits in this case concerning the subject matter of such declarations/affidavits.

    10.    Any person necessary for impeachment or rebuttal.

    11.    Any person disclosed by any other party.

    12.    Any persons necessary to authenticate or lay the foundation for any exhibit.

*2. A copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

    1. Any document attached or referred to in any pleading.

    2. Any document necessary for impeachment and/or rebuttal.

    3. Any document disclosed by any other party.

*3. A computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered*

    Plaintiffs Rocky Mountain Gun Owners and National Association for Gun Rights do not seek damages on behalf of their members. The individual Plaintiffs' damages have been mitigated somewhat by the fact that the ordinances were effective for only a few weeks before they were stayed in this action. However, the individual Plaintiffs reserve the right to assert additional damages if the stays in this matter are lifted. In addition, at a minimum, the individual Plaintiffs will seek nominal damages.

*4. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

    N/A

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Voice:  (303) 205-7870; Fax:  (303) 463-0410
Email:  barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2015, I emailed the foregoing to counsel for Defendant at:

Careydunne1@gmail.com
gvaughan@vaughandemuro.com
cmuse@vaughandemuro.com
vnd@vaughandemuro.com
david.toscano@davispolk.com
christopher.lynch@davispolk.com
christopher.lynch@davispolk.com
wtaylor@everytown.org
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
truhland@bouldercounty.org
dhughes@bouldercounty.org
hendrik.vanhemmen@davispolk.com
james.windels@davispolk.com

*/s/ Barry K. Arrington*
_____
Barry K. Arrington

4