IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-2680-NYW-SKC**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
CRAIG WRIGHT,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

    Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

    Defendants.

---

## MOTION TO EXCLUDE KLAREVAS DECLARATION REPUDIATING HIS PRIOR DECLARATION

---

Plaintiffs move the Court to exclude the Declaration of Louis Klarevas dated October 20, 2023. As grounds for this motion they state:

**Conferral**: Plaintiffs' counsel has conferred with Defendants' counsel. Defendants oppose this motion.

1

**A.   Introduction**

1.   Defendants served Dr. Klarevas' expert declaration on Plaintiffs on May 5, 2023 (the "May 5 Declaration"). In his May 5 Declaration, Dr. Klarevas estimated that there are approximately 24.4 million "modern sporting rifles" (i.e., AR-15 and similar rifles) in circulation in the United States. ECF 76, 12. Dr. Klarevas based his estimate on an industry compilation produced by the National Shooting Sports Foundation ("NSSF"). *Id*. In their motion for summary judgment Plaintiffs stated that they are willing to stipulate to the accuracy of Dr. Klareas' estimate.[1] *Id*.

2.   Unfortunately, on October 20, 2023, Defendants submitted a new declaration from Dr. Klarevas at ECF 78-11, pages 2 and 3 (the "New Declaration"). In his New Declaration, Dr. Klarevas attempted to repudiate the NSSF report upon which he relied in his May 5 Declaration.

3.   For the reasons set forth below, Plaintiffs respectfully move the Court to exclude Dr. Klarevas' New Declaration.

**B.   Dr. Klarevas Has Relied on the NSSF Report in Many Declarations**

4.   Dr. Klarevas is a prolific Second Amendment witness for the government. ECF 78-11, p. 7-8. Indeed, since 2019, he has testified for the government in 27 cases. *Id*.

---

[1] While Plaintiffs' expert's estimate is somewhat higher, the important point is that the parties agree that tens of millions of such weapons are in circulation in the United States.

5.     Since at least 2020, Dr. Klarevas has cited the NSSF report in estimating the number of modern sporting rifles in circulation. See Exhibit B (excerpt from January 23, 2020, Klarevas declaration citing NSSF data).

6.     Since the Supreme Court rendered its decision in *Bruen*, Dr. Klarevas has filed declarations in at least seven cases in which he had cited NSSF data in a manner practically identical to his May 5 Declaration in this case. Plaintiffs have compiled excerpts from Dr. Klarevas' declarations in following cases: *Barnett v. Raoul*, 3:23-cv-209 (S.D. Ill.); *NAGR v. Lamont*, 22-cv-1118 (D. Conn.); *Viramontes v. County of Cook*, 21-cv-4595 (N.D. Ill.); *Herrera v. Raoul*, 23-cv-532 (N.D. Ill.); *NAGR v. Highland Park*, 22-cv-4774 (N.D. Ill.); *Miller v. Bonta*, 3:19-cv-1537 (S.D. Cal.); and *Capen v. Campbell*, 22-cv-11431 (D. Mass.). Exhibit C. The relevant passages from these declarations are practically identical to the passage in the May 5 Declaration.

7.     Only ten days ago, the court in *Miller v. Bonta*, 2023 WL 6929336 (S.D. Cal. Oct. 19, 2023), relied on Dr. Klarevas' declaration in that case when it made the following finding: "Dr. Louis Klarevas reports that there are now an estimated 24.4 million rifles like the AR-15 rifles and AK-47 rifles in circulation in the United States." *Id.* at *33.

### C.     Plaintiffs Are Prejudiced by Dr. Klarevas' New Declaration

8.     It is not necessary to exclude evidence that is disclosed after the disclosure deadline if the late disclosure is "harmless." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). But if the late

3

disclose surprises and prejudices the other party it must be excluded. The following factors are weighed to determine if the late disclosure was harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*.

9. Plaintiffs are prejudiced and surprised and have no opportunity to cure the prejudice. Therefore, the New Declaration is not harmless.

10. Plaintiffs' litigation strategy has been based on their understanding that no one seriously disputes that there are tens of millions of modern sporting rifles in circulation in the United States.

11. As the court held in *Miller v. Bonta, supra*, Dr. Klarevas' May 5 Declaration establishes this fact.

12. Plaintiffs are surprised that over five months after submitting his May 5 Declaration, Dr. Klarevas has all of a sudden decided to repudiate the NSSF data that he has been citing for years in several cases.

13. Plaintiffs are prejudiced. In May, Dr. Klarevas confirmed Plaintiffs' understanding that Defendants would not seriously dispute the NSSF data that showed that there are tens of millions of modern sporting rifles in the United States. Thus, there was no reason for them to retain an expert to rebut Dr. Klarevas' opinion. Indeed, far from rebutting his opinion, as they noted in their motion for summary judgment, they are willing to stipulate to the estimate of

4

modern sporting rifles contained in the May 5 Declaration. If Dr. Klarevas had disputed the NSSF data as he is attempting to do now, they would have had an opportunity to retain a rebuttal expert. The deadline for disclosing a rebuttal expert has long since past.

14. Plaintiffs have no opportunity to cure the prejudice. The parties' cross motions for summary judgment have already been filed. Plaintiffs affirmatively relied on Dr. Klarevas' May 5 Declaration in their motion. There is no way that Plaintiffs would be able to cure the prejudice caused by allowing the New Declaration after Plaintiffs have already filed a summary judgment motion relying on the May 5 Declaration.

**D.   The New Declaration Should be Excluded as Hearsay**

15. An expert is allowed to rely on hearsay in forming his opinions. But "[i]f an expert simply parrots another individual's out-of-court statement . , ., then the expert is, in effect, disclosing that out-of-court statement for its substantive truth; the expert thereby becomes little more than a backdoor conduit for an otherwise inadmissible statement." *United States v. Pablo*, 696 F.3d 1280, 1288 (10th Cir. 2012)

16. This is exactly what Dr. Klarevas is attempting to do in his New Affidavit. In paragraph 3, he simply parrots the statements of others about the NSSF report. He states that "it was reported" that certain statements about the NSSF data had been made. He states that in another case certain testimony about the NSSF data was given. Thus, the entire purpose of the New Affidavit is not to

5

convey Dr. Klarevas' independent judgement about the NSSF data but to serve as a "backdoor conduit" for these hearsay statements.

### E. Conclusion

17. For the foregoing reasons, Plaintiffs respectfully move the Court to exclude the New Affidavit. If the Court is inclined to allow the New Affidavit, Plaintiffs move the Court to stay the present summary judgment briefing schedule for 90 days[2] to allow them an opportunity to retain an expert to submit a declaration rebutting the New Declaration.

*/s/ Barry K. Arrington*

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
(303) 205-7870
barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

---

[2] Plaintiffs request 90 days because it is often difficult to retain an expert and have them produce a report in the middle of the holiday season, which is upon us.

I hereby certify that on October 29, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington