IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02680-NYW-JPO

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
CRAIG WRIGHT,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

      Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendants.

---

## MOTION FOR ADDITIONAL DISCOVERY

---

Plaintiffs move the Court for to amend the Scheduling Order to allow them to conduct limited additional discovery. As grounds for this motion, they state:

**Certification**.  Plaintiffs' counsel has conferred with Defendants' counsel. Defendants oppose this motion.

On December 6, 2023, Judge Gallagher entered an order in *Gates v. Polis*, Case No. 2022-cv-1866, partially striking Mark Passamanceck's expert declaration pursuant to Rule 702. See *Id.*, ECF 109. At the same time, because of the

1

importance of the issues implicated in these cases, Judge Gallagher allowed Plaintiffs an opportunity to supplement the record. *Id.*, ECF 109, P. 9. He subsequently entered an order allowing Plaintiffs time to designate a substitute expert and giving the State an opportunity to respond. *Id.*, ECF 114.[1] On December 12, 2023, Plaintiffs urged this Court to follow Judge Gallagher's example if it were inclined to strike Mr. Passamanceck's declaration in this case. See Plaintiffs' Reply in Support of Their Motion for Summary Judgment, ECF 84, p. 11-12. Now that this Court has partially excluded Mr. Passamanceck's declaration (ECF 90), Plaintiffs request the Court to allow them to conduct limited additional discovery regarding the numerosity issue.

Plaintiffs move the Court to amend the Scheduling Order to reopen discovery for the limited purpose of issuing subpoenas to select arms companies to determine the number of arms they have placed in circulation. "Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Factors to be considered include: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the deadlines contained in the Scheduling Order; (5) the foreseeability of any need for additional discovery; and (6) whether the requested discovery is likely to lead to relevant evidence. *Id.*

---

[1] The parties in *Gates* subsequently agreed to dismiss the case.

2

Trial in this matter has not been set. Therefore, trial is not imminent and the first factor weighs in favor of granting the motion. The request is opposed. The Defendants assert they would be prejudiced by the delay, but since trial has not been scheduled and therefore the limited additional discovery will not delay the trial, it is not clear why that is the case. As for the fourth and fifth factors, Plaintiffs in good faith believed that the NSSF report upon which Mr. Passamanceck relied would be sufficient evidence about the numerosity issue. Indeed, Defendants' own expert relied on the NSSF report in issuing his opinions. Plaintiffs also reasonably believed the numerosity issue would be largely uncontested. Not only does Defendants' expert practically admit the matter, but also as Judge Richardson recently noted in *Bianchi v. Brown*, 2024 WL 3666180 (4th Cir. 2024), the fact that millions of AR-15s are in circulation has long been "beyond debate." *Id*. at 61. Plaintiffs did not know this discovery would be necessary and therefore they were not lacking in diligence. Finally, under the sixth factor, discovery about the number of arms placed in circulation will undoubtedly lead to relevant evidence regarding the "common use" issue.

For these reasons, Plaintiffs respectfully move the Court to amend the Scheduling Order to allow them 90 days in which to issue subpoenas for the limited purpose of discovering the number of arms placed in circulation.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033

3

(303) 205-7870
barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 16, 2024, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington