**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 22-cv-2680-NYW-SKC**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

      Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendants.

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ADDITIONAL DISCOVERY**

## INTRODUCTION

Defendants respectfully submit this opposition to Plaintiffs' Motion for Additional Discovery, dated August 16, 2024 (ECF 92).  The circumstances here strongly support denying Plaintiffs' motion.  As this Court has noted, "[a] Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Carrazco v. Morrison*, No. 1:21-cv-01277, 2022 WL 2666031, at *5 n.6 (D. Colo. July 11, 2022) (citation omitted).  And, as discussed below, the factors that the Tenth Circuit set forth in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), for assessing whether to modify a scheduling order to reopen discovery weigh heavily in favor of denial.

Discovery in this case closed over a year ago.  (*See* ECF 49 at 11.)  Other than the parties' filings on consent last week addressing the Supreme Court's recent decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), and other supplemental case law (ECF 91, 93), briefing on cross-motions for summary judgment was complete over eight months ago.  Plaintiffs have not been diligent in pursuing their newly requested discovery within the deadlines set out in the Scheduling Order (ECF 49) or even within the many months thereafter.  Defendants submit that the information Plaintiffs appear to seek would not be relevant to the issues in this case—but any additional discovery also could not be one-sided.  If discovery were reopened, Defendants would almost certainly need to pursue their own further factual and expert discovery related to Plaintiffs' subpoenas and any information obtained.  Supplemental briefing related to this new discovery would seem inevitable too.  These compounded delays arising from reopening discovery would substantially prejudice Defendants, who previously agreed to an order staying enforcement of the challenged ordinances on the good-faith assumption that this litigation would be carried out expeditiously.  For all these reasons, Plaintiffs' motion should be denied.

**LEGAL STANDARD**

Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith*, 834 F.2d at 169. When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the deadlines contained in the Scheduling Order; (5) the foreseeability of the need for additional discovery; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.*; *see Graves v. Wirta*, No. 1:20-cv-03595, 2022 WL 1443058, at *5 (D. Colo. May 6, 2022). "In addition, Rule 16(b)(4) of the Federal Rules of Civil Procedure requires the movant to demonstrate 'good cause' for amending the discovery deadline set by the Scheduling Order, which requires a showing that the movant could not have met the deadlines despite [their] diligent efforts." *Graves*, 2022 WL 1443058, at *5.

**ARGUMENT**

Plaintiffs' motion resoundingly fails under the *Smith* factors. *First*, although trial is not yet set, the motion includes no detail whatsoever on the discovery Plaintiffs seek, including the number of subpoenas they would issue or to which third parties, the scope of those subpoenas, or the basis for believing that objections could be resolved and information provided within a 90-day period. Instead, all Plaintiffs state in their motion is that they would "issu[e] subpoenas to select arms companies to determine the arms they have placed in circulation" and that they move "to amend the Scheduling Order to allow them 90 days in which to issue subpoenas for the limited purpose of discovering the number of arms placed in circulation." (ECF 92 at 2-3.) But if Plaintiffs intend to seek discovery from firearms and magazine manufacturers, there is significant reason to believe that those subpoenas would be vigorously opposed by the third

parties, leading to delays even beyond 90 days. *Cf., e.g.*, *Gates v. Polis*, No. 1:22-cv-01866 (D. Colo.) (ECF 50-53, 63, 64) (motion practice regarding Beretta, a firearms manufacturer, seeking to amend a protective order before producing nationwide sales data; motion pending for more than a month when mooted by withdrawal of subpoena). Moreover, "[t]he fact that trial is no[t] [] imminent . . . does not necessarily warrant reopening discovery." *Carroll v. SAFECO Ins. Co. of Am.*, No. 1:20-cv-00219, 2020 WL 7664731, at *5 (D. Colo. Dec. 24, 2020). This Court has previously declined to reopen discovery in a case where no trial date had been set. *See White v. Deere & Co.*, No. 13-CV-02173-PAB-NYW, 2015 WL 5081609, at *8 (D. Colo. Aug. 28, 2015). Accordingly, the lack of a trial date does not weigh in favor of granting the motion.

