IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02680-NYW-TPO

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

    Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

    Defendants.

**PLAINTIFFS RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiffs submit the following response to the Court's September 30, 2024, Order to Show Cause [Doc. 96, "Order")].

**I.    Plaintiffs Incorporate Their Prior Standing Submissions**

Plaintiffs hereby incorporate the facts and legal arguments regarding standing contained in their motion for summary judgment and their reply in support of that motion. They appreciate the opportunity the Court has given them to provide the additional information set forth below.

1

## II. The Individual Plaintiffs Have Standing

### A. Bryan LaFonte

#### 1. Description of Arms

Mr. LaFonte owns a Daniel Defense DDM4V7 rifle, which he purchased on June 10, 2022, from Fuquay Gun. Declaration of Bryan LaFonte, ¶¶ 2-4. Mr. LaFonte owns a PA-15 rifle, which he purchased on February 28, 2024, from Palmetto State Armory. LaFonte Dec, ¶¶ 6-8. Photographs of these rifles are set forth in Mr. LaFonte's declaration. LaFonte Dec, ¶¶ 2 and 6. These rifles fall under the definition of "assault weapon" pursuant to the City of Louisville Ordinance because each is a semi-automatic center-fire rifle that has the capacity to accept a detachable magazine and each has a pistol grip, a telescoping stock, a flash suppressor, and a shroud that completely encircles the barrel.

Mr. LaFonte owns 14 Mission First Tactical 15/30PM556 AR-15 magazines, which he purchased from Sportsman's Warehouse (11 in June 2022 and three in October 2023). LaFonte Dec, ¶¶ 10-13. Each of these magazines has a capacity of 15 rounds. LaFonte Dec, ¶ 14. Mr. LaFonte owns seven Sig Sauer P365 XL Magazines. LaFonte Dec, ¶ 15. He purchased two of these on September 6, 2022 from gunbroker.com; one on September 16, 2022 from sigsauer.com; one in July 2023 from Westminster Arms; one in August 2023 from Westminster Arms; and two in March 2024 from Sheels. LaFonte Dec, ¶¶ 16-20. These were all 12-round magazines in their stock configuration, but Mr. LaFonte modified three of them to hold up to 14 rounds. LaFonte Dec, ¶ 21. Photographs of all of Mr. LaFonte's magazines appear in his declaration. LaFonte Dec, ¶¶ 10 and 15. All of these magazines fall under the definition

2

of large capacity magazine ("LCM") pursuant to the City of Louisville Ordinance because they all have a capacity in excess of ten rounds.

Mr. LaFonte plans to purchase a Daniel Defense DD5V4 (7.62×51mm NATO) within the next year. LaFonte Dec, ¶ 24. This is an "assault weapon" under the City of Louisville Ordinance because it is a semi-automatic center-fire rifle that has the capacity to accept a detachable magazine and has a pistol grip, a telescoping stock, a flash suppressor, and a shroud that completely encircles the barrel. *Id*. Mr. LaFonte intends to purchase 4–6 15-round magazines for use with this firearm. *Id*.

Mr. LaFonte plans to purchase a Glock 19 Gen5 pistol with a threaded barrel in the next 6 months. LaFonte Dec, ¶ 24. This is an "assault weapon" under the City of Louisville Ordinance because it is a semi-automatic center-fire pistol that has a threaded barrel. Mr. LaFonte intends to purchase 4–6 15-round magazines for use with this firearm. *Id*. Finally, Mr. LaFonte intends to purchase three additional 12-round P365 XL magazines within one year. LaFonte Dec, ¶ 24.

### 2. Mr. LaFonte Has Standing

Mr. LaFonte has the standing to challenge the City of Louisville's magazine ban because each of his magazines qualifies as an LCM, the possession of which is prohibited under the Ordinance. The Ordinance does not include a grandfather clause for LCMs. This meansit requires him to immediately divest himself of his constitutionally protected arms. *Citizen Ctr. v. Gessler*, 770 F.3d 900, 910 (10th Cir. 2014) ("we must assume for purposes of the standing inquiry that each claim is legally valid."). Mr. LaFonte will suffer an injury in fact if he is required to divest himself of his protected arms. The Ordinance obviously causes this injury, and the

3

injury may be redressed by enjoining the Ordinance. He has demonstrated standing under the *Colo. Outfitters* standard. See 823 F.3d at 544.

