## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-2680-NYW-TPO**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

       Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

       Defendants

---

## MEMORANDUM OF LAW OF DEFENDANTS IN SUPPORT OF
## SUMMARY JUDGMENT ON CERTAIN CLAIMS FOR LACK OF STANDING

---

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 4

I.   Defendants Do Not Contest that Plaintiffs Have Established Standing on Some
     Possession Claims ...................................................................................................... 4

II.  Plaintiffs Lack Standing to Pursue Their Assault Weapon-Based Possession Claims
     Against the Municipal Defendants ............................................................................. 5

III. Colorado State Law Deprives Plaintiffs Walker and Madonna of Standing to Challenge
     the LCM Restrictions in the Superior and Louisville Ordinances ............................. 9

IV.  Plaintiffs Lack Standing to Challenge the Ordinances' Future Conduct Clauses ........... 11

     A.   *To Establish Standing, Plaintiffs Must Demonstrate That, at the Time of Filing,
          They Had Concrete and Specific Future Plans* ......................................................... 11

     B.   *Plaintiffs Have Failed to Demonstrate Concrete Plans to Engage in Conduct
          Prohibited by the Future Conduct Clauses* ............................................................. 14

          1.   Plaintiff Walker Lacks Standing to Challenge the Superior Ordinance's
               Future Conduct Clauses ................................................................................. 14

          2.   Plaintiff Kehoe Lacks Standing to Challenge the Boulder County Ordinance's
               Future Conduct Clauses ................................................................................. 14

          3.   Plaintiff Jones Lacks Standing to Challenge the Boulder City Ordinance's
               Future Conduct Clauses ................................................................................. 14

          4.   Plaintiff Madonna Lacks Standing to Challenge the Louisville Ordinance's
               Future Conduct Clauses ................................................................................. 15

          5.   Plaintiff LaFonte Lacks Standing to Challenge the Louisville Ordinance's
               Future Conduct Clauses ................................................................................. 15

     C.   *The Organizations Lack Standing to Pursue Future Conduct Claims on Behalf of
          Their Members* ............................................................................................................. 16

CONCLUSION ..................................................................................................................... 20

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Adams v. Am. Guarantee & Liab. Ins. Co.*,
    233 F.3d 1242 (10th Cir. 2000) ......................................................................................... 18

*Argo v. Blue Cross & Blue Shield of Kansas, Inc.*,
    452 F.3d 1193 (10th Cir. 2006) ......................................................................................... 18

*Baker v. USD 229 Blue Valley*,
    979 F.3d 866 (10th Cir. 2020) ........................................................................................... 13

*Banta v. Ferguson*,
    No. 2:23-CV-00112, 2024 WL 4314788 (E.D. Wash. Sept. 26, 2024), *appeal docketed*, No. 24-6537
    (9th Cir. Oct. 24, 2024) ..................................................................................................... 3

*Barnett v. Raoul*,
    No. 3:23-CV-00209, 2024 WL 4728375 (S.D. Ill. Nov. 8, 2024), *appeal docketed*, No. 24-3060 (7th
    Cir. Nov. 12, 2024) ........................................................................................................ 3, 4

*Barnett v. Raoul*,
    No. 3:23-CV-00209, 2024 WL 4719468 (S.D. Ill. Nov. 8, 2024) ....................................... 4

*Bevis v. City of Naperville*,
    85 F.4th 1175 (7th Cir. 2023) ............................................................................................ 4

*Brown v. Herbert*,
    850 F. Supp. 2d 1240 (D. Utah 2012) .............................................................................. 14

*Carney v. Adams*,
    592 U.S. 53 (2020) ............................................................................................................. 7

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ........................................................................................................ 5, 9

*Clean Harbors, Inc. v. CBS Corp.*,
    875 F. Supp. 2d 1311 (D. Kan. 2012) .............................................................................. 17

*Colo. Outfitters Ass'n v. Hickenlooper*,
    823 F.3d 537 (10th Cir. 2016) ........................................................................ 11, 12, 15, 16, 20

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006) ........................................................................................................ 1, 2

*Davis v. FEC*,
    554 U.S. 724 (2008) .......................................................................................................... 13

*DeWilde v. Att'y Gen. of United States*,
    No. 23-8054, 2024 WL 1550708 (10th Cir. Apr. 10, 2024) ........................... 12, 13, 15, 16

*Finley v. Marathon Oil Co.*,
    75 F.3d 1225 (7th Cir. 1996) ............................................................................................ 18

*Fish v. Kobach*,
    840 F.3d 710 (10th Cir. 2016) ........................................................................................ 8

*Friends of Animals v. Bernhardt*,
    15 F.4th 1254 (10th Cir. 2021) .................................................................................... 18

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
    528 U.S. 167 (2000) ....................................................................................................... 2

*Freedom from Religion Found., Inc. v. Lew*,
    773 F.3d 815 (7th Cir. 2014) ........................................................................................ 8

*Garlick v. Regents of the Univ. of Colo.*,
    No. 122-CV-00013-RMR-STV, 2022 WL 18533663 (D. Colo. Jan. 25, 2022) ................... 8

*Hanson v. D.C.*,
    120 F.4th 223 (D.C. Cir. 2024) .................................................................................... 3

*Hernandez v. Fla. Bd. of Bar Examiners*,
    No. 4:21-CV-247-AW-MAF, 2022 WL 20288237 (N.D. Fla. July 7, 2022) ...................... 8

*Jordan v. Sosa*,
    654 F.3d 1012 (10th Cir. 2011) .................................................................................... 7

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................................... 12

*Macias v. Sw. Cheese Co., L.L.C.*,
    No. CV 12-350 LH/WPL, 2014 WL 11430977 (D.N.M. June 11, 2014), *aff'd sub nom. Macias v. Sw.*
    *Cheese Co., LLC*, 624 F. App'x 628 (10th Cir. 2015) ......................................................... 19

*Martinez v. Sw. Cheese Co., L.L.C.*,
    No. CV 12-660 KG/WPL, 2014 WL 11430953 (D.N.M. July 1, 2014), *aff'd sub nom. Martinez v. Sw.*
    *Cheese Co., LLC*, 618 F. App'x 349 (10th Cir. 2015) ......................................................... 19

*N. New Mexico Stockman's Ass'n v. United States Fish & Wildlife Serv.*,
    30 F.4th 1210 (10th Cir. 2022) ............................................................................... 16, 20

*Rio Grande Found. v. Oliver*,
    57 F.4th 1147 (10th Cir. 2023) ................................................................ 2, 11, 13, 15, 16

