IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-2680-NYW-TPO**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

    Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

    Defendants.

---

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

---

Defendants respectfully submit this Notice of Supplemental Authority to inform the Court of two recent developments in cases involving assault weapons and/or large-capacity magazines: (i) the Supreme Court's orders, issued earlier this week, denying petitions for certiorari from federal appellate court decisions rejecting Second Amendment challenges to Maryland's law restricting assault weapons and Rhode Island's law restricting large-capacity magazines capable of accepting more than 10 rounds of ammunition and (ii) a federal appellate court ruling, also issued earlier this week, upholding a local Illinois ordinance restricting assault weapons.

*First*, on June 2, 2025, the U.S. Supreme Court denied certiorari in *Snope v. Brown*, --- S. Ct. ----, 2025 WL 1550126 (June 2, 2025), a challenge to Maryland's assault weapon law, and *Ocean State Tactical v. Rhode Island*, --- S. Ct. ----, 2025 WL 1549866 (June 2, 2025), a challenge to Rhode Island's large-capacity magazine law. Defendants previously cited and discussed the appellate court decisions in *Snope* and *Ocean State Tactical* in support of their motion for summary judgment. *See* Defs.' Statement of Suppl. Authority, Dkt. 93, at 7–8 & nn.7–9.

In *Snope*, the U.S. Court of Appeals for the Fourth Circuit, sitting en banc, held that Maryland's law is constitutional under both the text and history steps of the Second Amendment analysis, concluding that "[t]he assault weapons at issue fall outside the ambit of . . . the Second Amendment," and that Maryland's law also "fits comfortably within our nation's tradition of firearms regulation." *Bianchi v. Brown*, 111 F.4th 438, 441 (4th Cir. 2024) (en banc), *cert. denied sub nom. Snope v. Brown*, --- S. Ct. ----, 2025 WL 1550126 (June 2, 2025). Justices Thomas, Gorsuch, and Alito would have granted the petition for certiorari and Justice Thomas dissented from the denial of certiorari, while Justice Kavanaugh issued a statement respecting the denial of certiorari. *See Snope*, 2025 WL 1550126. A copy of the Supreme Court's denial of certiorari, Justice Thomas's dissent, and Justice Kavanaugh's statement in *Snope* are attached as Exhibit 1.

In *Ocean State Tactical*, the U.S. Court of Appeals for the First Circuit affirmed the denial of a preliminary injunction against Rhode Island's large-capacity magazine law, holding that it "is likely both consistent with our relevant tradition of gun regulation and permissible under the Second Amendment." *Ocean State Tactical, LLC v. Rhode Island*, 95 F.4th 38, 52 (1st Cir. 2024), *cert. denied*, --- S. Ct. ----, 2025 WL 1549866

(June 2, 2025). Justices Thomas, Alito, and Gorsuch would have granted the petition for certiorari. *See Ocean State Tactical*, 2025 WL 1549866. A copy of the Supreme Court's denial of certiorari in *Ocean State Tactical* is attached as Exhibit 2.

*Second*, also on June 2, 2025, the U.S. Court of Appeals for the Seventh Circuit issued a non-precedential order in *Viramontes v. Cook County*, No. 24-1437, 2025 WL 1553896 (7th Cir. June 2, 2025), affirming the district court's summary judgment ruling upholding an Illinois county's assault weapon ordinance. Defendants previously cited the district court's decision in *Viramontes* in support of their motion for summary judgment. *See* Defs.' Statement of Suppl. Authority, Dkt. 93, at 8.

In the Seventh Circuit's decision affirming the district court, it explained that it had rejected a challenge to the same ordinance at the preliminary injunction stage in *Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023), *cert denied*, 144 S. Ct. 2491 (2024); that the plaintiffs could not "justify overruling" *Bevis*; and that the plaintiffs "failed to develop a record sufficient to justify a different result" under *Bevis*. *Viramontes*, 2025 WL 1553896, at *1–2. A copy of the Seventh Circuit's decision in *Viramontes* is attached as Exhibit 3.

3

Dated: June 4, 2025

Antonio J. Perez-Marques
James H.R. Windels
Christopher P. Lynch
David B. Toscano
Hendrik van Hemmen
Jennifer Kim
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4515
antonio.perez@davispolk.com
james.windels@davispolk.com
christopher.lynch@davispolk.com
david.toscano@davispolk.com
hendrik.vanhemmen@davispolk.com
jennifer.kim@davispolk.com
*Counsel for All Defendants*

Carey R. Dunne
Kevin Trowel
Martha Reiser
FREE AND FAIR LITIGATION GROUP
266 W. 37th Street, 20th Floor
New York, NY 10018
(917) 499-2279
carey@freeandfairlitigation.org
kevin@freeandfairlitigation.org
martha@freeandfairlitigation.org
*Counsel for All Defendants*

Gordon L. Vaughan
VAUGHAN & DEMURO
111 South Tejon Street
Suite 545
Colorado Springs, CO 80903
(719) 578-5500
gvaughan@vaughandemuro.com
*Counsel for Town of Superior and City of Louisville*

Respectfully submitted,

By: /s/ William J. Taylor, Jr.

William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box 4184
New York, NY 10163
(646) 324-8215
wtaylor@everytown.org
*Counsel for All Defendants*

Luis A. Toro
Teresa T. Tate
BOULDER CITY ATTORNEY'S OFFICE
P.O. Box 791
1777 Broadway
Boulder, CO 80306
(303) 441-3020
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
*Counsel for the City of Boulder*

David Evan Hughes
Catherine R. Ruhland
BOULDER COUNTY ATTORNEY'S OFFICE
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org
*Counsel for the Board of County Commissioners of Boulder County*

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I served a true and complete copy of the foregoing DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY upon all parties herein by e-filing with the CM/ECF system maintained by the Court, which will send notification of such filing to the parties of record.

Dated: June 4, 2025

Respectively submitted,

By: /s/ William J. Taylor, Jr.
William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box 4184
New York, NY 10163
(646) 324-8215
wtaylor@everytown.org
*Counsel for All Defendants*