IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-2680-NYW-TPO**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

    Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

    Defendants.

---

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

---

Defendants respectfully submit this response to Plaintiffs' Notice of Supplemental Authority regarding the Supreme Court's recent decision in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. ----, 2025 WL 1583281 (June 5, 2025), *see* Dkts. 106, 107.

As an initial matter, Plaintiffs' submission violates this Court's Uniform Civil Practice Standards, which provide that any notice of supplemental authority "shall be limited to the identification and attachment of the new legal authority." Civ. Practice Standard 10.1(d). While a notice "may identify the relevant issue" (as Defendants' prior

notices of supplemental authority properly did, see Dkts. 103, 104, 105), it "may not include any additional or new argument." Civ. Practice Standard 10.1(d). Plaintiffs' attempt to make such argument in their Notice is thus improper. If Plaintiffs wished to submit additional legal argument based on *Smith & Wesson*, they should have sought leave from this Court to do so.

Even if Plaintiffs' new argument were properly before the Court, it is entirely without merit.[1] Plaintiffs assert that *Smith & Wesson* is "absolutely dispositive on the issue of whether AR-15 rifles and AK-47 rifles are protected by the Second Amendment." Dkt. 106 at 2. But *Smith & Wesson* did not involve the Second Amendment or laws restricting assault weapons, nor did it make any mention of either. Instead, it addressed the Protection of Lawful Commerce in Arms Act, a federal statute that "bars certain lawsuits against manufacturers and sellers of firearms," and "[f]ederal aiding-and-abetting law" and held only that the Government of Mexico's complaint in that case did not plausibly allege that the defendant gun manufacturers "aided and abetted unlawful sales routing guns to Mexican drug cartels." 2025 WL 1583281, at *3, *5. *Smith & Wesson* simply has no bearing on this case.[2]

---

[1] Given Plaintiffs' inclusion of improper legal argument in their Notice, Defendants respond briefly here. Should the Court strike or otherwise disregard Plaintiffs' Notice, this responsive argument can be disregarded.

[2] Plaintiffs' attempt to rely on language from Justice Sotomayor's dissenting opinion in *Garland v. Cargill*, 602 U.S. 406 (2024), a case involving a statutory challenge to a federal regulation, is likewise baseless. *See, e.g.*, *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Platkin*, 742 F. Supp. 3d 421, 437 n.16 (D.N.J. 2024) (noting that *Cargill* "makes no mention of the Second Amendment, *Heller*, or *Bruen*" and declining to consider it in Second Amendment analysis), *appeal docketed,* No. 24-2415 (3d Cir. Aug. 6, 2024); *United States v. Herriott*, No. 2:23-cr-00037, 2024 WL 3103275, at *4 (N.D. Ind. June 24, 2024) (similarly concluding that "*Cargill* has no bearing on" a Second Amendment case).

Defendants previously rebutted a similar argument when Plaintiffs, in summary judgment briefing, pointed to language from *Staples v. United States*, 511 U.S. 600 (1994), for the proposition that the Supreme Court has already decided that "guns like the AR-15 have been widely accepted as lawful possessions" and "therefore citizens have a Second Amendment right to possess [them]." *See* Dkt. 81, at 32-33; Dkt. 84 at 2. As Defendants explained, "*Staples* was not a Second Amendment case, and there is 'nothing in *Staples* that decides whether the Second Amendment protects AR-15s.'" Dkt. 83 at 8 (quoting *Bevis v. City of Naperville*, 85 F.4th 1175, 1195 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 2491 (2024)); *see also Bevis*, 85 F.4th at 1194 (rejecting argument that *Staples* "already decided that the AR-15 is in common use," as "[t]hat case had nothing to do with the Second Amendment, which is mentioned nowhere in the opinion"). The same is true of *Smith & Wesson*.[3]

