IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02680-NYW-TPO

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
GORDON MADONNA,
JAMES MICHAEL JONES, and
MARTIN CARTER KEHOE,

    Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

    Defendants.

## REQUEST FOR CLARIFICATION

Plaintiffs submit the following request for clarification of the Court's July 17, 2025 Order (the "Order").

Certification: The undersigned conferred with Defendants counsel. Defendant has no objection to the filing of this request for clarification.,

**Conflicting Text**

On pages 24-25 of the Order, the Court states: "The Court further concludes that **RMGO** has organizational standing through its member, Mr. LaFonte, to

1

2

challenge the Future Conduct Clause of the Louisville Ordinance with respect to assault weapons and the Current Possession and Future Conduct Clauses of the Louisville Ordinance with respect to LCMs." (emphasis added).

However, on pages 34-35 of the Order, the Court summarizes its holdings as to the claims that may proceed. Those claims include the following:

[1] "A challenge of the Current Possession Clause of the applicable Ordinance with respect to large capacity magazines brought by: . . . ii. Plaintiffs Bryan LaFonte and **National Association of Gun Rights** against the City of Louisville, Colorado;"

[2] "A challenge to the Future Possession Clause of the applicable Ordinance with respect to assault weapons brought by: i. Plaintiffs Bryan LaFonte and **National Association of Gun Rights** against City of Louisville, Colorado;

[3] "A challenge to the Future Possession of the applicable Ordinance with respect to large capacity magazines brought by: i. Plaintiffs Bryan LaFonte and the **National Association of Gun Rights** against City of Louisville, Colorado." (emphasis added).

The Court's summary on pages 34-35 appears to conflict with its statement on pages 24-25. Accordingly, Plaintiffs respectfully request clarification regarding this matter.

**Order to Amend**

The Court entered the following order: "Plaintiffs **SHALL FILE** a Verified Second Amended Complaint[1] no later than **July 23, 2025** reflecting the following claims that remain . . ."

Plaintiffs do not understand this order. Certainly, the Court has authority to dismiss parties and claims if, in its view, standing for such parties and/or claims has not been established. In such a case, the remaining parties would then litigate the remaining claims to judgment, and Plaintiffs would have the option of appealing the Court's dismissal of the parties and claims that were previously dismissed. But if a subset of the Plaintiffs were to file an amended complaint asserting only a subset of the claims, it seems that the dropped plaintiffs would have no right to appeal at all, and the remaining plaintiffs would have no right to appeal with respect to the dropped claims. Plaintiffs respectfully suggest that the Court does not have the authority to require them to give up such rights. Perhaps Plaintiffs have misunderstood the Court's order. If so, they respectfully request clarification.

Respectfully submitted this 17th day of July 2025.

*/s/ Barry K. Arrington*

---

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
(303) 205-7870
barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033

---

[1] There was no First Amended Complaint.

Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington

4