**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 22-cv-02680-NYW-TPO

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
BRYAN LAFONTE, and
JAMES MICHAEL JONES,

      Plaintiffs,

v.

TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendants.

---

## ORDER

---

Pending before the Court is Plaintiffs'[1] Motion for Additional Discovery (or "Motion"), [Doc. 92, filed August 16, 2024], which was sua sponte reinstated by the Court pursuant to its Amended Order adjudicating issues of standing, [Doc. 112 at 2]. Defendants filed a consolidated Opposition to Plaintiffs' Motion for Additional Discovery. [Doc. 95, filed August 23, 2024]. Having reviewed the Motion and the Opposition, this

---

[1] By Order dated July 17, 2025, this Court dismissed certain plaintiffs and causes of action and ordered the remaining Plaintiffs Rocky Mountain Gun Owners ("RMGO"), National Association for Gun Rights ("NAGR"), Bryan LaFonte ("Mr. LaFonte"), and James Michael Jones ("Mr. Jones") to file a Verified Second Amended Complaint no later July 23, 2025. [Doc. 109 at 34]. That Order was later superseded by an Amended Order after Plaintiffs sought clarification, [Doc. 110; Doc. 111; Doc. 112], and the deadline for Plaintiffs to file the Verified Second Amended Complaint was extended to August 6, 2025 upon their motion, [Doc. 113; Doc. 114]. The Court has amended its caption herein to reflect its rulings and refers to RMGO, NAGR, Messrs. LaFonte and Jones as "Plaintiffs."

Court respectfully **DENIES** Plaintiffs' Motion for Additional Discovery for the following reasons.

## ANALYSIS

In the Motion, Plaintiffs request that the Court allow them to conduct limited additional discovery, in light of the Court's exclusion of the opinions of their expert, Mark Passamaneck,[2] about numerical estimates of the number of AR-15 style semi-automatic rifles and large capacity magazines. [Doc. 92 at 2 (citing [Doc. 90])]. Specifically, Plaintiffs seek to reopen discovery for the limited purpose of issuing subpoenas to select arms companies to determine the number of arms they have placed in circulation.[3] [*Id.*]. Defendants oppose the Motion, arguing that discovery in the matter has long closed, the summary judgment briefing was complete, and further delaying the matter would result in substantial prejudice to Defendants arising from the continued stay of the challenged ordinances pending this litigation. [Doc. 95 at 2].

There is no dispute that the Scheduling Order entered in this case contemplated a deadline of July 28, 2023 for all fact and expert discovery, [Doc. 49 at 10–11], and that deadline lapsed before the Parties filed their respective Motions for Summary Judgment, *see* [Doc. 76; Doc. 78]. In order for discovery to be reopened, Plaintiffs must establish good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which in this context means "showing, among other things, that the party seeking the extension was

---

[2] Although Plaintiffs spell their expert's last name as "Passamanceck," *see* [Doc. 92], this appears to be a typographical error given the spelling used by Mr. Passamaneck and the Parties in conjunction with Defendants' Motion to Partially Strike Expert Reports and Partially Exclude Testimony of Mark Passamaneck, *see* [Doc. 68; Doc. 68-1; Doc. 75].

[3] It is not clear how Plaintiffs intend to introduce any evidence gathered from the subpoenas that they seek, e.g., whether they also wish to have Mr. Passamaneck propound a supplemental expert report.

diligent in its discovery efforts yet could not complete discovery by the court-ordered deadline." *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003) (first citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990); and then citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668–69 (D. Colo. 2001)).  As the Parties recognize, the United States Court of Appeals for the Tenth Circuit has identified several other factors relevant to the decision to re-open discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*SIL-FLO*, 917 F.2d at 1514 (quotation omitted).  Ultimately, the decision whether to reopen discovery lies in the sound discretion of the trial court.  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

Weighing these factors, this Court concludes that Plaintiffs have not carried their burden to establish there is good cause to reopen discovery.  Based on the record before it, this Court concludes that Plaintiffs have not been diligent in obtaining the discovery they now seek, which was entirely foreseeable.  Since the inception of this action, one of Plaintiffs' core allegations has been that Defendants were seeking to prohibit "commonly used firearms and magazines." *See, e.g.*, [Doc. 1 at ¶¶ 1–2].  Indeed, Plaintiffs specifically averred that "[t]he Second Amendment protects the right of law-abiding citizens to own weapons in common use by law-abiding citizens for lawful purposes."  [*Id.* at ¶ 37 (citing *District of Columbia v. Heller*, 554 U.S. 570, 627 (2008))].  This contention is repeated by Plaintiffs in the proposed Scheduling Order, which was drafted by the Parties and submitted to the Court for consideration on January 12, 2023:

