IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02680-NYW-TPO

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
BRYAN LAFONTE, and
JAMES MICHAEL JONES,

    Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

    Defendants.
_____

**DEFENDANTS' MOTION FOR ENLARGEMENT OF PAGE LIMITS
ON RENEWED MOTIONS FOR SUMMARY JUDGMENT**
_____

    Defendants submit this motion for an enlargement of the page limits on the parties' renewed motions for summary judgment as follows: (a) 45 pages for motions, (b) 45 pages for responses, and (c) 25 pages for replies. The Court granted these same enlarged page limits in connection with the parties' original motions for summary judgment. (Doc. 67.) Plaintiffs oppose this request. As good cause for their request, Defendants state as follows:

1.      Under the Court's August 11, 2025, order (Doc. 119), the parties' renewed motions for summary judgment are due on September 5, 2025. Defendants plan to file a renewed motion for summary judgment on that date.

2.      Under the Court's practice standards, motions for summary judgment, and responses, are limited to 20 pages, with 10 pages allocated for replies. Civ. Practice Standard 10.1(c)(2). Defendants submit that, just as on their original motion for summary judgment (*see* Docs. 78, 82, 83), the briefing on their renewed motion for summary judgment will require an enlargement of those page limits.

3.      Accordingly, Defendants seek an enlargement of the page limits on their renewed motion for summary judgment as follows: (a) 45 pages for their renewed motion, (b) 45 pages for their response brief (if Plaintiffs file a renewed motion for summary judgment), and (c) 25 pages for their reply brief.[1] If the Court grants this motion, Defendants further consent to a reciprocal enlargement of the page limits for any motion, response, or reply filed by Plaintiffs.[2] Plaintiffs oppose this request and have indicated only that they would not oppose an extension of up to 30 pages for Defendants' motion.

4.      The Court granted the same page extensions now requested by Defendants in connection with the parties' original motions for summary judgment (Doc. 67 (granting

---

[1] As they did on their original motion for summary judgment, the four Defendants plan to jointly file one renewed motion, one response, and one reply.

[2] Under D.C.COLO.LCivR 7.1(a), counsel for Defendants conferred with counsel for Plaintiffs by telephone concerning the relief requested in this motion and proposed these same enlargements of the page limits for Plaintiffs (45 pages each for any renewed motion for summary judgment and response, and 25 pages for any reply).

45 pages for motions and responses and 25 pages for replies)). Those same extended page limits are warranted for Defendants' renewed motion for summary judgment as well, so that Defendants may properly address Plaintiffs' Second Amendment challenges and explain that the restrictions on assault weapons and large-capacity magazines at issue in this case are constitutional. Plaintiffs' opposition to this request is without any reasonable basis.

5.  *First*, while the Court's July 21, 2025, Amended Order (Doc. 112) resolved issues of standing and dismissed some of the Plaintiffs and some Plaintiffs' specific claims on standing grounds, as the Court has recognized (*see id.* at 4), standing was not the focus of Defendants' original summary judgment briefing. Defendants "did not raise lack of standing as a basis for their first affirmative Motion for Summary Judgment." (*Id.*) And though Defendants "did challenge standing in response to Plaintiffs' Motion for Summary Judgment," standing arguments comprised just three pages of Defendants' original response brief. (*Id.*; *see* Doc. 82 at 25-28.) Thus, while it appears Defendants will no longer have to address Plaintiffs' standing before this Court, that does not support fewer pages for Defendants' briefing on their renewed motion for summary judgment than on their original motion.

6.  *Second*, while, as noted, the Amended Order dismissed some claims, Plaintiffs continue to have live challenges to assault weapon restrictions (as against Louisville and Boulder County) and large-capacity magazine restrictions (as against all

four Defendants).³ Thus, just like their original motion, Defendants' renewed motion for summary judgment will have to address the constitutionality under the Second Amendment of both types of restrictions, which Defendants submit will require a similar number of pages as it did in the original motion.

