IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02680-NYW-TPO

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
BRYAN LAFONTE,
and
JAMES MICHAEL JONES,

      Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendants.

_____

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT
_____

Defendants The Town of Superior ("Superior"), City of Louisville, Colorado

("Louisville"), City of Boulder, Colorado ("Boulder"), and Board of County

Commissioners of Boulder County ("Boulder County") (together, "Defendants"), by and

through their undersigned attorneys, as set forth below, hereby respond to the First

Amended Complaint, dated August 1, 2025, as follows:

## PRELIMINARY STATEMENT

On July 21, 2025, after cross motions for summary judgment were fully briefed by

the parties, the Court entered an Order dismissing certain Plaintiffs and claims on

standing grounds. (*See* Doc. 112).[1] The Order stated that the Court would rule on the merits of the parties' summary judgment motions after further briefing, but would in the meantime require Plaintiffs "to file a Verified [] Amended Complaint that reflects the remaining Plaintiffs and claims resulting from the [Court's] ruling[]" regarding standing. (*Id.* at 34.) The Order was a narrow one that authorized Plaintiffs to make only those amendments that were necessary to reflect the Court's July 21 Order dismissing certain Plaintiffs and claims.

Nevertheless, when Plaintiffs filed their Amended Complaint (Doc. 116), they made numerous unauthorized amendments.[2] Plaintiffs reassert allegations relating to claims and parties the Court dismissed (*see, e.g.*, Ex. A ¶¶ 67–71), and add new allegations that are unrelated to standing or otherwise exceed the amendments the Court authorized (*see, e.g., id.* ¶¶ 42–45). These amendments are improper because they were made after the February 28, 2023 deadline for Plaintiffs to amend their complaint expired (*see* Doc. 49 at 10), and were made "with[out] [Defendants'] written consent or the court's leave," *see* Fed. R. Civ. P. 15(a)(2); *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985).

---

[1] The Court's original order was dated July 17, 2025 (*see* Doc. 109); the version entered on July 21, 2025 was substantively identical to the original order but contained minor modifications.

[2] A redline showing the changes Plaintiffs made in their Amended Complaint is attached as Exhibit A.

Defendants have noted below in their Answer the paragraphs in Plaintiffs' Amended Complaint that contain unauthorized amendments.[3] Defendants are not required to respond to these improperly asserted allegations. *See, e.g.*, *Vasquez v. Johnson Cnty. Hous. Coal., Inc.*, No. CIV.A. 03-2147-CM, 2003 WL 21479186, at *1 (D. Kan. June 16, 2003) (explaining that unauthorized amendments are "without legal effect and will not be considered by the court"); *Ambrose Packaging, Inc. v. Flexsol Packaging Corp.*, No. 04-2162-JWL, 2004 WL 2075457, at *3 (D. Kan. Sept. 16, 2004) (striking amended allegations that were not "[]authorized" by a court order that "granted plaintiff leave to amend only to correct pleading deficiencies on the tortious interference claim, not to assert new claims").[4]

## ANSWER TO AMENDED COMPLAINT

1.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis deny same.

2.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis deny same.

---

[3] Defendants have noted only those unauthorized amendments that are significant or substantive in nature, though Defendants respectfully submit that even minor amendments—such as those related to terminology or word choice (*see, e.g.*, Ex. A ¶¶ 13–16)—were not authorized by the Court and are improper.

[4] To avoid burdening the Court with additional motion practice, Defendants have not moved to strike the improper allegations in Plaintiffs' Amended Complaint. Under Rule 12(f), however, the Court may strike the improper allegations on its own should it choose to do so. *See* Fed. R. Civ. P. 12(f); *see also Sheldon v. Vermonty*, No. CIV.A. 98-2277-JWL, 2002 WL 598333, at *1 (D. Kan. Mar. 4, 2002) (exercising authority under Rule 12(f) to strike allegations that plaintiff "did not have leave to assert" in its amended complaint).

3.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis deny same.

4.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis deny same.

5.  Superior admits the allegations in Paragraph 5. Louisville, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.  Boulder admits the allegations in Paragraph 6. Superior, Louisville, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.  Boulder County admits the allegations in Paragraph 7. Superior, Louisville, and Boulder deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.  Louisville admits the allegations in Paragraph 8. Superior, Boulder and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.  The allegations in Paragraph 9 are legal contentions to which no response is required. To the extent a response is required, Defendants admit they were acting under the color of state law.

