**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 22-cv-2680-NYW-TPO**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
BRYAN LAFONTE, and
JAMES MICHAEL JONES,

      Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendants.

---

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

---

Defendants respectfully submit this Notice of Supplemental Authority to inform the Court of two recent developments in cases relevant to the claims in this case: (i) an order from the District of Columbia Court of Appeals granting rehearing en banc and vacating an earlier panel decision that had held the District of Columbia's prohibition on large-capacity magazines ("LCMs") violates the Second Amendment and (ii) a decision of the Second Circuit affirming a grant of summary judgment to defendants in a Second Amendment case due to plaintiffs' failure to adduce evidence establishing common use for self-defense.

*First*, on April 22, 2026, the District of Columbia Court of Appeals granted rehearing en banc in a Second Amendment challenge to the District of Columbia's law

prohibiting the possession of LCMs with a capacity of more than ten rounds. *See* Order, *Benson v. United States*, No. 23-CF-0514 (D.C. Apr. 22, 2026). The order vacated an earlier decision by a three-judge panel holding the D.C. law facially unconstitutional. Plaintiffs have relied on the panel decision in support of their claims in this case. *See* Pls. Notice of Suppl. Auth., Dkt. 132. A copy of the court's order granting rehearing en banc and vacating the earlier panel decision is attached as Exhibit 1.

*Second*, on April 13, 2026, the U.S. Court of Appeals for the Second Circuit issued a non-precedential summary order in *Calce v. Tisch*, No. 25-861, 2026 WL 980092 (2d Cir. Apr. 13, 2026) (summary order), affirming the district court's grant of summary judgment to defendants in a Second Amendment challenge to a prohibition on electronic weapons such as stun guns and tasers. Applying circuit precedent, the court concluded that the plaintiffs did not "carry their burden at step one of the *Bruen* analysis" to show that the prohibited items were in common use for self-defense. *See Calce*, 2026 WL 980092, at *1-2 (citing *United States v. Gomez*, 159 F.4th 172, 177-78 (2d Cir. 2025), *cert. denied*, --- S. Ct. ----, 2026 WL 795188 (Mar. 23, 2026)). As the court explained, "[i]nstead of introducing the required evidence before the trial court, Plaintiffs cited a slew of non-binding cases and a concurrence by Justice Alito … for the proposition 'that stun guns are common.'" *Id.* at *2. In this case, Defendants have similarly argued that they are entitled to summary judgment because "Plaintiffs' failure to develop any evidentiary record dooms their case at step one of the *Bruen-Rahimi* framework." Defs.' Reply Supp. Renewed Mot. Summ. J., Dkt. 128, at 12; *see id.* at 12-15; Defs.' Renewed Mot. Summ. J., Dkt. 123, at 11-12 (citing *United States v. Morgan*,

150 F.4th 1339, 1349 (10th Cir. 2025), *cert. denied*, 146 S. Ct. 907 (2025)). A copy of

the Second Circuit's decision in *Calce* is attached as Exhibit 2.

Dated: April 29, 2026

Antonio J. Perez-Marques
James H.R. Windels
Christopher P. Lynch
David B. Toscano
Hendrik van Hemmen
Jennifer Kim
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4515
antonio.perez@davispolk.com
james.windels@davispolk.com
christopher.lynch@davispolk.com
david.toscano@davispolk.com
hendrik.vanhemmen@davispolk.com
jennifer.kim@davispolk.com
*Counsel for All Defendants*

Carey R. Dunne
Kevin Trowel
Martha Reiser
FREE AND FAIR LITIGATION GROUP
266 W. 37th Street, 20th Floor
New York, NY 10018
(917) 499-2279
carey@freeandfairlitigation.org
kevin@freeandfairlitigation.org
martha@freeandfairlitigation.org
*Counsel for All Defendants*

Gordon L. Vaughan
VAUGHAN & DEMURO
111 South Tejon Street
Suite 545
Colorado Springs, CO 80903
(719) 578-5500
gvaughan@vaughandemuro.com
*Counsel for Town of Superior and City of Louisville*

Respectfully submitted,

By: /s/ William J. Taylor, Jr.

William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box 4184
New York, NY 10163
(646) 324-8215
wtaylor@everytown.org
*Counsel for All Defendants*

Luis A. Toro
Teresa T. Tate
BOULDER CITY ATTORNEY'S OFFICE
P.O. Box 791
1777 Broadway
Boulder, CO 80306
(303) 441-3020
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
*Counsel for the City of Boulder*

David Evan Hughes
Catherine R. Ruhland
BOULDER COUNTY ATTORNEY'S OFFICE
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org
*Counsel for the Board of County Commissioners of Boulder County*

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, I served a true and complete copy of the

foregoing DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY upon all parties

herein by e-filing with the CM/ECF system maintained by the Court, which will send

notification of such filing to the parties of record.

Dated: April 29, 2026

Respectively submitted,

By: /s/ William J. Taylor, Jr.
William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box 4184
New York, NY 10163
(646) 324-8215
wtaylor@everytown.org
*Counsel for All Defendants*

5