# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02680-NYW-TPO

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHARLES BRADLEY WALKER,
BRYAN LAFONTE,
GORDON MADONNA, and
JAMES MICHAEL JONES,

      Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendants.

---

## PLAINTIFFS' OPPOSED MOTION TO STAY PROCEEDINGS

---

Plaintiffs move this Court to stay all current proceedings in light of the Supreme Court's recent certiorari grant in *Viramontes v. Cook County*. The Supreme Court granted certiorari on the question whether "the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles." Pet. for Writ of Cert. i, *Viramontes v. Cook Cnty.*, No. 25-238 (U.S. filed Aug. 27, 2025); see Orders List 3 (U.S. June 30, 2026) (granting certiorari). The resolution of that issue is likely to substantially impact the issues presented in this action. Accordingly, Plaintiffs move to stay proceedings in this case until 30 days after the Supreme Court issues a mandate in Viramontes (which has been consolidated with *Grant v. Higgins*, No. 25-566 (U.S.)).

**Conferral Statement**

Counsel for Plaintiffs began the conferral process on July 1, 2026, via email. Counsel for the City and County of Boulder on July `15, 2026, stating "The City of Boulder and Boulder County do not agree to stay the case." Counsel for the Superior and Louisville requested until July 22, 2026, to provide their position on a stay. However, since the stay is opposed by at least one party, this Motion is ready for consideration.

## INTRODUCTION

This case challenges substantially similar Ordinances passed by the Defendants. The Ordinances at issue include the Town of Superior, Colorado, Code Ch. 10, art. IX (the "Superior Ordinance"), [Doc.[1] 96-1]; City of Boulder, Colorado, Rev. Code Title 5, Ch. 8 (the "Boulder Ordinance"), [Doc. 96-2]; City of Louisville, Colorado, Code Title 9, Ch. VIII (the "Louisville Ordinance," and together with the Superior and Boulder Ordinances, the "Municipal Ordinances"), [Doc. 96-3]; and Boulder County, Colorado, Ord. No. 2022-5 (the "Boulder County Ordinance," and collectively with the Municipal Ordinances, the "Ordinances"), [Doc. 96-4].

The Ordinances use materially similar definition of the term "assault weapon." The term "assault weapon" is not a technical term, but rather a political term designed to capitalize on the public's confusion over superficial similarities with highly regulated machine guns.[2] The

---

[1] Plaintiffs use the convention of [Doc. ____] and the page number assigned by the Electronic Case Files System for this District to refer to materials filed in this action

[2] Blake, Aaron, *Is it fair to call them 'assault weapons'?*, Washington Post, January 17, 2013. Available at: https://www.washingtonpost.com/blogs/the-fix/wp/2013/01/17/is-it-fair-to-call-them-assault-weapons/

Ordinances function to ban incredibly popular firearms used by millions of law abiding citizens for lawful purposes on a daily basis.

On June 30, 2026, the United States Supreme Court granted certiorari in *Viramontes v. Cook County, Illinois*, certifying the Question:

> "Whether the Second and Fourteenth Amendments guarantee the right to possess
>
> AR-15 platform and similar semiautomatic rifles."

The Supreme Court's resolution of this Question Presented will resolve nearly all issues before the Court in this case. A stay will conserve judicial and party resources, prevent potentially inconsistent rulings, and allow this Court to apply the Supreme Court's forthcoming authoritative guidance on the post-*Bruen* analysis of common semiautomatic rifle bans.

## LEGAL STANDARD

District courts possess broad inherent authority to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). When exercising this discretion, courts consider factors such as:

- The potential prejudice to the non-moving party from a stay;

- The hardship or inequity to the moving party if the stay is denied;

- The judicial resources saved by avoiding duplicative or potentially moot proceedings; and

- The public interest.

*See also Clinton v. Jones*, 520 U.S. 681, 706–08 (1997); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–19 (1976).

Courts routinely grant stays when a pending Supreme Court decision will likely resolve or significantly inform the controlling legal issue. This practice has been especially common in Second Amendment litigation following *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024).

## ARGUMENT

*Viramontes* squarely asks whether the Second Amendment protects AR-15 platform rifles and similar semiautomatic rifles. Defendants' ordinances ban precisely those arms through a features-based definition that captures the AR-15 and its variants. Both cases require application of the *Bruen* historical-tradition test to modern semiautomatic rifle restrictions. A Supreme Court decision will provide binding precedent (or at least authoritative guidance) that this Court would otherwise have to anticipate.

Proceeding to decision on summary judgment now risks:

- This Court expending significant resources on an analysis that the Supreme Court may shortly clarify or reject;

- Entry of a judgment that could be undermined, vacated, or require relitigation once *Viramontes* is decided; and

- Inconsistent results between this Court and the Supreme Court on nearly identical constitutional questions.

Staying the case until *Viramontes* is resolved (expected during the October 2026 Term, with decision likely by June 2027) avoids these inefficiencies.

Plaintiffs continue to face uncertainty regarding their fundamental Second Amendment rights and the enforceability of Defendants' ordinances. A stay imposes minimal, if any, prejudice on Defendants, which have already had the benefit of a preliminary injunction phase and extensive

briefing. Any delay is short in the context of constitutional litigation and is outweighed by the benefits of awaiting controlling precedent.

The public has a strong interest in the efficient and consistent resolution of important constitutional questions, particularly those involving the scope of the Second Amendment right to keep and bear arms. Judicial resources are best conserved by awaiting the Supreme Court's guidance rather than risking conflicting or premature rulings.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court:

- **GRANT** this Motion;

- **STAY** all further proceedings in this case, including resolution of any pending motions for summary judgment, until the Supreme Court issues its decision in *Viramontes v. Cook County*, No. 25-238, or until further order of this Court; and

- **GRANT** such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this 16th day of July, 2026.

*/s/ D. Sean Nation*
D. Sean Nation
Michael W. Melito
Melito Law
3625 Hopi Drive
Sedalia, Colorado 80135
719-205-1684
dsnation@gmail.com
melito@melitolaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

wtaylor@everytown.org,
antonio.perez@davispolk.com,
james.windels@davispolk.com,
christopher.lynch@davispolk.com,
david.toscano@davispolk.com,
hendrik.vanhemmen@davispolk.com,
jennifer.kim@davispolk.com,
torol@bouldercolorado.gov,
tatet@bouldercolorado.gov,
carey@freeandfairlitigation.org,
kevin@freeandfairlitigation.org,
martha@freeandfairlitigation.org,
dhughes@bouldercounty.org,
truhland@bouldercounty.org,
gvaughan@vaughandemuro.com

/s/ D. Sean Nation
D. Sean Nation