**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 22-cv-2680-NYW-TPO**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
BRYAN LAFONTE, and
JAMES MICHAEL JONES,

      Plaintiffs,

v.

THE TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

      Defendants.

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO STAY ALL PROCEEDINGS**

---

Defendants respectfully submit this opposition to Plaintiffs' Motion to Stay All Proceedings, dated July 16, 2026 (ECF No. 137), pending the Supreme Court's disposition of *Viramontes v. Cook County*, No. 25-238, and *Grant v. Higgins*, No. 25-566 (collectively, "*Viramontes*"). The question presented in those cases is "Whether the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles." *Viramontes v. Cook County*, --- S. Ct. ----, 2026 WL 1871322, at *1 (June 30, 2026); *see* Pet. for Writ of Cert.*, Viramontes*, No. 25-238, 2025 WL 2532572, at *i (Aug. 27, 2025).

Whether to stay this case under the current circumstances is within the authority and sound discretion of the Court. But, while Plaintiffs' motion identifies some of the relevant considerations for the Court to weigh in deciding on a stay, it overlooks several considerations that render a stay inappropriate in this case, including:

1. After substantial discovery and expert analysis, Defendants and Plaintiffs filed their original motions for summary judgment on October 20, 2023 (ECF Nos. 76, 78). On September 30, 2024, this Court denied the parties' motions without prejudice, and ordered Plaintiffs to show cause why summary judgment should not be entered in favor of Defendants for lack of subject matter jurisdiction (ECF No. 96). On July 21, 2025, this Court issued an amended order, dismissing certain claims for lack of standing and allowing the parties to file renewed motions for summary judgment (ECF 112). Defendants then filed their renewed motion for summary judgment on September 5, 2025 (ECF No. 123) and briefing on that motion was completed on October 24, 2025 (*see* ECF No. 128). Defendants' motion has been pending for nine months. Given the parties' completion of discovery on the merits in 2023 and the pendency of their motion, Defendants submit that a stay at this late stage of the case would not be appropriate.

2. In passing the Ordinances, Defendants determined that restrictions on assault weapons and large-capacity magazines ("LCMs") were in the public interest, although at the outset of the litigation in 2022 they agreed to stay enforcement of the Ordinances pending a judicial determination of their constitutionality (ECF Nos. 6, 29). Defendants did not anticipate that the case would be continuing almost four years later without such a ruling. Given the passage of time and the ongoing stay of enforcement, staying this case (including resolution of Defendants' summary judgment motion) would not serve the public interest.

3. Courts across the country are continuing to resolve challenges to restrictions on assault weapons and LCMs pending the Supreme Court's decision in *Viramontes*. In fact, in recent weeks and after the Supreme Court granted certiorari in *Viramontes*, the First,

2

Third, and Seventh Circuits issued rulings on challenges to assault weapon and LCM restrictions. *See Recchia v. Campbell*, --- F. 4th ---- , 2026 WL 2097183 (1st Cir. July 21, 2026) (assault weapons); *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. New Jersey*, --- F.4th ---- , 2026 WL 2075513 (3d Cir. July 17, 2026) (en banc) ("*ANJRPC*") (assault weapons and LCMs); *Barnett v. Raoul*, --- F.4th ---- , 2026 WL 1982951 (7th Cir. July 9, 2026) (assault weapons and LCMs). At least one court recently denied an application for a stay after the Supreme Court's certiorari grant, noting that the matter had been pending for several years. *See* Order, *Ocean State Tactical, LLC v. State of Rhode Island*, 1:22-cv-00246 (D.R.I., July 14, 2026) (LCMs) ("TEXT ORDER denying 59 Motion to Continue Stay: This matter is 4 years old the law in this area is evolving constantly. It is neither prudent nor acceptable to let this case linger longer. The parties shall meet and devise a schedule that brings this matter to final conclusion this year."). While other courts have exercised their discretion to stay cases pending the Supreme Court's decision, several of those cases are still in discovery or at other earlier procedural stages than this one.[1]

4. It is not clear that the Supreme Court's decision in *Viramontes* (expected in the summer of 2027) will dispose of the claims in this case. And if this case is stayed, Defendants will

