**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-02680-NYW-TPO

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
BRYAN LAFONTE, and
JAMES MICHAEL JONES,

Plaintiffs,

v.

TOWN OF SUPERIOR,
CITY OF LOUISVILLE, COLORADO,
CITY OF BOULDER, COLORADO, and
BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

Defendants.

---

**MINUTE ORDER**

---

Entered by Judge Nina Y. Wang

This matter is before the Court on Plaintiffs' Opposed Motion to Stay Proceedings. [Doc. 137]. The Motion is fully briefed. [Doc. 138; Doc. 139]. For the following reasons, the Motion to Stay is respectfully **GRANTED**.

The power to stay proceedings is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). As both Parties note, the Court has discretion whether to grant a stay. *Id.*; *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963).

Plaintiffs urge this Court to stay the case "in light of the Supreme Court's recent certiorari grant in *Viramontes v. Cook County*." [Doc. 137 at 1]. The Supreme Court granted certiorari on the question of "[w]hether the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles." *Viramontes v. Cook Cnty.*, --- S. Ct. ----, 2026 WL 1871322, at *1 (June 30, 2026); Pet. for Writ of Cert., *Viramontes*, No. 25-238, at *i (Aug. 27, 2025). Plaintiffs argue that the resolution of *Viramontes* "will determine all or nearly all of the issues before this Court," [Doc. 139 at 2], and at minimum "is likely to substantially impact the issues presented in this action," [Doc. 137 at 1]. They also contend that "the balance of the public interest favors keeping the current status quo," because it "allows citizens to be certain that their

rights are not being violated" while the Supreme Court decides whether ordinances like the ones challenged here are constitutional or not. [Doc. 139 at 2].

Defendants respond that Plaintiffs overlook multiple considerations that render a stay inappropriate in this case, including that this case has been pending for over three years, local governments have determined that the ordinances at issue here are in the public interest, and it is not even clear whether the *Viramontes* decision will dispose of all the claims in this case. [Doc. 138 at 1–2].

The Court agrees that all the considerations identified by Defendants are important and present here. This case has been pending since 2022 and summary judgment has been fully briefed since late 2025. Defendants stayed enforcement of their Ordinances nearly four years ago and, understandably, want a resolution so that they can make informed governance decisions. The Court also appreciates that the issues in this case do not align perfectly with the question presented in *Viramontes*. For instance, while some of the ordinances here prohibit any possession of semiautomatic rifles, Boulder County's Ordinance does not necessarily do so. [Doc. 96-4 at 6]. The Ordinances also ban the sale and purchase of semiautomatic rifles and the possession of large-capacity magazines, neither of which is squarely before the Supreme Court. *See* [Doc. 96-1 (Town of Superior ordinance); Doc. 96-2 (City of Boulder ordinance); Doc. 96-3 (City of Louisville ordinance)]. In addition, each of the Ordinances have nuances that may not be fully addressed by the Supreme Court's decision in *Viramontes.*

Even so, the Court finds that the considerations favoring a stay outweigh these concerns. This case presents significant constitutional questions involving fundamental rights that will determine how local governments may regulate firearms deemed "assault weapons." The Supreme Court's decision in *Viramontes* will resolve a substantial portion of these questions—and likely inform many of the others. And there is no dispute that the *Viramontes* decision will be binding on this Court. Defendants', and their residents', interest in finality will not be served by the Court issuing a decision on the merits now. Indeed, issuing a decision now invites an inevitable appeal before the Tenth Circuit—regardless of which side prevails—that will not be resolved before *Viramontes*. It is simply not prudent nor efficient for the Court to resolve this case under these circumstances. Fed. R. Civ. P. 1.

For these reasons, **IT IS ORDERED** that:

(1) Plaintiffs' Opposed Motion to Stay Proceedings [Doc. 137] is **GRANTED**;

(2) The Parties shall **FILE** a Joint Status Report within 30 days of the Supreme Court's decision in *Viramontes v. Cook County*, No. 25-238; and

(3) The Clerk of Court is **DIRECTED** to administratively close this case, subject to reopening for good cause under D.C.COLO.LCivR 41.2.

DATED: August 28, 2026