*Second*, the motion is opposed. For clarification of the record, over four weeks ago Plaintiffs sought Defendants' consent to submit a supplemental expert report and take limited discovery related to that supplemental expert report. Specifically, Plaintiffs' counsel indicated that Plaintiffs sought to submit essentially the same supplemental expert report and follow the same discovery plan as in *Gates v. Polis*. *See* No. 1:22-cv-01866 (D. Colo.) (ECF 116, 118). Defendants stated that they would oppose Plaintiffs' request. Plaintiffs have never sought consent from Defendants to reopen fact discovery and file third-party subpoenas. Regardless, for the reasons explained herein, Defendants oppose reopening discovery in any form. This "weighs against reopening discovery." *Graves,* 2022 WL 1443058, at *6 (citing *Branch v. United Parcel Serv.*, No. 18-CV-03358-PAB-KLM, 2021 WL 4820540, at *2 (D. Colo. Oct. 14, 2021)).

*Third*, the additional delay entailed by reopening would substantially prejudice Defendants. Defendants have voluntarily suspended the challenged ordinances here on the assumption that this litigation would be resolved expeditiously. Yet Plaintiffs request a lengthy, 90-day period for completion of the additional discovery they seek, which is roughly half as long

4

as the entire discovery period in the Scheduling Order. But even that timeframe seems optimistic and is inherently unpredictable. If Plaintiffs were successful in obtaining third-party discovery from firearms and magazine manufacturers (or others), Defendants would likely require further discovery to contextualize that information, including, for example, data on the number of sales to discrete individuals, internal marketing communications, and information on distributions and sales to third-party distributors and retailers.[1] It is also likely that any information obtained through these subpoenas would require expert analysis, leading to additional delays for Plaintiffs to try to obtain an expert, for Defendants to decide whether to retain another expert, and for new expert reports from both Plaintiffs and Defendants. At the conclusion of reopened discovery, Plaintiffs presumably would seek to supplement their summary judgment papers based on any information collected, and Defendants would then need time to respond to any such supplemental submission. Plaintiffs' motion, however, says nothing about how or when any of that would occur. In short, the unspecified relief Plaintiffs seek would result in significant delay in this case—all of which is entirely of Plaintiffs' own making and could have been avoided had they exercised proper diligence in pursuing their claims. It should not be permitted. *See White*, 2015 WL 5081609, at *8 (declining to reopen discovery where doing so "would upend the progress of the case that the court and the Parties reasonably expected, without any reasonable justification or any guarantee that the contemplated discovery is either obtainable or relevant").

Plaintiffs' reliance on *Gates v. Polis*, No. 1:22-cv-01866 (D. Col.), previously pending before Judge Gallagher and now voluntarily dismissed with prejudice, is misplaced and does not

---

[1] Document discovery and depositions both may be necessary to obtain this information. A full understanding of the data might also require additional subpoenas to third-party distributors, retailers, or others in the industry. All of this would create significant additional delay.

support their motion.  In *Gates*, after Judge Gallagher struck plaintiffs' expert witness, Mark Passamaneck, last December, he allowed plaintiffs to reopen discovery for the limited purpose of retaining a substitute expert.  *Gates*, No. 1:22-cv-01866 (ECF 109 at 9-10).  The parties then agreed to a joint plan for supplemental expert discovery following a temporary stay of proceedings pending the Supreme Court's decision in *Rahimi*, which Judge Gallagher so ordered. *Id.* (ECF 113, 114).  Judge Gallagher never ordered a reopening of fact discovery and the issuance of third-party subpoenas, as Plaintiffs request here. Moreover, unlike  in *Gates*, where the State of Colorado's prohibition on LCMs remained in effect during the pendency of the case, Defendants' ordinances remain suspended.  Defendants submit that with *Rahimi* decided, this Court should now proceed to resolution of the parties' cross-motions for summary judgment and final adjudication on the merits.  *See Silverstein v. Fed. Bureau of Prisons*, No. 07–cv–02471– PAB–KMT, 2011 WL 588717, at *2 (D. Colo. Feb. 10, 2011) ("Defendants would be prejudiced if discovery were reopened in light of the fact that their summary judgment motion has already been filed."); *see also Butler v. Boeing Co.*, 110 F. App'x 71, 73 (10th Cir. 2004) (unpublished) (affirming trial court's denial of motion to reopen discovery after summary judgment filed and on basis of relevance).