Mr. LaFonte has standing to challenge the City of Louisville's assault weapon ban because each of his rifles qualifies as an assault weapon, the possession of which is prohibited under the Ordinance. As for the grandfathering issue, Mr. LaFonte cannot grandfather his PA-15 rifle because he purchased it on February 28, 2024, and only arms possessed prior to July 1, 2022, are eligible to be grandfathered. Louisville Ordinance, Sec. 9.86.010(a).

In addition to being required to divest himself of his currently possessed protected arms, Mr. LaFonte has pre-enforcement standing. Mr. LaFonte has stated that he has current plans to acquire specific assault weapons and LCMs within the next six months to a year. This evidence is unlike the "some day" allegations at issue in *Colorado Outfitters*. In summary, the evidence that Mr. LaFonte intended to engage in conduct prohibited by the Louisville Ordinance as of the time the Complaint was filed is overwhelming. Indeed, Mr. LaFonte's intention to acquire the banned arms is conclusively demonstrated by the fact that he did in fact acquire such arms after the Complaint was filed.

### B. James Jones

#### 1. Description of Arms

Mr. Jones owns an S&W Sport I rifle, an S&W Sport II rifle, and a Colt Expanse CE1000 rifle. Declaration of James Jones, ¶¶ 2-4. Each of these is an "AR platform" rifle, which means it is similar to an AR-15. *Id.* Each is an "assault weapon" pursuant to the City of Boulder "assault weapon" ban because it is a semi-

automatic center-fire rifle that has the capacity to accept a detachable magazine and it has a pistol grip. Mr. Jones purchased these rifles on September 8, 2015, June 23, 2016 and July 21, 2016, respectively. *Id*.

Mr. Jones has eight S&W 6906 magazines with a capacity of 12 rounds that he purchased in August 2017. Jones Dec. ¶ 5. He has a HEXMAG HX-AR Series 2 magazine with a capacity of 15 rounds that he purchased in July 2016. Jones Dec. ¶ 6. Each of Mr. Jones' magazines is an LCM as defined in the City of Boulder Ordinance because each has a capacity in excess of ten rounds. Mr. Jones plans to purchase a CZ compact 75D magazine with a capacity of 14 rounds within the next year. This magazine is a banned LCM because it has a capacity in excess of ten rounds.

### 2. Mr. Jones Has Standing

Similar to Mr. LaFonte,[1] Mr. Jones has the standing to challenge the City of Boulder's magazine ban because each of his magazines qualifies an LCM, the possession of which is prohibited under the Ordinance. The Ordinance does not include a grandfather clause for LCMs. Thus, it requires him to immediately divest himself of his constitutionally protected arms. Mr. Jones has standing to challenge the City of Boulder's assault weapon ban because each of his rifles qualifies as an assault weapon, the possession of which is prohibited under the Ordinance. In addition to being required to divest himself of his currently possessed protected

---

[1] For the sake of eliminating redundancy, Plaintiffs will only summarize the standing analysis for persons other than Mr. LaFonte.

5

arms, Mr. Jones has pre-enforcement standing. Mr. Jones has stated that he has plans to acquire a specific LCM within the next year.

### C. Gordon Madonna

#### 1. Description of Arms

Mr. Madonna owns a Colt Model 6920 rifle chambered in .223. Declaration of Gordon Madonna, ¶ 2. This is an "AR platform" rifle, which means it is similar to an AR-15. *Id*. This is an "assault weapon" pursuant to the City of Louisville Ordinance because it is a semi-automatic center-fire rifle that has the capacity to accept a detachable magazine and it has a pistol grip. *Id*. Mr. Madonna purchased this rifle in approximately 2010. *Id*. Mr. Madonna owns approximately 15 magazines with a capacity of 30 rounds. Madonna Dec. ¶ 3. He has used these magazines with his Colt rifle for years. *Id*. They are PMAG 30 AR/M4 magazines from Magpul Industries. *Id*. Mr. Madonna plans to replace at least two of his magazines with magazines that have a capacity in excess of ten rounds within the next year because those two magazines are currently worn out. *Id*.