*Rivera v. Long*,
    No. 19-CV-03608-CMA-NYW, 2021 WL 5917453 (D. Colo. Dec. 10, 2021),
    *report and recommendation adopted*, No. 19-CV-03608-CMA-NYW, 2022 WL 36133
    (D. Colo. Jan. 4, 2022) ................................................................................................. 7

*Rocky Mountain Gun Owners v. Polis*
    No. 23-1251, 2024 WL 4677573 (10th Cir. Nov. 5, 2024) ....................................... 3, 10, 13

*S. Utah Wilderness All. v. Palma*,
    707 F.3d 1143 (10th Cir. 2013) ............................................................................. 14, 15, 16

*Savacool v. Weir Oil & Gas*,
    No. 1:20-CV-01285-RBJ, 2021 WL 4426955 (D. Colo. Sept. 27, 2021) ........................... 18

*Smith v. Rockett*,
    522 F.3d 1080 (10th Cir. 2008) ............................................................. 3, 7

*Speech First, Inc. v. Shrum*,
    92 F.4th 947 (10th Cir. 2024) .............................................................. 18

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ............................................................................. 7, 8

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ............................................................................ 1

*United States v. Decastro*,
    682 F.3d 160 (2d Cir. 2012) ................................................................ 8

*United States v. Rahimi*,
    144 S. Ct. 1889 (2024) ........................................................................ 3

*Vesom v. Atchison Hosp. Ass'n*,
    279 F. App'x 624 (10th Cir. 2008) ....................................................... 18

*Watts v. Anthem, Inc.*,
    No. 18-CV-01732-NYW, 2020 WL 13933266 (D. Colo. Feb. 21, 2020) ........... 17

*We the Patriots, Inc. v. Lujan Grisham*,
    119 F.4th 1253 (10th Cir. 2024) ........................................................... 9

*Wildearth Guardians v. EPA*,
    759 F.3d 1196 (10th Cir. 2014) ............................................................ 13

### STATUTES & RULES

10th Cir. R. 32.1(a) ................................................................................. 12

Colo. Rev. Stat. § 18-12-301 ................................................................. 9, 10

Colo. Rev. Stat. § 18-12-302 ............................................................. 9, 10, 11

Fed. R. Civ. P. 26(a) ............................................................................... 17

Fed. R. Civ. P. 37(c)(1) ........................................................................... 17

Fed. R. Civ. P. 56 .................................................................................... 1

Fed. R. Civ. P. 56(c)(4) ........................................................................... 17

Fed. R. Evid. 602 ................................................................................... 19

Fed. R. Evid. 801(c) ............................................................................... 18

**MEMORANDUM OF LAW OF DEFENDANTS IN SUPPORT OF
SUMMARY JUDGMENT ON CERTAIN CLAIMS FOR LACK OF STANDING**

Defendants The Town of Superior ("Superior"), City of Louisville, Colorado
("Louisville"), City of Boulder, Colorado ("Boulder City") (collectively, the "Municipal
Defendants"), and Board of County Commissioners of Boulder County ("Boulder County")
(together with the Municipal Defendants, "Defendants") respectfully submit this memorandum
of law in opposition to Plaintiffs' Response to Order to Show Cause, dated November 1, 2024,
filed in response to the Court's Memorandum Opinion and Order, dated September 30, 2024
("Memorandum Opinion").  As set forth below, Defendants submit that pursuant to Federal Rule
of Civil Procedure 56, summary judgment should be granted in their favor on the majority of
Plaintiffs' claims for lack of standing.[1]

## **INTRODUCTION**

It is a plaintiff's burden to "demonstrate standing for each claim he seeks to press."
*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006); *see also TransUnion LLC v.
Ramirez*, 594 U.S. 413, 430-31 (2021).[2]  Plaintiffs here have failed to carry that burden for the
large majority of their claims.  As this Court found in its Memorandum Opinion, the summary
judgment record does not establish a basis for standing, and Plaintiffs' most recent filing does
not alter that conclusion.

For each claim, a plaintiff must establish "(1) it has suffered an 'injury in fact' that is
(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2)
the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as

---

[1] Defendants incorporate by reference herein their prior submissions filed in support of
their motion for summary judgment, including ECF docket numbers 78 and 83.

[2] All internal quotation marks, alterations, omissions, citations, and emphasis have been
omitted from case quotations except where otherwise indicated.

opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). At the summary judgment stage, "the plaintiff must set forth by affidavit or other evidence specific facts that, if taken as true, establish each of the elements of standing." *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1159 (10th Cir. 2023).

Plaintiffs must establish standing to challenge each aspect of each Ordinance they contend is unlawful. *See DaimlerChrysler*, 547 U.S. at 335. With respect to the Superior, Louisville, and Boulder City Ordinances ("Municipal Ordinances"), Plaintiffs must establish standing to challenge the prohibitions against the current possession of assault weapons and large-capacity magazines ("LCMs") ("Possession Clauses"), as well as standing to challenge the prohibitions against the future sale, acquisition, or transfer of assault weapons and LCMs ("Future Conduct Clauses").[3] The Boulder County Ordinance does not contain a possession clause, and thus Plaintiffs must establish standing to challenge that Ordinance's Future Conduct Clause.

As detailed below, Plaintiffs have failed to establish standing to challenge the large majority of these provisions. Defendants do not contest, however, that Plaintiffs LaFonte and Jones and the Organizational Plaintiffs—RMGO and NAGR ("the Organizations")—have standing to challenge Louisville and Boulder City's LCM Possession Clauses (*see infra* Part I). But Plaintiffs lack standing to bring the remainder of their Possession Claims: their assault weapon-based Possession Claims are not traceable to the Municipal Defendants (*see infra* Part II), and their LCM-based Possession Claims against Superior and Louisville are not redressable

---

[3] Plaintiffs' challenges to the Possession Clauses will be referred to as the "Possession Claims." Plaintiffs' challenges to the Future Conduct Clauses will be referred to as the "Future Conduct Claims."

by those Defendants (*see infra* Part III).  Plaintiffs also lack standing to bring any of their Future

Conduct Claims.  The individual Plaintiffs' generalized statements of intent to purchase assault

weapons and LCMs at unspecified times are insufficient to establish their standing "as of the

time the action was commenced," *Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir. 2008) (*see*

*infra* Part IV(B)), and the Organizations improperly rely on inadmissible evidence (*see infra* Part

IV(C)).