At bottom, Plaintiffs' position is that the Supreme Court denied certiorari in a Second Amendment challenge to a law restricting assault weapons on Monday, *see* Dkt. 105 (citing *Snope v. Brown*, 605 U.S. ----, 2025 WL 1550126 (June 2, 2025)), only to "dispositive[ly]," Dkt. 106 at 2, and unanimously, decide that such laws are unconstitutional on Thursday, in an opinion concerning an entirely different subject. That is absurd.[4]

---

[3] Moreover, as Defendants and other courts—including the Tenth Circuit—have made clear, the relevant textual question under the Second Amendment is not whether assault weapons or large-capacity magazines are "popular" or "widely legal" or "bought by many ordinary consumers," but whether Plaintiffs have established that these items are "arms" that are "'*in common use today*' for self-defense." *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 114 (10th Cir. 2024) (emphasis added); *see* Dkt. 78 at 12-14; Dkt. 82 at 9-12; Dkt. 83 at 3-8; Dkt. 93 at 4, 7; Dkt. 95 at 9; Dkt. 102 at 3 n.4.

[4] On June 6, 2025, the day after it decided *Smith & Wesson*, the Supreme Court denied certiorari in *Hanson v. District of Columbia*, --- S. Ct. ----, 2025 WL 1603612

In sum, Plaintiffs' Notice of Supplemental Authority should be disregarded because it improperly raises argument, and, in any event, that argument is meritless.

Dated: June 10, 2025

Respectfully submitted,

By: /s/ William J. Taylor, Jr.

Antonio J. Perez-Marques
James H.R. Windels
Christopher P. Lynch
David B. Toscano
Hendrik van Hemmen
Jennifer Kim
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4515
antonio.perez@davispolk.com
james.windels@davispolk.com
christopher.lynch@davispolk.com
david.toscano@davispolk.com
hendrik.vanhemmen@davispolk.com
jennifer.kim@davispolk.com
*Counsel for All Defendants*

Carey R. Dunne
Kevin Trowel
Martha Reiser
FREE AND FAIR LITIGATION GROUP
266 W. 37th Street, 20th Floor
New York, NY 10018
(917) 499-2279
carey@freeandfairlitigation.org
kevin@freeandfairlitigation.org
martha@freeandfairlitigation.org
*Counsel for All Defendants*

William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box 4184
New York, NY 10163
(646) 324-8215
wtaylor@everytown.org
*Counsel for All Defendants*

Gordon L. Vaughan
VAUGHAN & DEMURO
111 South Tejon Street
Suite 545
Colorado Springs, CO 80903
(719) 578-5500
gvaughan@vaughandemuro.com
*Counsel for Town of Superior and City of Louisville*

Luis A. Toro
Teresa T. Tate
BOULDER CITY ATTORNEY'S OFFICE
P.O. Box 791
1777 Broadway
Boulder, CO 80306
(303) 441-3020
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
*Counsel for the City of Boulder*

---

(June 6, 2025), a challenge to D.C.'s law restricting large-capacity magazines. Defendants previously cited the D.C. Circuit's decision rejecting a Second Amendment challenge to the law in support of their motion for summary judgment. *See* Dkt. 102 at 3 n.4 (citing *Hanson v. District of Columbia*, 120 F.4th 223 (D.C. Cir. 2024)); *see also* Dkt. 78 at 2 n.2, 24 n.18, 28, 33-34, 35 n.24, 36, 38 (citing the district court's decision in *Hanson* in support of Defendants' motion for summary judgment); Dkt. 82 at 11 n.5 (same); Dkt. 83 at 10, 17, 22-23 (same).

David Evan Hughes
Catherine R. Ruhland
BOULDER COUNTY ATTORNEY'S OFFICE
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org
*Counsel for the Board of County Commissioners of Boulder County*

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2025, I served a true and complete copy of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY upon all parties herein by e-filing with the CM/ECF system maintained by the Court, which will send notification of such filing to the parties of record.

Dated: June 10, 2025

Respectively submitted,

By: /s/ William J. Taylor, Jr.
William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box 4184
New York, NY 10163
(646) 324-8215
wtaylor@everytown.org
*Counsel for All Defendants*