> The Second Amendment protects the right of law-abiding citizens to own weapons in common use by law-abiding citizens for lawful purposes. *D.C. v. Heller*, 554 U.S. 570, 627 (2008); *cf. New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

[Doc. 47 at 3]. By that same date, Plaintiffs were, or should have been aware, that Defendants contested whether the Second Amendment covered the firearms and magazines at issue in this case:

> Second Amendment protections extend only to "Arms." This is not just a matter of whether a form of weapon is at issue. The Second Amendment protects only the carrying of "weapons that are 'in common use'" for self defense. . . .
>
> As a threshold matter, Plaintiffs have not met their burden of showing that assault weapons and large-capacity magazines are covered by the plain text of the Second Amendment. The ordinances do not regulate "Arms." Rather, they regulate only particular firearm features, characteristics or accessories (including large-capacity magazines). Further, the evidence will demonstrate that neither large-capacity magazines nor assault weapons are commonly used for self-defense.

[*Id.* at 5–6]. Thus, the need for evidence regarding whether the firearms and magazines at issue were in common use was foreseeable from the beginning of this case, and the argument that "Plaintiffs also reasonably believed the numerosity issue would be largely uncontested," [Doc. 92 at 3], is not well-taken. Plaintiffs point to nothing in the record to suggest that Defendants indicated that they would not contest or stipulate to the fact that the firearms and magazines at issue are in common use.

Similarly, Plaintiffs were on notice that Defendants were challenging Mr. Passamaneck's opinions no later than September 15, 2023, when they filed their Motion to Partially Strike Expert Reports and Partially Exclude Testimony of Mark Passamaneck ("Motion to Strike"). [Doc. 68]. But Plaintiffs did not move at that time for any further discovery, even in their Response to Defendants' Motion Partially to Strike [sic] Mark

Passamaneck's Report and Exclude His Testimony.  [Doc. 75].  Plaintiffs' good faith belief
that Mr. Passamaneck would be permitted to provide the opinions he offers about whether
the firearms and magazines at issue are in common use is inapposite as to whether they
acted diligently and whether the need for discovery from firearm manufacturers now
sought by subpoena was foreseeable.

Indeed, the prejudice in reopening discovery is clear—not only in this case to these
Defendants, but as a general matter.  The Scheduling Order originally set a deadline for
dispositive motions of September 15, 2023.  [Doc. 49 at 11].  The Parties then moved for
an extension of time and page limitations in order "to ensure any motions for summary
judgment are fully and adequately briefed."  [Doc. 66 at 2].  The Court granted that
stipulated motion, setting a dispositive motion deadline of October 20, 2023 and allowing
the Parties more than twice the number of pages permitted by the Court's Practice
Standards.  [Doc. 67].  The Parties submitted their respective Motions for Summary
Judgment on October 20, 2023.  [Doc. 76; Doc. 78].  Plaintiffs' desire to switch strategies
after the submission of dispositive motions based on the Court's ruling on the Motion to
Strike would, at best, undermine the value and purpose of a Scheduling Order, *see
Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D.
Colo. 2014) (quoting *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439,
441 (D. Colo. 2000) (observing that a "Scheduling Order is not a frivolous piece of paper,
idly entered, which can be cavalierly disregarded by counsel without peril"), and, at worst,
allow the type of gamesmanship that the Federal Rules of Civil Procedure are designed
to prevent.  A party cannot expect a court to give it a second bite at the discovery apple
when it had ample notice and opportunity to obtain the requested information during the

ordinary course of discovery but chose not to do so for reasons not attributable to the non-moving party.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that:

(1)    Plaintiffs' Motion for Additional Discovery [Doc. 92] is **DENIED**; and

(2)    Any renewed Motions for Summary Judgment shall be **FILED** by August 14, 2025.

DATED:  July 31, 2025                     BY THE COURT:

_____
Nina Y. Wang
United States District Judge