7.     *Third*, since the time of the original summary judgment motions in 2023, there have been many developments in the relevant Second Amendment caselaw, as reflected by the multiple notices of supplemental authority filed with the Court (*see, e.g.*, Docs. 93, 103-05, 108; *see also* Doc. 102 at 3 n.4). This includes significant Second Amendment rulings from the Supreme Court and the Tenth Circuit, eight decisions from six federal courts of appeals rejecting Second Amendment challenges to laws restricting assault weapons and/or large-capacity magazines, and numerous other notable cases. Defendants will need to incorporate and address these additional authorities in their renewed motion for summary judgment.

8.     This is Defendants' first request for an enlargement of the page limits on their renewed motion for summary judgment.

---

³ The First Amended Complaint also includes claims brought by Charles Bradley Walker and Gordon Madonna, notwithstanding this Court's dismissal of their claims on standing grounds (*see* Doc. 112). The First Amended Complaint purports to "reassert" both "the factual allegations concerning them that have been previously filed in this case" and "their claims pursuant to the Second Amendment set forth in the original complaint." (Doc. 116 ¶¶ 67-71; *see id.* at 1.) And the First Amended Complaint further purports to "incorporate … and reallege all factual allegations set forth in the original complaint and the various declarations [Plaintiffs] have previously filed in this case and reassert all claims set forth in the original complaint, including those previously dismissed without prejudice." (*Id.* ¶ 61.)

WHEREFORE, Defendants respectfully request an enlargement of the page limits for their renewed motion for summary judgment in this matter, with their motion and response not to exceed 45 pages each and their reply not to exceed 25 pages. If the Court grants this motion, Defendants consent to a reciprocal enlargement of the page limits for any motion, response, or reply filed by Plaintiffs, notwithstanding Plaintiffs' opposition to this motion.

Respectfully submitted this 18th day of August 2025.

s/ Antonio J. Perez-Marques
Antonio J. Perez-Marques
David Toscano
Christopher Lynch
James Windels
Hendrik van Hemmen
Jennifer So Jin Kim
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
antonio.perez@davispolk.com
david.toscano@davispolk.com
christopher.lynch@davispolk.com
james.windels@davispolk.com
Hendrik.vanhemmen@davispolk.com
jennifer.kim@davispolk.com
ATTORNEYS FOR DEFENDANTS

s/ William J. Taylor, Jr.
William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue, #4184
New York, NY 10017
(646) 324-8215
wtaylor@everytown.org
ATTORNEY FOR DEFENDANTS

/s Gordon L. Vaughan
Gordon L. Vaughan
VAUGHAN & DeMURO
111 South Tejon Street, Suite 545
Colorado Springs, CO 80903
(719) 578-5500
gvaughan@vaughandemuro.com
ATTORNEY FOR DEFENDANTS
THE TOWN OF SUPERIOR and
CITY OF LOUISVILLE, COLORADO

s/ Carey R. Dunne
Carey R. Dunne
Kevin Trowel
Martha Reiser
FREE AND FAIR LITIGATION GROUP
266 West 37th Street, 20th Floor
New York, NY 10018
(646) 434-8604
carey@freeandfair.org
kevin@freeandfair.org
martha@freeandfair.org
ATTORNEYS FOR DEFENDANTS

| | |
|---|---|
| s/ Luis A. Toro | s/ David Hughes |
| Luis A. Toro, Senior Attorney | David Hughes, Deputy County Attorney |
| Taylor Tate, City Attorney | Catherine R. Ruhland, Deputy County Attorney |
| BOULDER CITY ATTORNEY'S OFFCE | BOULDER COUNTY ATTORNEY |
| 1777 Broadway | P.O. Box 471 |
| Boulder, CO 80302 | Boulder, CO 80306 |
| (303) 441-3020 | (303) 441-3190 |
| torol@bouldercolorado.gov | dhughes@bouldercounty.org |
| tatet@bouldercolorado.gov | truhland@bouldercounty.org |
| ATTORNEY FOR DEFENDANT | ATTORNEY FOR DEFENDANT |
| CITY OF BOULDER, COLORADO | BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY |

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

s/ Gordon L. Vaughan
Gordon L. Vaughan