10. Defendants admit that the Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331. Defendants reserve the right to contest Plaintiffs' standing to bring the claims and to assert Plaintiffs' claims are moot. The

4

remaining allegations in Paragraph 10 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

11. The allegations in Paragraph 11 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

12. The allegations in Paragraph 12 are legal contentions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in the District of Colorado.

13. Defendants admit that they are political subdivisions of the State of Colorado. To the extent that the allegations in Paragraph 13 purport to describe a particular ordinance, Defendants refer to the cited ordinance for its true and complete content, which speaks for itself. Defendants otherwise deny the allegations in Paragraph 13.

14. Defendants admit that Plaintiffs have challenged the constitutionally of portions of Town of Superior, Colorado, Code Ch. 10, art IX; City of Boulder, Colorado, Rev. Code Title 5, Ch. 8; City of Louisville, Colorado, Code Title 9, Ch. VIII; and Boulder County, Colorado, Ord. No. 2022-5, but Defendants otherwise deny the allegations.

15. To the extent that Paragraph 15 sets forth definitions, no response is required. To the extent that the allegations in Paragraph 15 purport to describe a particular ordinance, Defendants refer to the cited ordinance for its true and complete content, which speaks for itself. Defendants deny the remaining allegations in Paragraph 15.

16. To the extent that Paragraph 16 sets forth definitions, no response is required. To the extent that the allegations in Paragraph 16 purport to describe a particular

ordinance, Defendants refer to the cited ordinance for its true and complete content, which speaks for itself. Defendants deny the remaining allegations in Paragraph 16.

17. Defendants are not required to respond to the allegations in Paragraph 17 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 17 and on that basis deny same.

18. Superior denies the allegations in Paragraph 18, except that Superior admits that Section 10-9-20 of the Superior Ordinance defines the term "assault weapon." Superior refers to the Superior Ordinance for its true and complete content, which speaks for itself. Louisville, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Defendants are not required to respond to the allegations in Paragraph 19 because they were not authorized by the Court's July 21 Order. Moreover, the allegations in Paragraph 19 are legal contentions to which no response is required. To the extent a response is required, Superior refers to the Superior Ordinance for its true and complete content, which speaks for itself. Boulder, Louisville, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Superior denies the allegations in Paragraph 20, except that Superior admits that Section 10-9-20 of the Superior Ordinance defines the term "large-capacity magazine." Superior refers to the Superior ordinance for its true and complete content, which

speaks for itself. Louisville, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Boulder denies the allegations in Paragraph 21, except that Boulder admits that Section 5-8-2 of the Boulder Ordinance defines the term "assault weapon." Boulder refers to the Boulder Ordinance for its true and complete content, which speaks for itself. Superior, Louisville, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Boulder denies the allegations in Paragraph 22, except that Section 5-8-2 of the Boulder Ordinance defines the term "large-capacity magazine." Boulder refers to the Boulder Ordinance for its true and complete content, which speaks for itself. Superior, Louisville, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Boulder County denies the allegations in Paragraph 23, except that Boulder County admits that Section 1(a) of the Boulder County Ordinance defines the term "assault weapon." Boulder County refers to the Boulder County Ordinance for its true and complete content, which speaks for itself. Superior, Louisville, and Boulder deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Boulder County denies the allegations in Paragraph 24, except that Boulder County admits that Section 1(c) of the Boulder County Ordinance defines the term "large-capacity magazine." Boulder County refers to the Boulder County Ordinance for its true and complete content, which speaks for itself. Superior, Louisville, and Boulder

deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Louisville denies the allegations in Paragraph 25, except that Louisville admits that 9.80.010 of the Louisville Ordinance defines the term "assault weapon." Louisville refers to the Louisville Ordinance for its true and complete content, which speaks for itself. Superior, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Louisville denies the allegations in Paragraph 26, except that Louisville admits that 9.80.010 of the Louisville Ordinance defines the term "large-capacity magazine." Louisville refers to the Louisville Ordinance for its true and complete content, which speaks for itself. Superior, Boulder, and Boulder County deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Defendants are not required to respond to the allegations in Paragraph 27 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis deny same.