---

[1] *See, e.g.*, Order, *Yzaguirre v. District of Columbia*, No. 1:24-cv-01828 (D.D.C. July 22, 2026), ECF No. 34 (granting consent motion to stay case challenging assault weapon law where partial motion to dismiss was pending and discovery had not yet commenced); Order, *Capen v. Campbell*, No. 1:22-cv-11431 (D. Mass. July 9, 2026), ECF No. 106 (granting joint motion to continue stay of case challenging assault weapon and LCM laws that had been stayed since January 2026, where only limited discovery had been conducted and parties had not yet engaged in dispositive motion practice). *But see* Order, *Miller v. Bonta*, No. 23-2979 (9th Cir. July 1, 2026), ECF No. 94 (vacating submission of case where challenge to assault weapon restriction had already been briefed and argued).

likely have to wait at least another year before they can receive a ruling from this Court on the constitutionality of their challenged assault weapon and LCM restrictions.

Defendants are mindful of this Court's judicial resources. Defendants submit that under the circumstances here, however—where discovery is long over, the case has been pending for several years, and summary judgment has been fully briefed—and given the public interest in a ruling on the constitutionality of the Ordinances, Plaintiffs' motion for a stay should be denied.[2]

Dated:  July 30, 2026

Respectfully submitted,

s/ Gordon L. Vaughan
*Gordon L. Vaughan*
VAUGHAN & DEMURO
6760 Corporate Drive, Suite 220
Colorado Springs, CO 80919
(719) 578-5500
gvaughan@vaughandemuro.com
*Counsel for Town of Superior and City of Louisville*

*Antonio J. Perez-Marques*
*James H.R. Windels*
*Christopher P. Lynch*
*David B. Toscano*
*Hendrik van Hemmen*
*Jennifer Kim*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4515
antonio.perez@davispolk.com

---

[2] If the Court denies Plaintiffs' stay motion and to the extent it would be helpful for the Court, Defendants are willing to submit supplemental briefs addressing cases decided since the parties completed briefing on Defendants' pending summary judgment motion, including the Supreme Court's recent decisions in *Wolford v. Lopez*, 609 U.S. ----, 2026 WL 1825723 (June 25, 2026), and *United States v. Hemani*, 146 S. Ct. 1677 (2026), and the even more recent federal appellate decisions addressing the constitutionality of assault weapon and LCM laws in *Recchia*, *ANJRPC*, and *Barnett*.

james.windels@davispolk.com
christopher.lynch@davispolk.com
david.toscano@davispolk.com
hendrik.vanhemmen@davispolk.com
james.butler@davispolk.com
jennifer.kim@davispolk.com
*Counsel for All Defendants*

*Carey R. Dunne*
*Kevin Trowel*
*Martha Reiser*
FREE AND FAIR LITIGATION GROUP
266 W. 37th Street, 20th Floor
New York, NY 10018
(917) 499-2279
carey@freeandfairlitigation.org
kevin@freeandfairlitigation.org
martha@freeandfairlitigation.org
*Counsel for All Defendants*

*William Taylor*
EVERYTOWN LAW
450 Lexington Avenue
P.O. Box 4184
New York, NY 10163
(646) 324-8215
wtaylor@everytown.org
*Counsel for All Defendants*

*Luis A. Toro*
*Teresa T. Tate*
BOULDER CITY ATTORNEY'S OFFICE
P.O. Box 791
1777 Broadway
Boulder, CO 80306
(303) 441-3020
torol@bouldercolorado.gov
tatet@bouldercolorado.gov
*Counsel for the City of Boulder*

*David Evan Hughes*
*Catherine R. Ruhland*
BOULDER COUNTY ATTORNEY'S
OFFICE
P.O. Box 471
Boulder, CO 80306

5

6

(303) 441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org
*Counsel for the Board of County*
*Commissioners of Boulder County*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2026, I served a true and complete copy of the foregoing

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY ALL PROCEEDINGS

upon all parties herein by e-filing with the CM/ECF system maintained by the Court, which will

send notification of such filing to the parties of record.

Dated: July 30, 2026

Respectively submitted,

s/ Gordon L. Vaughan
*Gordon L. Vaughan*
VAUGHAN & DEMURO
6760 Corporate Drive, Suite 220
Colorado Springs, CO 80919
(719) 578-5500
gvaughan@vaughandemuro.com
*Counsel for Town of Superior and City of Louisville*

7