*Fourth*, Plaintiffs have failed entirely to exercise proper diligence.  Plaintiffs filed this case in October 2022, nearly two years ago.  On January 19, 2023, after the parties met and conferred and appeared at an initial case management conference, the Court entered a Scheduling Order (ECF 49) establishing a clear process and timeline for  discovery.  Plaintiffs elected to engage in minimal discovery, issuing no subpoenas, presenting only one expert witness on a narrow and questionably relevant range of issues, and not taking any depositions of Defendants or their experts.  All fact and expert discovery was completed over a year ago, consistent with

6

the July 28, 2023 deadline in the Scheduling Order. "[D]iscovery that could have been completed within the window provided by the Scheduling Order" does not warrant reopening. *Carroll*, 2020 WL 7664731, at *6; *see also White*, 2015 WL 5081609, at *8 (declining to reopen discovery where plaintiff had not "addressed why any of the belatedly requested discovery could not have been obtained prior to the close of discovery if diligently sought").

*Fifth*, and relatedly, the grounds Plaintiffs now raise for the reopening of discovery were entirely foreseeable.[2] On September 15, 2023, Defendants filed a motion to partially strike Plaintiffs' expert in this case, Mr. Passamaneck. (ECF 68.) Although Defendants' motion made clear the deficiencies in Mr. Passamaneck's report and testimony regarding the number of assault weapons and LCMs in circulation, Plaintiffs did not take steps at that time to address these deficiencies or seek permission to reopen discovery. *See Carbajal v. Warner*, No. 10-CV-02862-CMA-KLM, 2015 WL 7450269, at *7 (D. Colo. Nov. 24, 2015) (declining to reopen discovery in part because plaintiff "should have foreseen the need for this type of discovery long ago"). Instead, in their summary judgment reply brief filed in December 2023, Plaintiffs mentioned only the possibility of seeking further expert testimony if the Court granted Defendants' motion to strike their expert.[3] (*See* ECF 84 at 11-12.) This type of "contingent request," embedded in a summary judgment brief at a time when Plaintiffs were fully aware of

---

[2] Plaintiffs' assertion that they "reasonably believed the numerosity issue would be largely uncontested" (ECF 92 at 3) is baseless. Defendants have contested this issue throughout the litigation, including in their responses to Plaintiffs' written discovery requests. *See also* Def. SJ Opp. at 13 (noting that "[e]ven if Plaintiffs were correct that they could satisfy their burden under the first step of *Bruen* by proof of a substantial number of assault weapons and LCMs in circulation, they have failed to satisfy even that standard in this case"). Indeed, Plaintiffs' proffering of Mr. Passamaneck as an expert on this very question belies their contention that they thought it was not at issue.

[3] Notably, Plaintiffs made no mention of reopening fact discovery and serving third-party subpoenas, as they now request.

7

the potential deficiencies in the record they created, should not excuse Plaintiffs' lack of basic diligence in pursuing discovery in this case.

Even after Judge Gallagher ordered that plaintiffs in *Gates* could serve a supplemental expert report, Plaintiffs here merely filed a "Notice" of Judge Gallagher's order on this Court's docket. (*See* ECF 86, dated January 30, 2024.) Plaintiffs could have filed a motion with this Court, either for leave to serve a supplemental expert report or for the additional fact discovery they currently seek. Indeed, at that time, Plaintiffs' counsel reached out to Defendants to propose a similar plan for supplemental expert discovery as Judge Gallagher had just allowed in *Gates*. But Defendants stated that they would oppose, and Plaintiffs chose not to move for any such relief. That is not close to the sort of diligence required here. *See Spacecon Specialty Contractors, LLC v. Bensinger*, No. 09-cv-02080-REB-KLM, 2010 WL 4823056, at *6 (D. Colo. Nov. 15, 2010) (finding that the plaintiff lacked diligence where he failed to explain why he waited four months to file motion to reopen discovery).