#### 2. Mr. Madonna Has Standing

Similar to Mr. LaFonte, Mr. Madonna has the standing to challenge the City of Louisville's magazine ban because each of his magazines qualifies as an LCM, the possession of which is prohibited under the Ordinance. The Ordinance does not include a grandfather clause for LCMs. Thus, it requires him to immediately divest himself of his constitutionally protected arms. Mr. Madonna has standing to challenge the City of Louisville's assault weapon ban because each of his rifles qualifies as an assault weapon, the possession of which is prohibited under the

6

Ordinance. In addition to being required to divest himself of his currently possessed protected arms, Mr. Madonna has pre-enforcement standing. Mr. Madonna has stated that he has plans to acquire specific LCMs within the next year.

### 3. It is Not Necessary to Evaluate Both Mr. Madonna's Standing and Mr. LaFonte's

As long as at least one plaintiff has standing to assert claims against the City of Louisville, the action against the City may go forward. *Does 1-11 v. Bd. of Regents of Univ. of Colorado*, 100 F.4th 1251, 1263 (10th Cir. 2024). Therefore, it is not necessary to evaluate both Mr. Madonna's standing and Mr. LaFonte's.

### D. Charles Bradly Walker

#### 1. Description of Arms

Mr. Walker owns the following firearms and magazines:

(a) a Glock 17 that he acquired in the 90s.

(b) a Russian SKS that he acquired in the 90s.

(c) a Swedish army rifle that he acquired more than 10 years ago.

(d) a Browning shotgun.

(e) 19-round, 21-round, and 33 round magazines for his Glock 17 handgun.

Declaration of Charles Bradley Walker, ¶¶ 2, 4.

The Glock 17 falls within the definition of assault weapon under the Superior ordinance because it is a semi-automatic center-fire pistol with a threaded barrel. All of the magazines are "large capacity magazines" under the Superior Ordinance because they all have the capacity to accept more than ten rounds.

#### 2. Mr. Walker Has Standing

7

Similar to Mr. LaFonte, Mr. Walker has standing to challenge the Town of Superior's magazine ban because each of his magazines qualifies as an LCM, the possession of which is prohibited under the Ordinance. The Ordinance does not include a grandfather clause for LCM., Thus, it requires him to immediately divest himself of his constitutionally protected arms. Mr. Madonna has standing to challenge the City of Louisville's assault weapon ban because each of his rifles qualifies as an assault weapon, the possession of which is prohibited under the Ordinance.

### E.     Martin Kehoe

#### 1.     Description of Arms

Mr. Kehoe owns the following firearms:

(a) Zastava ZPAPM70 -- 7.62x39 (purchased on 6/30/2023);

(b) Rock River LAR-15 -- 5.56 (purchased in May 2009);

(c) Colt LE6920 – 5.56 (purchased in August 2019);

(d) Colt LE6920 – 5.56 (c2) (purchased on March 17, 2022);

(e) Aero Precision M5 .308 semi-auto rifle (purchased on March 15, 2024).

Declaration of Martin Kehoe, ¶ 2.

Each of these rifles is an "assault weapon" as defined in Boulder County's Ordinance because each of them is a semi-automatic center-fire rifle that has the capacity to accept a detachable magazine and each has a pistol grip. Kehoe Dec., ¶ 3.

Mr. Keohoe owns the following magazines:

(a) 2 Sig Sauer 30-round magazines – 5.56;

(b) 1 Glock 19 15-round magazine;

(c) 4 Springfield Hellcat 13-round magazines

(d) 1 Springfield Hellcat 15-round magazines.

Kehoe Dec., ¶ 4.