Because standing exists for certain claims against certain Defendants, Defendants

respectfully request that the Court proceed to resolve both the contested standing issues and the

merits of the remaining claims.  Defendants enacted the Ordinances in 2022 in the wake of

numerous horrific shootings in Colorado and around the United States involving assault weapons

and LCMs.  Defendants voluntarily suspended implementation of the Ordinances to avoid

preliminary injunction proceedings before the Court, in the hope that a final adjudication of the

constitutional issues would clarify the enforceability of the Ordinances.  The parties' summary

judgment motions were fully submitted on December 12, 2023, with supplemental briefing on

the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), submitted on

August 16, 2024.[4]  In light of the public safety concerns at issue in this case, Defendants

---

[4] Since Defendants filed supplemental briefing on *Rahimi*, several courts have issued
decisions relevant to the merits of this case.  In *Rocky Mountain Gun Owners v. Polis*, No. 23-
1251, 2024 WL 4677573, at *9-10 (10th Cir. Nov. 5, 2024), while upholding an age restriction
on firearms purchases, the Tenth Circuit clarified that "the plaintiff has the burden" at step one of
the *Bruen* framework to establish that the Second Amendment's text "encompasses the conduct
they seek to engage in," including establishing that "the item at issue is an 'arm' that is 'in
common use' today for self-defense."  Additionally, the D.C. Circuit upheld the District of
Columbia's LCM prohibition at the preliminary injunction stage, *see Hanson v. D.C.*, 120 F.4th
223 (D.C. Cir. 2024), and a court in the Eastern District of Washington upheld Washington's
assault weapon law at the preliminary injunction stage, *see Banta v. Ferguson*, No. 2:23-CV-
00112, 2024 WL 4314788 (E.D. Wash. Sept. 26, 2024), *appeal docketed*, No. 24-6537 (9th Cir.
Oct. 24, 2024).  Finally, although one outlier decision has invalidated a state assault weapon and
LCM law as unconstitutional, *see Barnett v. Raoul*, No. 3:23-CV-00209, 2024 WL 4728375

respectfully request that the Court proceed to resolve both the standing questions and the merits

of the remaining claims simultaneously.

## ARGUMENT

**I.    Defendants Do Not Contest that Plaintiffs Have Established Standing on Some Possession Claims.**

Defendants do not contest that Plaintiffs LaFonte and Jones have provided sufficiently

detailed information about their current possession of LCMs to establish standing to challenge

the LCM Possession Clauses of the Louisville and Boulder City Ordinances as follows:

- Defendant Louisville does not contest that Plaintiff Bryan LaFonte has sufficiently demonstrated standing to challenge the LCM Possession Clause in the Louisville Ordinance.[5] (LaFonte Decl. ¶¶ 2-11, 13-22.)  Because Mr. LaFonte is a member of RMGO (Dkt. No. 76-9 ¶ 2), Louisville does not contest RMGO's associational standing to challenge this provision.

- Defendant Boulder City does not contest that Plaintiff James Michael Jones has sufficiently demonstrated standing to challenge the LCM Possession Clause in the Boulder City Ordinance.  (Jones Decl. ¶¶ 2-6.)  Because Mr. Jones is a member of RMGO and NAGR (Dkt. No. 76-7 ¶ 2), Boulder City does not contest RMGO and NAGR's standing to challenge this provision.

---

(S.D. Ill. Nov. 8, 2024), *appeal docketed*, No. 24-3060 (7th Cir. Nov. 12, 2024), the decision is currently stayed, and that same court rejected reliance on the English and NSSF surveys Plaintiffs here seek to use.  *Barnett v. Raoul,* No. 3:23-CV-00209, 2024 WL 4719468, at *15 (S.D. Ill. Nov. 8, 2024).  Further, the district court's reasoning in *Barnett* is inconsistent with the Seventh Circuit's decision upholding the same law at an earlier stage in *Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023), *cert denied*, 144 S. Ct. 2491 (2024).

[5] References to "Jones Decl.," "Kehoe Decl.," "LaFonte Decl.," "Madonna Decl.," "Walker Decl.," and "Hill Decl." are, respectively, to the declarations submitted by Plaintiffs James Michael Jones, Martin Carter Kehoe, Bryan LaFonte, Gordon Madonna, Charles Bradley Walker, and Hannah Hill, with Plaintiffs' November 1, 2024 response to the Court's order to show cause.  (Dkt. No. 100.)

Defendants respectfully request that the Court proceed to the merits of the pending cross-motions for summary judgment as to these claims.

**II.      Plaintiffs Lack Standing to Pursue Their Assault Weapon-Based Possession Claims Against the Municipal Defendants.**

The Court should dismiss for lack of standing the assault-weapon based Possession Claims brought by Plaintiffs Jones, Madonna, LaFonte, and Walker (hereinafter, the "Municipal Plaintiffs") and the Organizations against the Municipal Defendants.  Each of the relevant assault weapons possessed by the Municipal Plaintiffs was purchased before July 1, 2022.  At the time the Complaint was filed, the Municipal Ordinances allowed them to retain those weapons subject only to a certification requirement that they voluntarily eschewed and do not challenge in this case.  The Municipal Plaintiffs' asserted injury under the assault-weapon Possession Clauses is thus self-inflicted and not traceable to any action by the Municipal Defendants.  The Municipal Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).  Because they lack standing to challenge the assault-weapon Possession Clauses, so too do the Organizations of which they are members— RMGO and NAGR.[6]

Each of the Municipal Ordinances includes a certification process that would have permitted the Municipal Plaintiffs to continue possessing any assault weapon they possessed prior to July 1, 2022.  For example, the Superior Ordinance provides that "[a]ny person who . . .

---

[6] The Court's Memorandum Opinion highlighted Defendants' argument that "the Individual Plaintiffs cannot manufacture standing by voluntarily refusing to avail themselves of certificates or ownership or possession" and directed Plaintiffs to address this argument.  (Dkt. No. 96 at 15 n.9.)  Plaintiffs' November 1, 2024 response to the Court's order fails to acknowledge or respond to the Court's directive, much less rebut Defendants' argument, aside from LaFonte's meritless argument with respect to an assault weapon he purchased after filing the Complaint.  (Dkt. No. 100 at 4; *see infra* n.8.)

was legally in possession of an assault weapon" prior to July 1, 2022, could have obtained a certificate to continue possessing that assault weapon by: applying for the certificate prior to December 31, 2022 (Dkt. No. 78-1 (Defs. SJ Mot. Ex. A at 16 (§ 10-9-240(a)))); undergoing a background check to confirm that the applicant was not otherwise prohibited from possessing a firearm under federal or Colorado state law (*id.* § 10-9-240(c)); and thereafter abiding by limited safety and storage requirements (*id.* § 10-9-240(d)). Obtaining a certificate is a defense to an alleged violation of the Possession Clause in § 10-9-40(a). (*See id.* at 15 (§ 10-9-190(e))). The Boulder City and Louisville Ordinances contain materially identical provisions.[7]

The Municipal Plaintiffs voluntarily refused to seek certificates of ownership for the assault weapons each possessed before July 1, 2022. Plaintiff Jones, for example, asserts that he owns three firearms that qualify as assault weapons under the Superior Ordinance, all of which he purchased prior to July 1, 2022. (Jones Decl. ¶¶ 2-4.) Jones concedes that he did not request a certification for any of those weapons prior to December 31, 2022, because he "do[es] not want the firearms [he] own[s] recorded in a government database." (*Id.* ¶ 7.) Plaintiff Madonna asserts that he owns one assault weapon that he purchased "in approximately 2010." (Madonna Decl. ¶ 2.) He concedes that he "did not register [that weapon] because [he] was a police officer for 40 years and thus [he] think[s] it is absurd to require [him] to register [his] firearms with the

---

[7] (*See* Dkt. No. 78-2 (Def. SJ Mot. Ex. B (Boulder City Ord. §§ 5-8-2 (definitions), 5-8-10 (prohibition on possession), 5-8-28(a) (establishing Dec. 31, 2022 deadline to apply for certification), 5-8-28(c) (background check requirement), 5-8-28(d) (safety and storage requirements for assault weapons following certifications), 5-8-22(f) (noting that certification is affirmative defense to violation of possession clause))); *see also* Dkt. No. 78-3 (Def. SJ Mot. Ex. C (Louisville Ord. §§ 9.80.010 (definitions), 9.84.010(a) (prohibition on possession), 9.86.010(a) (establishing Dec. 31, 2022 deadline to apply for certification), 9.86.010(c) (background check requirement), 9.86.010(d) (safety and storage requirements for assault weapons following certifications), 9.86.010(e) (noting that certification is affirmative defense to violation of possession clause)))).

government." (*Id.* ¶ 4).  Plaintiff LaFonte asserts that, at the time of the Complaint, he possessed

one firearm that qualified as an assault weapon under the Louisville ordinance, which he

purchased on June 10, 2022.  (LaFonte Decl. ¶¶ 2-3.)  Like Plaintiffs Jones and Madonna,

LaFonte concedes he did not seek a certification for his assault weapon because he does not want

his firearms "recorded in a government database." (*Id.* ¶ 27.)  Finally, Plaintiff Walker asserts he

owns one firearm that qualifies as an assault weapon under the Superior ordinance (Walker Decl.

¶ 2(a)), which he purchased "in the [19]90s" (*id.* ¶ 3).  Plaintiff Walker does not allege that he

applied for or acquired a certificate for his weapon by December 31, 2022.

The Municipal Plaintiffs' failure to apply for certificates of ownership deprives them of

standing to challenge the assault-weapon Possession Clauses.  The relevant point in time for

assessing standing is "the time [Municipal Plaintiffs] filed suit."  *Carney v. Adams*, 592 U.S. 53,

59 (2020); *see also Smith*, 522 F.3d at 1081.  At that time—October 12, 2022—the Municipal

Ordinances did not prohibit the Municipal Plaintiffs' possession of assault weapons owned

before July 1, 2022.  And the Ordinances *permitted* the Municipal Plaintiffs to continue

possessing those assault weapons subject to the certification processes described above—which

Municipal Plaintiffs elected not to pursue before bringing suit, and which they do not challenge

in their Complaint.  The Municipal Plaintiffs have thus failed to establish an injury in fact caused

by the Possession Clauses with respect to assault weapons.[8]

---

[8] Plaintiff LaFonte, a resident of Louisville, asserts he purchased an assault weapon on February 28, 2024 (LaFonte Decl. ¶¶ 6-7), but that assertion does not confer standing because "standing cannot be based on events subsequent to the filing of [an] action."  *Rivera v. Long*, No. 19-CV-03608-CMA-NYW, 2021 WL 5917453, at *7 n.9 (D. Colo. Dec. 10, 2021), *report and recommendation adopted*, No. 19-CV-03608-CMA-NYW, 2022 WL 36133 (D. Colo. Jan. 4, 2022); *see also Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011) ("[S]tanding is determined at the time the action is brought, and we generally look to when the complaint was first filed, not to subsequent events").

Stated differently, the Municipal Plaintiffs' purported injury is traceable to their failure to pursue the certification processes described above, not the Possession Clauses.  *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (to establish standing, "there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant").  The Municipal Plaintiffs could have sought certifications that would have allowed them to retain their pre-July 1, 2022 assault weapons.  It is the Municipal Plaintiffs' decision not to apply for those certificates—not any action by the Municipal Defendants—that renders their pre-July 1, 2022 assault weapons unlawful under the Municipal Ordinances.  *Cf. United States v. Decastro*, 682 F.3d 160, 164 (2d Cir. 2012) ("[B]ecause Decastro failed to apply for a gun license in New York, he lacks standing to challenge the licensing laws of the state."); *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 821 (7th Cir. 2014) (Plaintiffs lacked standing to challenge tax exemption "for a simple reason: the plaintiffs were never *denied* the . . . exemption because they never asked for it.  Without a request, there can be no denial.  Absent any personal denial of a benefit, the plaintiffs' claim amounts to nothing more than a generalized grievance . . ., which does not support standing."); *Garlick v. Regents of the Univ. of Colo.*, No. 122-CV-00013-RMR-STV, 2022 WL 18533663, at *4 (D. Colo. Jan. 25, 2022) ("The doctrine of standing does not recognize a cognizable injury where the harm is self-inflicted based on a fear of future harm."); *Hernandez v. Fla. Bd. of Bar Examiners*, No. 4:21-CV-247-AW-MAF, 2022 WL 20288237, at *2 (N.D. Fla. July 7, 2022) ("subject[ing] oneself to avoidable injury breaks the chain of traceability and cannot create standing").[9]

---

[9] Although the Tenth Circuit has explained that a plaintiff need not subject himself to "an allegedly unlawful state regime" to confer standing to challenge that regime, *Fish v. Kobach*, 840 F.3d 710, 754 (10th Cir. 2016), that principle does not support the Municipal Plaintiffs' standing

In sum, the Municipal Plaintiffs have failed to identify an injury-in-fact caused by the assault-weapon Possession Clauses.  Their asserted injuries are traceable to their own choices not to seek certifications, which would have allowed them to retain the assault weapons they have identified.  Plaintiffs cannot manufacture standing through such self-inflicted injury, and summary judgment should be granted in favor of Defendants on the claims against the assault-weapon Possession Clauses.

III.    **Colorado State Law Deprives Plaintiffs Walker and Madonna of Standing to Challenge the LCM Restrictions in the Superior and Louisville Ordinances.**

Plaintiffs Walker and Madonna are barred from possessing or acquiring the LCMs they identify in their declarations not only by the Ordinances, but also by a separate state law prohibition on magazines with a capacity of "more than fifteen rounds."  Colo. Rev. Stat. § 18-12-301(2)(a)(1); *see id.* § 18-12-302.  They chose not to challenge that state law.  Because any relief Plaintiffs Walker and Madonna might obtain in this suit would not affect that separate statewide prohibition, they have not established the redressability element of standing for their claims against the LCM restrictions in the Superior and Louisville Ordinances.  *See*, *We the Patriots, Inc. v. Lujan Grisham*, 119 F.4th 1253, 1259 (10th Cir. 2024) (plaintiffs failed to show redressability under similar circumstances involving overlapping state and local laws).

Specifically, Plaintiff Walker states in his declaration that he currently possesses "19-round, 21-round, and 33[-]round magazines."  (Walker Decl. ¶ 4.)  Plaintiff Madonna states that he "owns approximately 15 magazines with a capacity of 30 rounds," and that he has "current

---

to challenge the Possession Clauses in this case.  *Fish* suggests, at most, that on October 12, 2022, the Municipal Plaintiffs could have challenged the Municipal Ordinances' certification requirements without submitting to them; the Municipal Plaintiffs chose not to pursue such a challenge in their complaint.  *Fish* and its progeny do not stand for the proposition that a plaintiff has standing to challenge a law that was not the source of his injury, or to seek relief that was available to him, at the time of filing.  *See, e.g.*, *Clapper*, 568 U.S. at 416.

plans to replace at least two of [his] 30 round magazines within the next year because they are worn out." (Madonna Decl. ¶¶ 3, 5.)  As each of these magazines has a capacity of more than fifteen rounds, state law independently prohibits them.  *See* Colo. Rev. Stat. § 18-12-301; *id.* § 18-12-302.

The decisions by Plaintiffs Walker and Madonna not to challenge the independent state-law prohibition on the LCMs they possess or intend to acquire deprive them of standing.  In *We the Patriots*, the Tenth Circuit held that plaintiffs failed to establish standing in a Second Amendment challenge to a state public health order restricting firearms in playgrounds "due to several unchallenged City and County restrictions that appear[ed] to limit firearm possession in playgrounds."  119 F.4th at 1259.  As the Court explained, it had "no reason to believe that the playgrounds that [p]laintiffs state they intend to visit are not already subject to independent and unchallenged firearm carry prohibitions" under these city and county enactments.  *Id.* at 1261.  Because "regardless of [the court's] decision, [p]laintiffs w[ould] continue to be barred from carrying firearms in the proscribed places," the Court concluded that plaintiffs could not meet their burden of proving redressability.  *Id.* at 1260-61.  The Tenth Circuit's reasoning in *We the Patriots* applies here with equal force.  Even if this Court invalidated the challenged Ordinances, state law would continue to bar Plaintiffs Walker and Madonna from possessing or acquiring the LCMs they have identified in their declarations.  Accordingly, they have failed to prove redressability.[10]

---

[10] In *Rocky Mountain Gun Owners v. Polis*, No. 23-1251, 2024 WL 4677573, at *8 (10th Cir. Nov. 5, 2024), the Tenth Circuit similarly noted the "redressability issues" that arise from an overlapping, unchallenged restriction.  The court concluded that unchallenged "federal restrictions on firearms sales" did not defeat standing in that case only because the plaintiff intended to "lawfully purchase" a firearm, which the court understood to specify an intent "to purchase a firearm in a way that complies with [federal law] but is otherwise prohibited by [state law]."  Plaintiffs Walker and Madonna make no such statements here.  (*See* Dkt. 96 at 7.)

The state-law prohibition on magazines with a capacity of more than fifteen rounds "doesn't apply to (1) state or federal employees who carry firearms in the course of their official duties, or (2) individuals who possess LCMs [with a capacity of more than fifteen rounds] they owned as of July 1, 2013, as long as they maintain continuous possession of the LCMs thereafter." *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 549 (10th Cir. 2016); Colo. Rev. Stat. § 18-12-302. If Walker's and Madonna's possession and intended acquisition of greater-than-fifteen-round LCMs fit within these exceptions, the redressability concerns raised here would likely not be a problem. But the burden to prove redressability is on plaintiffs, and, at the summary-judgment stage, that requires "specific evidentiary facts and not . . . mere allegations." (Dkt. 96 at 7.) *See Rio Grande Found.*, 57 F.4th at 1159. Here, the evidence submitted by Walker and Madonna does not contain specific facts showing that they fall within either of these exceptions to the state-law prohibition.[11] Their challenges to the LCM restrictions in the Superior and Louisville ordinances thus fail on redressability grounds.

## IV.        Plaintiffs Lack Standing to Challenge the Ordinances' Future Conduct Clauses.

### A.        To Establish Standing, Plaintiffs Must Demonstrate That, at the Time of Filing, They Had Concrete and Specific Future Plans.

In *Lujan v. Defenders of Wildlife*, the Supreme Court held that at summary judgment, a plaintiff must "show[], through specific facts" an "actual or imminent" injury to establish Article

---

[11] Plaintiff Walker's declaration states only that he "ha[s] 19-round, 21-round, and 33[-]round magazines for [his] Glock 17 handgun," with no further explication as to when he acquired these LCMs or how long he has possessed them. (Walker Decl. ¶ 4.) Nor does Plaintiff Walker make any claim that he is a government employee entitled to an exception to the state law on that basis. Plaintiff Madonna asserts in his declaration that he "ha[s] used [his 30-round] magazines for years," but he provides no information about how many years or when he first obtained these magazines. (Madonna Decl. ¶ 3.) While Plaintiff Madonna asserts that he is a retired police officer (Madonna Decl. ¶ 4), there is no exception to the state-law LCM prohibition for retired police officers. *See Colo. Outfitters*, 823 F.3d at 553 (noting that "upon their retirement, § 18-12-302's law-enforcement exception would no longer apply").

III standing. *See* 504 U.S. 555, 560, 563 (1992). The Court held that evidence of "some day intentions . . . without any description of concrete plans, or indeed even any specification of when the some day will be," does not establish an actual or imminent injury sufficient to establish Article III standing. *Id.* at 564. Here, Plaintiffs' assertions of future plans are insufficient to demonstrate standing under that well-established standard.

In several cases, the Tenth Circuit has applied *Lujan* by requiring a specific factual showing of future plans to establish standing. For example, in *Colorado Outfitters*, the plaintiff claimed standing to challenge a restriction on the purchase of large-capacity firearm magazines because she would "*eventually*" have to purchase new large capacity magazines after her current ones "wear out." 823 F.3d at 551 (emphasis original). The Court held these statements failed to show imminent injury, amounting to "some day" speculation that was insufficiently concrete to establish standing. *Id.*

The Tenth Circuit has similarly held that a plaintiff's "mere desires" to engage in future conduct are insufficiently concrete to establish standing to challenge a gun ordinance. In *DeWilde v. Att'y Gen. of United States*, the Tenth Circuit was confronted with a plaintiff who had "desires to own an M16 machinegun for all lawful purposes, including defense of hearth and home and militia functions." No. 23-8054, 2024 WL 1550708, at *1 (10th Cir. Apr. 10, 2024).[12] Just as the allegations of a "some day" intention to replace an LCM due to wear were insufficient to establish standing in *Colorado Outfitters*, the Tenth Circuit held in *DeWilde* that the mere desire to purchase a weapon in the future was too abstract to establish standing. *Id.* at *3. The Court noted that "a 'vague desire' to engage in some conduct is not enough to establish standing; a plaintiff must describe concrete plans." *Id.* (citing *Baker v. USD 229 Blue Valley*, 979 F.3d

---

[12] *See* 10th Cir. R. 32.1(a).

866, 875 (10th Cir. 2020)); *cf. Wildearth Guardians v. EPA*, 759 F.3d 1196, 1206 (10th Cir. 2014) (in a case alleging harm to plaintiffs' ability to use a river for recreational purposes, plaintiffs established standing through their sworn testimony that they took rafting trips on the river "three times a year," "intend[ed] to do so throughout the foreseeable future," and planned "to float the river in June and July").

 The Tenth Circuit's recent decision in *Rocky Mountain Gun Owners v. Polis* is not to the contrary. In that case, the Tenth Circuit held that evidence of plaintiffs' "*present intention* and desire to lawfully purchase a firearm for lawful purposes" was sufficient to establish standing to challenge a statute preventing them from acting on their intention. No. 23-1251, 2024 WL 4677573, at *4 (10th Cir. Nov. 5, 2024) (emphasis added). The Court stated that "granular specificity is unnecessary *in this context*. [Plaintiff] has articulated a clear intention to do what the statute forbids… [and] such intention is clearly implied by his *present plan to purchase a firearm*." *Id.* at *7 (emphases added).

 The Supreme Court and Tenth Circuit have further emphasized that the relevant point in time for assessing the concreteness and specificity of a plaintiff's future plans is the date on which the litigation was initiated. In *Davis v. FEC*, the Court noted that even though the proof required to establish standing may change over the course of litigation, the "standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." 554 U.S. 724, 734 (2008); *see also Rio Grande Found.*, 57 F.4th at 1162. A plaintiff must establish that he had sufficiently concrete and specific future plans at the time of filing, and courts generally will not look to "subsequent events to determine if a plaintiff has standing." *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1152-53 (10th Cir. 2013); *see also Brown v. Herbert*, 850 F. Supp. 2d 1240, 1247 n.4 (D. Utah 2012) ("[P]ost-complaint

affidavits—swearing to such facts as they exist at the date of the affidavit—have no bearing on

the standing analysis.").

B.    **Plaintiffs Have Failed to Demonstrate Concrete Plans to Engage in Conduct Prohibited by the Future Conduct Clauses.**

1.    **Plaintiff Walker Lacks Standing to Challenge the Superior Ordinance's Future Conduct Clauses.**

Plaintiff Walker's declaration contains no statement of intent to sell, acquire, or transfer

an assault weapon or LCM in the future.  (*See* Walker Decl.)  Plaintiff Walker thus does not have

standing to challenge the Future Conduct Clauses in the Superior Ordinance.

2.    **Plaintiff Kehoe Lacks Standing to Challenge the Boulder County Ordinance's Future Conduct Clauses.**

Plaintiff Kehoe's declaration moots his claim against the Future Conduct Clauses in the

Boulder County Ordinance, and he therefore lacks standing to pursue those claims.  Plaintiff

Kehoe asserts that at the time the action was filed, he "planned to purchase additional 'assault

weapons'" but he subsequently "followed through on those plans" on March 15, 2024, when he

purchased a firearm that he asserts qualifies as an assault weapon under the Boulder County

Ordinance.  (Kehoe Decl. ¶ 6.)  Because the relevant point in time for assessing Plaintiff Kehoe's

standing is the "date this action was filed," and because he "followed through" on the future plan

he had at that time, his claim against the Future Conduct Clauses in the Bounder County

Ordinance is now moot.

3.    **Plaintiff Jones Lacks Standing to Challenge the Boulder City Ordinance's Future Conduct Clauses.**

Plaintiff Jones' statement that he has a "plan to purchase a CX compact 75D magazine

with a capacity of fourteen rounds within the next year" (Jones Decl. ¶ 8) is insufficient to

establish standing.  Jones does not assert that he had any intention to purchase the magazine (or

any other item prohibited by the Boulder City Ordinance) at the time this action was filed, and

his failure to establish a concrete future plan at the relevant point in time is fatal to his Future

Conduct Claims against the Boulder City Ordinance.  *See Rio Grande Found.*, 57 F.4th at 1162;

*S. Utah Wilderness All.*, 707 F.3d at 1152-53.  Even if his intent as of the date of his October

2024 declaration were relevant, he asserts only a generalized desire to purchase an LCM at an

unspecified time within a year which is inadequate under the Tenth Circuit's "some day" cases

like *DeWilde*, 2024 WL 1550708, at *3, and *Colorado Outfitters*, 823 F.3d at 551.

### 4.    Plaintiff Madonna Lacks Standing to Challenge the Louisville Ordinance's Future Conduct Clauses.

Plaintiff Madonna's assertion that he intends "to replace at least two of [his] 30 round

magazines within the next year" because they are "worn out" (Madonna Decl. ¶ 5) is similarly

insufficient to establish standing.  Plaintiff Madonna does not assert that his magazines were

worn out at the time this action was filed or that he had any intention to replace those magazines

at that time.  Like Plaintiff Jones, Plaintiff Madonna's failure to establish a concrete future plan

that existed at the time of filing is fatal to his Future Conduct Claims against the Louisville

Ordinance.  *See Rio Grande Found.*, 57 F.4th at 1162; *S. Utah Wilderness All.*, 707 F.3d at 1152-

53.  Even if Plaintiff Madonna's intention at the time of his declaration were relevant, his plan to

replace "worn out" magazines at some point within a year is materially indistinguishable from

the *Colorado Outfitters* plaintiff's "some day" intention to replace magazines because of "wear

and tear," which the Tenth Circuit found inadequate.  823 F.3d at 551.

### 5.    Plaintiff LaFonte Lacks Standing to Challenge the Louisville Ordinance's Future Conduct Clauses.

Plaintiff LaFonte's assertions that he intends to purchase assault weapons and LCMs in

the future (LaFonte Decl. ¶¶ 24-26) are insufficient to establish standing.  Plaintiff LaFonte does

not assert that he had any concrete plans to make these purchases at the time of filing in this

matter.  Plaintiff LaFonte's failure to establish a concrete future plan as of the time of filing is

fatal to his Future Conduct Claims against the Louisville Ordinance. *See Rio Grande Found.*, 57 F.4th at 1162; *S. Utah Wilderness All.*, 707 F.3d at 1152-53.

Even if Plaintiff LaFonte's intentions at the time of his declaration were relevant, his insufficiently concrete plan to purchase certain weapons and LCMs at an unspecified time within a year (LaFonte Decl. ¶ 24, 26), or six months (*id.* ¶ 25), and his asserted plan to purchase "4-6 15-round magazines" without any indication of when he intends to do so (*id.* ¶ 25), are inadequate under "some day" cases like *DeWilde*, 2024 WL 1550708, at *3, and *Colorado Outfitters*, 823 F.3d at 551. Finally, his assertion that he plans to purchase LCMs "to replace [his] existing magazines as they wear out or break" is materially indistinguishable from the allegations the Tenth Circuit found insufficient in *Colorado Outfitters*, 823 F.3d at 551.

**C.    The Organizations Lack Standing to Pursue Future Conduct Claims on Behalf of Their Members.**

Like the individual Plaintiffs, RMGO and NAGR lack standing to assert Future Conduct Claims. RMGO and NAGR only have standing to assert claims for which they can identify a member that "would otherwise have standing to sue in their own right." *N. New Mexico Stockman's Ass'n v. United States Fish & Wildlife Serv.*, 30 F.4th 1210, 1219 (10th Cir. 2022). Because the individual Plaintiffs lack standing to assert Future Conduct Claims for the reasons explained above (*see* Part IV(B)), the Organizations' only path to establish associational standing to assert the Future Conduct Claims rests on the purported Organization members that Hannah Hill references in her declaration by initials or pseudonyms ("Anonymous Members"). (*See* Hill Decl. ¶¶ 1-5 (asserting that "RP," "John Doe," "John Roe," "JB," "MG," "AM," "BP," and "CG" are members of NAGR and/or RMGO).) But only "admissible" testimony is relevant at the summary judgment stage, *see* Fed. R. Civ. P. 56(c)(4), and for the reasons explained below, Ms. Hill's testimony concerning the Anonymous Members is inadmissible and cannot establish

standing for the Organizations. Accordingly, the Court should grant summary judgment in favor of Defendants with respect to the Organizations' Future Conduct Claims.

First, Ms. Hill's testimony is inadmissible because she was not identified as a potential witness in Plaintiffs' Rule 26(a) disclosures. (*See* Plaintiffs' Initial Disclosures, attached hereto).[13] Plaintiffs' failure to timely "identify [Ms. Hill] as required by Rule 26(a)" means Plaintiffs are "not allowed to use . . . [her] to supply evidence on a motion" for summary judgment. *See* Fed. R. Civ. P. 37(c)(1); *see also Watts v. Anthem, Inc.*, No. 18-CV-01732-NYW, 2020 WL 13933266, at *4 (D. Colo. Feb. 21, 2020) (striking declaration from an undisclosed witness under Rule 37 because "[a] key policy goal of requiring parties to keep their disclosures current is to avoid trial by ambush," and the submission of a declaration from an undisclosed witness "during the pendency of a motion for summary judgment is akin to trial by ambush, only on paper"); *Clean Harbors, Inc. v. CBS Corp.*, 875 F. Supp. 2d 1311, 1317 (D. Kan. 2012) (striking declaration from an undisclosed witness under Rule 37 because allowing "new evidence at the summary judgment stage [would] prejudice" the defendant who had no opportunity to "depose [the witness] during discovery"); *Vesom v. Atchison Hosp. Ass'n*, 279 F. App'x 624, 631 (10th Cir. 2008) (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996), for the proposition that under Rule 37, "[t]he exclusion of evidence presented out of time is 'automatic and mandatory' unless the violation was either justified or harmless").

---

[13] The undersigned counsel certifies that the attachment to this memorandum is a true and correct copy of Plaintiffs' Initial Disclosures served on Defendants' counsel in this matter on February 15, 2023. Plaintiffs' initial disclosures did identify "a representative of the Rocky Mountain Gun Owners" and a "representative of the National Association for Gun Rights" (*id.* ¶¶ 7-8), but Ms. Hill is an employee of the National Foundation for Gun Rights, which she identifies as a distinct entity from RMGO and NAGR (Hill. Decl. ¶ 1).

Second, Ms. Hill's testimony is inadmissible for the independent reason that it constitutes hearsay. Ms. Hill's statements concerning the Anonymous Members' assault weapon and LCM ownership are "out-of-court statement[s]" from parties not before the court (i.e., the Anonymous Members) that are being used "to prove the truth of the matter asserted" (i.e., that the Anonymous Members own or intend to purchase or transfer the listed assault weapons and LCMs). *See Savacool v. Weir Oil & Gas*, No. 1:20-CV-01285-RBJ, 2021 WL 4426955, at *3 (D. Colo. Sept. 27, 2021) (citing Fed. R. Evid. 801(c)). At summary judgment, courts must "disregard inadmissible hearsay statements contained in affidavits, as those statements could not be presented at trial in any form." *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).[14] (*See also* Dkt. 82 at 23 (collecting cases).) The Anonymous Members' apparent desire to remain anonymous does not negate the hearsay rules or otherwise authorize Plaintiffs to rely on hearsay testimony about the Anonymous Members' firearms and magazine ownership. *See Friends of Animals v. Bernhardt*, 15 F.4th 1254, 1273 n.16 (10th Cir. 2021) (rejecting assertion that privacy concerns justify the relaxation of the hearsay rules at summary judgment).[15] Because all of the testimony concerning the Anonymous Members' assault weapons and LCM ownership comes in the form of Ms. Hill's hearsay statements, none of it is admissible, and it cannot support the Organizations' standing.[16]

[14] *See also Adams v. Am. Guarantee & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) ("Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because a third party's description of a witness' supposed testimony is not suitable grist for the summary judgment mill.").

[15] In *Speech First, Inc. v. Shrum*, 92 F.4th 947 (10th Cir. 2024), the individuals wishing to proceed anonymously submitted their own affidavits under the pseudonyms "Student A, Student B, and Student C." *Speech First*, 92 F.4th at 948. Plaintiffs did not take that approach here; rather than submit anonymized affidavits from the Anonymous Members, they submitted a declaration from Ms. Hill.

[16] Even if Ms. Hill's statements did not meet the definition of hearsay, they would still be inadmissible under Federal Rule of Evidence 602, which provides that "[a] witness may testify to

Finally, even if Ms. Hill's testimony concerning the Anonymous Members was admissible, it would still be insufficient to confer standing on RGMO and NAGR for their Future Conduct Claims. Of the Anonymous Members that Ms. Hill identifies, the only individuals that she contends have an intent to purchase or transfer assault weapons or LCMs in the future reside in Boulder County, and their claims provide no support for the Organizations' Future Conduct Claims against the Municipal Defendants because their claims are insufficiently concrete.[17] (*See* Hill Decl. ¶¶ 5-7). Ms. Hill contends that in Boulder County, "John Doe plans to purchase a Wilson Combat Recon Tactical AR-15, and JB would like to purchase an AK-47," and that "CG plans to transfer the[ir] Glock 17 15-round magazine to children and grandchildren" and "John Doe plans to give his Smith and Wesson M&P-15 to his adult daughter." (*Id.* ¶ 7) These vague plans which include no timeline or other details are precisely the sort of "some day" plans the

---

a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Plaintiffs have not produced any evidence that Ms. Hill has the requisite personal knowledge to support her assertions. Her declaration does not explain how she came to learn about the firearms and magazines the Anonymous Members allegedly own and intend to purchase or transfer, nor is it clear from context how Ms. Hill would have this information given that she is not an employee of RMGO or NAGR (Hill Decl. ¶ 1). *See Martinez v. Sw. Cheese Co., L.L.C.*, No. CV 12-660 KG/WPL, 2014 WL 11430953, at *4 (D.N.M. July 1, 2014), *aff'd sub nom. Martinez v. Sw. Cheese Co., LLC*, 618 F. App'x 349 (10th Cir. 2015) ("[A] statement that a witness knows something, without statements about *how* the witness knows that something, is not admissible"); *Macias v. Sw. Cheese Co., L.L.C.*, No. CV 12-350 LH/WPL, 2014 WL 11430977, at *5 (D.N.M. June 11, 2014), *aff'd sub nom. Macias v. Sw. Cheese Co., LLC*, 624 F. App'x 628 (10th Cir. 2015) (striking assertions in a declaration where the declarant failed "to provide any foundation for her personal knowledge" for the assertions).

[17] Certain of the Anonymous Members appear to have purchased or sold assault weapons or LCMs after the Complaint was filed and while the Ordinances were stayed. (*See, e.g.*, Hill Decl. ¶ 3 ("MG owned an Aero Precision 556 at the time this action was filed. After this action was filed, he sold the Aero Precision 556 and acquired an AR-15.").) Because the Anonymous Members have already purchased or sold these firearms or magazines, these assertions have no bearing on the Anonymous Members' (and therefore the Organizations') standing to pursue Future Conduct Claims.

Tenth Circuit has found are insufficient to establish standing. *See Colorado Outfitters*, 823 F.3d at 551. (*See also supra* Part IV(A)-(B).)

In sum, because there is no genuine dispute of material fact that the individual Plaintiffs and the Anonymous Members lack standing to pursue Future Conduct Claims, the Organizations have failed to identify any organizational member that "would otherwise have standing to sue in their own right" on the Future Conduct Claims. *See N. New Mexico Stockman's Ass'n*, 30 F.4th at 1219. Accordingly, the Court should grant summary judgment to Defendants on the Organizations' Future Conduct Claims.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that the Court enter summary judgment in their favor (i) on standing grounds as set forth above, and (ii) on the merits as to the remaining claims for the reasons set forth in Defendants' motion for summary judgment. (Dkt. Nos. 78, 83.)

Dated:    November 22, 2024

Respectively submitted,

By:    s/ Gordon L. Vaughan

Gordon L. Vaughan
VAUGHAN & DEMURO
111 South Tejon Street
Suite 545
Colorado Springs, CO 80903
(719) 578-5500
gvaughan@vaughandemuro.com
*Counsel for Town of Superior and City of Louisville*

Antonio J. Perez-Marques
James H.R. Windels
Christopher P. Lynch
David B. Toscano
Hendrik van Hemmen
Jennifer Kim
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4515
antonio.perez@davispolk.com
james.windels@davispolk.com
christopher.lynch@davispolk.com
david.toscano@davispolk.com
hendrik.vanhemmen@davispolk.com
jennifer.kim@davispolk.com
*Counsel for All Defendants*

Carey R. Dunne
Kevin Trowel
Martha Reiser
FREE AND FAIR LITIGATION GROUP
266 W. 37th Street, 20th Floor
New York, NY 10018
(917) 499-2279
carey@freeandfairlitigation.org
kevin@freeandfairlitigation.org
martha@freeandfairlitigation.org
*Counsel for All Defendants*

William Taylor
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box #4184
New York, NY 10163
(646) 324-8215
wtaylor@everytown.org
*Counsel for All Defendants*

Luis A. Toro
Teresa T. Tate
BOULDER CITY ATTORNEY'S OFFICE
P.O. Box 791
1777 Broadway
Boulder, CO 80306
(303) 441-3020
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
*Counsel for the City of Boulder*

David Evan Hughes
Catherine R. Ruhland
BOULDER COUNTY ATTORNEY'S OFFICE
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org
*Counsel for the Board of County Commissioners of
Boulder County*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2024, I electronically filed the
foregoing with the Clerk of Court using the CM/ECF system which will send notification of such
filing to the parties of record.

s/ Gordon L. Vaughan
Gordon L. Vaughan