28. Defendants are not required to respond to the allegations in Paragraph 28 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis deny same.

29. Defendants are not required to respond to the allegations in Paragraph 29 because they were not authorized by the Court's July 21 Order. Moreover, the

allegations in Paragraph 29 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. Defendants are not required to respond to the allegations in Paragraph 30 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis deny same.

31. Defendants are not required to respond to the allegations in Paragraph 31 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny same.

32. Defendants are not required to respond to the allegations in Paragraph 32 because they were not authorized by the Court's July 21 Order. Moreover, the allegations in Paragraph 32 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. Defendants are not required to respond to the allegations in Paragraph 33 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny same.

34. Defendants are not required to respond to the allegations in Paragraph 34 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants refer to the declaration submitted by Hannah Hill (Doc. 100-1) for its complete contents, and otherwise deny knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis deny same.

35. Defendants are not required to respond to the allegations in Paragraph 35 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants refer to the declaration submitted by Hannah Hill (Doc. 100-1) for its complete contents, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis deny same.

36. Defendants are not required to respond to the allegations in Paragraph 36 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants refer to the declaration submitted by Hannah Hill (Doc. 100-1) for its complete contents, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis deny same.

37. Defendants are not required to respond to the allegations in Paragraph 37 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants refer to the declaration submitted by Dudley Brown (Doc. 76-6) for its complete contents, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis deny same.

38. Defendants are not required to respond to the allegations in Paragraph 38 because they were not authorized by the Court's July 21 Order. Moreover, the

10

allegations in Paragraph 38 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 are legal contentions to which no response is required.

40. The allegations in Paragraph 40 are legal contentions to which no response is required.

41. The allegations in Paragraph 41 are legal contentions to which no response is required.

42. Defendants are not required to respond to the allegations in Paragraph 42 because they were not authorized by the Court's July 21 Order. Moreover, the allegations in Paragraph 42 contain legal contentions to which no response is required. To the extent a response is required, Defendants refer to the statement cited for its complete contents, and otherwise deny the allegations.

43. Defendants are not required to respond to the allegations in Paragraph 43 because they were not authorized by the Court's July 21 Order. Moreover, the allegations in Paragraph 43 contain legal contentions to which no response is required. To the extent a response is required, Defendants refer to the dissent cited for its complete contents, and otherwise deny the allegations.

44. Defendants are not required to respond to the allegations in Paragraph 44 because they were not authorized by the Court's July 21 Order. Moreover, the allegations in Paragraph 44 contain legal contentions to which no response is required.

To the extent a response is required, Defendants refer to the opinion and dissent cited for their complete contents, and otherwise deny the allegations.

45. Defendants are not required to respond to the allegations in Paragraph 45 because they were not authorized by the Court's July 21 Order. Moreover, the allegations in Paragraph 45 contain legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

46. The allegations in Paragraph 46 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 are legal contentions to which no response is required. To the extent a response is required, Defendants refer to the dissent cited for its complete contents, and otherwise deny the allegations.

49. Defendants deny the factual allegations in Paragraph 49. To the extent that Paragraph 49 sets forth legal contentions, no response is required. To the extent a response is required, Defendants deny the allegations.

50. The allegations in Paragraph 50 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the factual allegations.

51. The allegations in Paragraph 51 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

52. The allegations in Paragraph 52 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

53. The allegations in Paragraph 53 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### ANSWER TO FIRST CLAIM FOR RELIEF

54. Paragraph 54 reincorporates the allegations of Paragraphs 1-53. Defendants reincorporate all their specific responses to Paragraphs 1-53 above.

55. Paragraph 55 sets forth legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

56. Paragraph 56 sets forth legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

57. Paragraph 57 sets forth legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

58. Paragraph 58 sets forth legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

59. Defendants are not required to respond to the allegations in Paragraph 59 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants refer to the Court's July 21 Order (Doc. 112) and Plaintiffs' Request for Clarification (Doc. 110) for their complete contents.

60. Paragraph 60 sets forth legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

61. Defendants are not required to respond to the allegations in Paragraph 61 because they were not authorized by the Court's July 21 Order. To the extent a

response is required, Defendants reincorporate their responses from their earlier filed answer (Doc. 54), and otherwise deny the allegations.

## ANSWER TO PRAYER FOR RELIEF

62. Defendants deny that Plaintiffs are entitled to the relief they request in Paragraph 62.

63. Defendants deny that Plaintiffs are entitled to the relief they request in Paragraph 63.

64. Defendants deny that Plaintiffs are entitled to the relief they request in Paragraph 64.

65. Defendants deny that Plaintiffs are entitled to the relief they request in Paragraph 65.

66. Defendants deny that Plaintiffs are entitled to the relief they request in Paragraph 66.

## ANSWER TO PRESERVATION OF WALKER AND MADONNA CLAIMS

67. Defendants are not required to respond to the allegations in Paragraph 67 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny same.

68. Defendants are not required to respond to the allegations in Paragraph 68 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny same.

14

69. Defendants are not required to respond to the allegations in Paragraph 69 because they were not authorized by the Court's July 21 Order. Moreover, the allegations in Paragraph 69 contain legal contentions to which no response is required. To the extent a response is required, Defendants refer to the Court's July 21 Order (Doc. 112) for its complete contents.

70. Defendants are not required to respond to the allegations in Paragraph 70 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny same.

71. Defendants are not required to respond to the allegations in Paragraph 71 because they were not authorized by the Court's July 21 Order. To the extent a response is required, Defendants reincorporate their responses from their earlier filed answer (Doc. 54) and otherwise deny the allegations.

## DEFENSES

Defendants assert the following defenses and reserve the right to amend this Answer to Amended Complaint to assert other and further defenses when and if it becomes appropriate. By asserting the following defenses, Defendants do not concede or intend to suggest (i) that Defendants bear the burden of proof on such defenses or any element thereof, or (ii) that Plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements of Plaintiffs' prima facie case against Defendants.

## FIRST DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## SECOND DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by lack of standing.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of mootness.

## FIFTH DEFENSE

The challenged provisions in Defendants' Ordinances restricting LCMs are not unconstitutional.

## SIXTH DEFENSE

The challenged provisions in Defendants' Ordinances restricting assault weapons are not unconstitutional.

s/ James Windels
Antonio J. Perez-Marques
David Toscano
Christopher Lynch
James Windels
Hendrik van Hemmen
Jennifer So Jin Kim
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
antonio.perez@davispolk.com
david.toscano@davispolk.com
christopher.lynch@davispolk.com
james.windels@davispolk.com
Hendrik.vanhemmen@davispolk.com
jennifer.kim@davispolk.com
ATTORNEYS FOR DEFENDANTS

s/ William J. Taylor, Jr.
William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue, #4184
New York, NY 10017
(646) 324-8215
wtaylor@everytown.org
ATTORNEY FOR DEFENDANTS

s/ Luis A. Toro
Luis A. Toro, Senior Attorney
Taylor Tate, City Attorney
BOULDER CITY ATTORNEY'S OFFCE
1777 Broadway
Boulder, CO 80302
(303) 441-3020
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
ATTORNEY FOR DEFENDANT
CITY OF BOULDER, COLORADO

/s Gordon L. Vaughan
Gordon L. Vaughan
VAUGHAN & DeMURO
111 South Tejon Street, Suite 545
Colorado Springs, CO 80903
(719) 578-5500
gvaughan@vaughandemuro.com
ATTORNEY FOR DEFENDANTS
THE TOWN OF SUPERIOR and
CITY OF LOUISVILLE, COLORADO

s/ Carey R. Dunne
Carey R. Dunne
Kevin Trowel
Martha Reiser
FREE AND FAIR LITIGATION GROUP
266 West 37th Street, 20th Floor
New York, NY 10018
(646) 434-8604
carey@freeandfair.org
kevin@freeandfair.org
martha@freeandfair.org
ATTORNEYS FOR DEFENDANTS

s/ David Hughes
David Hughes, Deputy County Attorney
Catherine R. Ruhland, Deputy County
Attorney
BOULDER COUNTY ATTORNEY
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org
ATTORNEY FOR DEFENDANT
BOARD OF COUNTY COMMISSIONERS
OF BOULDER COUNTY

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

s/ James Windels
James Windels