In addition, when more than a month ago the Court granted Defendants' motion to partially strike Mr. Passamaneck's expert report and partially exclude his testimony (ECF 90)—and did not "follow the example of Judge Gallagher and allow them to supplement their expert testimony," as Plaintiffs had suggested in their summary judgment reply (ECF 84 at 11-12)—Plaintiffs still did not move for that relief or otherwise to reopen discovery. Instead, Plaintiffs waited another twenty-five days before bringing this motion. *See Spacecon Specialty Contractors*, 2010 WL 4823056, at *6.

And *sixth*, in any event, the discovery Plaintiffs now seek is neither necessary for nor relevant to the resolution of this case. As discussed in Defendants' summary judgment papers, the number of assault weapons and large capacity magazines ("LCMs") currently in circulation

8

is not the relevant question under the Second Amendment.[4]  As recognized by numerous courts applying the governing analysis under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *Rahimi*, the mere number of assault weapons and LCMs is not the applicable constitutional inquiry.  *See, e.g.*, *Bevis v. City of Naperville*, 85 F.4th 1175, 1198-99 (7th Cir. 2023) ("[W]e decline to base our assessment of the constitutionality of these [challenged assault weapon and LCM] laws on numbers alone."), *cert. denied sub nom. Harrel v. Raoul*, 144 S. Ct. 2491 (2024).  Rather, under the first step of the Second Amendment analysis, Plaintiffs bear the burden of showing that these instruments are "in common use today for self-defense"—not that they are widely sold and possessed.  *See* Defs.' SJ Mot. (ECF 78), at 12-14; Defs.' SJ Opp'n (ECF 82), at 9-12; Defs.' SJ Reply (ECF 83), at 4-6.  Plaintiffs have entirely failed to carry that burden here.  *See* Defs.' SJ Reply (ECF 83), at 3-4.  "[N]o other constitutional right waxes and wanes based solely on what manufacturers choose to sell and how Congress chooses to regulate what is sold, and the Second Amendment should be no exception."  *Nat'l Ass'n for Gun Rts. v. Lamont*, 685 F. Supp. 3d 63, 102 (D. Conn. 2023); *see also* Defs.' SJ Opp'n at 11 n.5 (collecting cases).

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' Motion for Additional Discovery be denied.

---

[4] *See* Defendants' Motion for Summary Judgment (ECF 78) ("Defs.' SJ Mot."), at 12-14; Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, dated November 21, 2023 (ECF 82) ("Defs.'SJ Opp'n"), at 9-12; Defendants' Reply in Support of Their Motion for Summary Judgment, dated December 12, 2023 (ECF 83) ("Defs.' SJ Reply"), at 3-8.

Dated: August 23, 2024

Respectfully submitted,

By: s/ Gordon L. Vaughan_____
Gordon L. Vaughan
VAUGHAN & DEMURO
111 South Tejon Street
Suite 545
Colorado Springs, CO 80903
(719) 578-5500
gvaughan@vaughandemuro.com
*Counsel for Town of Superior and City of Louisville*

Antonio J. Perez-Marques
James H.R. Windels
Christopher P. Lynch
David B. Toscano
Hendrik van Hemmen
James C. Butler
Jennifer Kim
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4515
antonio.perez@davispolk.com
james.windels@davispolk.com
christopher.lynch@davispolk.com
david.toscano@davispolk.com
hendrik.vanhemmen@davispolk.com
james.butler@davispolk.com
jennifer.kim@davispolk.com
*Counsel for All Defendants*

Carey R. Dunne
Kevin Trowel
Martha Reiser
FREE AND FAIR LITIGATION GROUP
266 W. 37th Street, 20th Floor
New York, NY 10018
(917) 499-2279
carey@freeandfairlitigation.org
kevin@freeandfairlitigation.org
martha@freeandfairlitigation.org
*Counsel for All Defendants*

William Taylor
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box 4184
New York, NY 10163
(646) 324-8215
wtaylor@everytown.org
*Counsel for All Defendants*

Luis A. Toro
Teresa T. Tate
BOULDER CITY ATTORNEY'S OFFICE
P.O. Box 791
1777 Broadway
Boulder, CO 80306
(303) 441-3020
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
*Counsel for the City of Boulder*

David Evan Hughes
Catherine R. Ruhland
BOULDER COUNTY ATTORNEY'S OFFICE
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org
*Counsel for the Board of County Commissioners of Boulder County*

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

s/ Gordon L. Vaughan
Gordon L. Vaughan