Each of these magazines is an LCM under Boulder County's Ordinance because it has a capacity in excess of ten rounds. Kehoe Dec., ¶ 4.

As of the date this action was filed, he planned to purchase additional "assault weapons" as that term is defined in the Boulder County Ordinance. Kehoe Dec., ¶ 6. He followed through on those plans when he purchased the Aero Precision M5 .308 semi-auto rifle on March 15, 2024. *Id*.

### 2. Mr. Kehoe Has Standing

As of the date this action was filed, Mr. Kehoe had pre-enforcement standing. He planned to acquire additional assault weapons, the acquisition of which was banned by the Boulder County Ordinance. These were concrete plans as evidenced by the fact that he followed through on the plans while the Ordinance was stayed.

## III. Facts Regarding the Organizational Plaintiffs' Standing

### A. Superior

1. NAGR and RMGO have members in the Town of Superior, Colorado. Declaration of Hannah Hill ¶ 2. For example, in addition to named Plaintiff Charles Bradley Walker, NAGR member "RP" owns a magazine with a capacity of 32 rounds that a family member gave him 12 years ago. *Id*. This magazine is banned by the Superior Ordinance because it has a capacity in excess of 10 rounds. A RMGO

9

member referred to as "John Doe" owns a Bushmaster XM-15, which he purchased in 2014. *Id*. This rifle is banned by the Superior Ordinance because it is a semi-automatic center-fire rifle that has the capacity to accept a detachable magazine and has a pistol grip. *Id*.

### B. City of Boulder

2. NAGR and RMGO have members in the City of Boulder, Colorado. Hill Dec. ¶ 3. For example, in addition to named Plaintiff James Michael Jones, NAGR/RMGO members "John Doe" and "MG" reside in the City of Boulder. *Id*. Mr. Doe owns a "VZ 58." *Id*. MG owned an Aero Precision 556 at the time this action was filed. *Id*. After this action was filed, he sold the Aero Precision 556 and acquired an AR-15. *Id*. These weapons are "assault weapons" under the Boulder Ordinance because each is a semi-automatic center-fire rifle that has the capacity to accept a detachable magazine and each has a pistol grip. *Id*. Mr. Doe owns a MagLite magazine with a capacity of 15 rounds; MG has 10 Springfield XC magazines with a capacity of 15 rounds. *Id*. These qualify as "large capacity magazines" because they have a capacity in excess of 10 rounds.

### C. Louisville

3. NAGR and RMGO have members in the City of Louisville, Colorado. Hill Dec. ¶ 4. For example, in addition to named Plaintiffs Bryan LaFonte and Gordon Madonna, NAGR member "AM" and RMGO member "BP" live in Louisville. *Id*. BP has owned an AR-15 since 1981, and Colt AR-15 20-round magazines. *Id*. AM acquired a Daniels Defense Mark 12 on June 11, 2022, and owns two Magpul 30-

round magazines. *Id*. These weapons are "assault weapons" under the Louisville Ordinance because each is a semi-automatic center-fire rifle that has the capacity to accept a detachable magazine and each has a pistol grip. *Id*.

### D. Boulder County

4. NAGR and RMGO have members who reside in unincorporated Boulder County, Colorado. Hill Dec. ¶ 4. For example, in addition to named Plaintiff Martin Carter Kehoe, NAGR member "CG"; a RMGO member listed as "John Doe"; and "John Roe" and "JB" (who are members of both organizations), live in unincorporated Boulder County. *Id*. CG owns a Glock 17 magazine that holds 15 rounds; John Doe has owned a Smith & Wesson M&P 15 since 2017; John Roe owns two AR platform pistols; JB owns an AR-15 which he purchased in 2009. *Id*. These weapons are "assault weapons" under the County's Ordinance because each is a semi-automatic center-fire rifle that has the capacity to accept a detachable magazine and each has a pistol grip. *Id*. Each of these members has at least one magazine with a capacity of over ten rounds.

Respectfully submitted this 1st day of November 2024.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
(303) 205-7870
barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard

11

Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2024, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington